IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN FUTURE SYSTEMS, INC., et al.,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br>NO. 20-2266 |

**OPINION**

**Slomsky, J.**                                                                                                                     **January 20, 2021**

## I.     INTRODUCTION

Before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint. (Doc. No. 20.)  In the First Amended Complaint ("FAC"), Plaintiff seeks to add to this action the Commonwealth of Pennsylvania as a co-Plaintiff, and four additional claims by the Commonwealth against Defendants under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  (See id. at 1.)  Defendants oppose the Motion. (Doc. No. 22.)  On December 1, 2020, the Court held a telephone conference with counsel for the parties, during which they presented arguments in support of their respective positions.  (Doc. No. 40.)  For reasons that follow, the Court will grant Plaintiff's Motion (Doc. No. 20).

## II.    BACKGROUND

On May 13, 2020, the Federal Trade Commission ("Plaintiff") filed this action against American Future Systems, Inc. ("AFS"), Progressive Business Publications of New Jersey, Inc. ("PBPNJ"), and Edward M. Satell (collectively the "AFS Defendants").  (See Doc. No. 1 at 2-3.)  Defendant Edward M. Satell is "the Chief Executive Officer and sole owner" of AFS, a

1

Pennsylvania corporation, and PBPNJ, a New Jersey corporation. (Id. at 3; see also Doc. Nos. 1 at 2-3; 19 at 7.) Also sued were International Credit Recovery, Inc. ("ICR"), Richard Diorio, Jr., and Cynthia Powell (collectively the "ICR Defendants"). (See Doc. No. 1 at 3-4.)

The Complaint (Doc. No. 1) alleges Defendants violated Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a), and the Unordered Merchandise Statute ("UMS"), 39 U.S.C. § 3009, through "deceptive telemarketing of publication subscriptions and the collection of the purported debts owed." (Doc. No. 20-1 at 1; see also Doc. No. 1 at 1-2.) It is undisputed that the Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345. (See Doc. Nos. 1 at 2; 19 at 7.)[1]

Section 5(a) of the FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce[.]" 15 U.S.C. § 45(a)(1). "Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC[A] . . . ." (Doc. No. 1 at 14.) The UMS prohibits "the mailing of unordered merchandise[,]" "a bill for such merchandise[,] or any dunning communications." 39 U.S.C. § 3009(a), (c). A violation of the UMS "constitutes . . . an unfair trade practice in violation of" Section 5(a) of the FTCA. § 3009(a).

In the Complaint, Plaintiff alleges that "[s]ince at least 2014," AFS Defendants have marketed and sold professional and academic publications to "organizations nationwide, including businesses, schools, fire and police departments, and nonprofits[.]" (Doc. No. 1 at 5.) Admittedly, "AFS engages in strictly business-to-business sales, selling publications developed for and directed to other businesses." (Doc. No. 19 at 8.) In doing so, "AFS markets these publications

---

[1] On July 13, 2020, the AFS Defendants filed their Answer and Affirmative Defenses to the Complaint (Doc. No. 19). The ICR Defendants have not yet filed a responsive pleading because Plaintiff "agreed to an extension of time" for the ICR Defendants to respond to the Complaint or the FAC, if leave to file the latter is granted. (Doc. No. 24 at 2 n.1.)

from two separate entities, Progressive Business Publications ('PBP') and Center for Education & Employment Law ('CEEL')." (Id.) Plaintiff alleges that AFS Defendants "typically charge several hundred dollars" for an annual subscription to the publications and they use "ICR [as] the collection agency for unpaid accounts relating to PBP publications[.]" (Doc. No. 1 at 5, 8.)

Plaintiff claims that while pursuing these business activities, Defendants "misrepresent[ed] that offers of publications were free with no risk, fail[ed] to disclose material terms of the offers, [made] false or unsubstantiated representations in order to induce payment of those subscriptions, and sen[t] unordered merchandise to consumers," in violation of the FTCA, 15 U.S.C. § 45(a), and the UMS, 39 U.S.C. § 3009. (Doc. No. 20-1 at 1-2; see also Doc. No. 1 at 13-16.)

On July 23, 2020, Plaintiff filed the instant Motion for Leave to File a First Amended Complaint. (Doc. No. 20.) Along with the Motion, Plaintiff submitted a proposed FAC (Doc. No. 20-3) in which "[n]o new facts are added" to the original Complaint. (Doc. No. 20 at 1.) Instead, Plaintiff only seeks leave to amend its original Complaint for the purpose of "add[ing] the Commonwealth of Pennsylvania," by the Office of the Attorney General ("OAG" or "Commonwealth"),[2] as a co-Plaintiff, and "alleging four additional counts asserting claims under Pennsylvania state law that arise from the same facts set forth in the original Complaint[.]" (Id.) With regard to the four proposed claims, which are to be asserted by the Commonwealth under the UTPCPL, 73 P.S. § 201-3, Plaintiff avers:

> Proposed Count V alleges that the AFS Defendants misrepresented that consumers would receive publications free with no risk, similar to the FTC's Count I in the Complaint. Proposed Count VI alleges that the AFS Defendants did not disclose to consumers material terms and conditions of the offer of publications, similar to the FTC's Count II. Proposed Count VII alleges that the ICR Defendants misrepresented to consumers that debts to AFS were valid, similar to the FTC's

---

[2] Section 201-4 of the UTPCPL empowers the OAG to "bring an action in the name of the Commonwealth" to enjoin unlawful acts and practices of "any person" where "proceedings would be in the public interest[.]" 73 P.S. § 201-4; see also § 201-3.

3

>Count III. Proposed Count VIII alleges that the AFS Defendants violated the UTPCPL by invoicing for publications that recipients were permitted to treat as gifts pursuant to the Unordered Merchandise Statute and by misrepresenting the legality of the AFS Defendants' business practices.

(Doc. No. 20-1 at 2.)

In the Motion, Plaintiff argues that the Court should grant it leave to file the FAC because Federal Rules of Civil Procedure 15 and 21 permit adding the OAG as a party to this action, and because the Court has supplemental jurisdiction over the state law claims. (See id. at 3-5.) Furthermore, Plaintiff represents that it has conferred with personnel in the OAG's office and they concur with adding the Commonwealth as an additional plaintiff to assert the four claims under the UTPCPL.

On August 6, 2020, AFS Defendants filed a Response in Opposition to Plaintiff's Motion. (Doc. No. 22.) In their Response, AFS Defendants argue that the Motion should be denied because the Court does not have jurisdiction over the "purely state law claims" and permitting the Amendment would be "meritless and futile" because the UTPCPL does not apply to Defendants' alleged conduct. (Id. at 2.)[3]

### III.   STANDARD OF REVIEW

In support of its Motion, Plaintiff cites Rules 15(a) and 21 of the Federal Rules of Civil Procedure. (See Doc. No. 20-1 at 1, 3.) "Rule 15(a) and Rule 21 employ the same standard for determining whether leave should be granted." Jackson v. Rohm & Haas Co., No. 05-4988, 2006 WL 3761981, at *1 (E.D. Pa. Dec. 19, 2006) (citing Gibbs v. Titelman, 369 F. Supp. 38, 53 n.25 (E.D. Pa. 1973), rev'd on other grounds, 502 F.2d 1107 (3d Cir. 1974), cert. denied, 419 U.S. 1039 (1974)).

---

[3] In their Response to the Motion for Leave to File a FAC, AFS Defendants do not contend that Plaintiff engaged in undue delay or bad faith, or they would be prejudiced. (See Doc. Nos. 22, 38.)

4

Under Rule 15(a), "a party [may] amend a complaint upon leave of court[.]" Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006) (citing Fed. R. Civ. P. 15(a)).  Leave to amend "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).[4]  Under Rule 21, a court, "[o]n motion or on its own, . . . may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

"Under both rules, leave will be granted unless the interests of justice do not favor amendment, and '[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.'" Jackson, 2006 WL 3761981, at *1 (alteration in original) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)); see also Wolfson v. Lewis, 168 F.R.D. 530, 533 (E.D. Pa. 1996) (citations omitted) ("The court, in its discretion, shall freely grant such requests when justice so requires.").

In exercising its discretion to grant or deny leave to amend, a district court "should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits." 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 15.14 (3d ed. 2010) (footnotes omitted); see also Marlee Elecs. Corp. v. Eclectic Techs. Corp., No. 90-5536, 1993 WL 30081, at *18 (E.D. Pa. Feb. 5, 1993) (citations and internal quotations omitted) ("The purpose of Rule 15(a) is to afford litigants the opportunity to resolve their claims on the merits rather than have the pleadings stage of litigation become a mere exercise in technical proficiency.").

---

[4]  Rule 15(a) motions to amend "may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action." Tech. Based Solutions, Inc. v. Elecs. College Inc., 168 F. Supp. 2d 375, 382 (E.D. Pa. 2001) (citation omitted).

IV.     ANALYSIS

Plaintiff's Motion for Leave to file the FAC will be granted, the Commonwealth of Pennsylvania, through the OAG, will be made a co-Plaintiff to this action, and the four state law claims may be brought by the Commonwealth in the FAC.

### A.     The Court Has Supplemental Jurisdiction Over the Proposed UTPCPL Claims

As a threshold matter, the Court may properly exercise supplemental jurisdiction over the OAG's proposed UTPCPL claims. Plaintiff asserts that the Court has supplemental jurisdiction over the state law claims because they "arise from the same facts set forth in the original Complaint" and involve "the same business practices that will be established by the same facts as . . . [Plaintiff's] federal claims." (Doc. Nos. 20 at 1; 20-1 at 5.) Plaintiff further argues that "[s]upplemental jurisdiction is appropriate even if the only claims involving a party are state law claims." (Doc. No. 20-1 at 4); see also Villarreal v. JP Morgan Chase Bank, N.A., 720 F. Supp. 2d 806, 809 (S.D. Tex. 2010); FTC v. Click4Support, LLC, No. 15-5777, 2015 U.S. Dist. LEXIS 153945, at *2-3 (E.D. Pa. Nov. 10, 2015). In response, AFS Defendants argue the Court lacks jurisdiction over the OAG's "purely state law claims" and that Plaintiff and the OAG are colluding to obtain federal jurisdiction over these claims, in violation of 28 U.S.C. § 1359. (Doc. No. 22 at 4-5.) In support of this allegation, AFS Defendants contend that Plaintiff "is not asserting or seeking to join in the assertion of additional claims[,] [r]ather, . . . [Plaintiff] is seeking leave to bring in a third party, [the] OAG, so that the OAG can, on its own, assert purely state law claims that [it] could not have brought in federal court." (Doc. No. 38 at 1-2; see also Doc. No. 22 at 4-5.)

Under 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

6

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). For a court to exercise supplemental jurisdiction,

> (1) [t]he federal claims must have substance sufficient to confer subject matter jurisdiction; (2) [t]he state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims [must be] such that [s/]he would ordinarily be expected to try them all in one judicial proceeding."

Poole v. Marks, 441 F. App'x 854, 858 (3d Cir. 2011) (quoting Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 275 (3d Cir. 2001)). The purpose of § 1367(a) is to "promote[] 'judicial economy, convenience and fairness to litigants.'" De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003) (citation omitted).

First, for the Court to exercise supplemental jurisdiction, Plaintiff's federal claims "must have substance sufficient to confer subject matter jurisdiction on the court." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 302 (3d Cir. 1998) (citation omitted). It is undisputed here that the Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345. (See Doc. Nos. 1 at 2; 19 at 7; see also Doc. Nos. 23 at 2; 38 at 1.) In the Complaint, Plaintiff alleges federal claims in violation of the FTCA, 15 U.S.C. § 45(a), and the UMS, 39 U.S.C. § 3009, through "deceptive telemarketing of publication subscriptions and the collection of the purported debts owed." (Doc. No. 20-1 at 1; see also Doc. No. 1 at 1-2.)

Second, the federal and state claims "must derive from a common nucleus of operative fact . . . such that [Plaintiff] would ordinarily be expected to try them all in one judicial proceeding[.]" Prudential Ins. Co., 148 F.3d at 302 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). In Lyon v. Whisman, the Third Circuit Court of Appeals held that "when the same acts violate parallel federal and state laws, the common nucleus of operative facts is

7

obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims." 45 F.3d 758, 761 (3d Cir. 1995) (citation omitted).

In the instant case, Plaintiff alleges that the same acts committed by Defendants violate Section 5(a) of the FTCA and Section 3 of the UTPCPL.  (See Doc. Nos. 20 at 1; 20-1 at 5.) Pennsylvania courts have held that Section 5 of the FTCA, 15 U.S.C. § 45(a), and Section 3 of the UTPCPL, 73 P.S. § 201-3, are "virtually identical."  Pirozzi v. Penske Olds-Cadillac-GMC, Inc., 605 A.2d 373, 376 (Pa. Super. Ct. 1992); see also Commonwealth v. Monumental Props., Inc., 329 A.2d 812, 818 (Pa. 1974).  Section 5 of the FTCA provides: "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. § 45(a)(1).  Section 3 of the UTPCPL similarly dictates: "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . are hereby declared unlawful."  73 P.S. § 201-3(a).  The Pennsylvania Supreme Court has "held that the UTPCPL is to be liberally construed in order to effect its purpose . . . [and] [PA] courts may turn to decisions under the Federal Trade Commission Act (FTCA) for aid in interpreting the UTPCPL, as our UTPCPL has been modeled after the FTCA." Pirozzi, 605 A.2d at 376 (footnote omitted) (citing Monumental Props., Inc., 329 A.2d at 816-17).

Here, the OAG's state claims will involve "the same business practices" underlying Plaintiff's federal claims.  (Doc. No. 20-1 at 5.)  Thus, Plaintiff alleges the same acts committed by Defendants violate the "virtually identical" provisions of the FTCA, 15 U.S.C. § 45(a)(1), and UTPCPL, 73 P.S. § 201-3(a).  (See id.)  Because these "same acts" allegedly violate "parallel federal and state laws, the common nucleus of operative facts is obvious" and the Court may properly exercise supplemental jurisdiction over the OAG's proposed UTPCPL claims.  Lyon, 45 F.3d at 761.

This result is not changed by AFS Defendants' claim of collusive joinder. They rely on 28 U.S.C. § 1359, which provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." § 1359. It is well-settled that § 1359 "proscribes improper or collusive conduct 'to invoke' diversity jurisdiction[.]" McSparren v. Weist, 402 F.2d 867, 875 (3d Cir. 1968) (emphasis added), cert. denied, sub nom. Fritzinger v. Weist, 395 U.S. 903 (1969); see also Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110 (3d Cir. 1990). Because the instant litigation is properly before this Court pursuant to federal question jurisdiction under § 1331, and two other federal statutes, §§ 1337(a), 1345, rather than based on diversity of citizenship jurisdiction, AFS Defendants' allegation of collusive joinder is immaterial and need not be addressed further. In any event, for reasons discussed infra, it would be proper to join the Commonwealth as a plaintiff.

Thus, because the same acts committed by Defendants allegedly violate the "parallel" provisions of the FTCA and UTPCPL, the Court has supplemental jurisdiction over the OAG's proposed state law claims. See Lyon, 45 F.3d at 761. Moreover, the "values of judicial economy, convenience, fairness, and comity" would be best served by granting Plaintiff leave to file the FAC. Combs v. Homer-Center School Dist., 540 F.3d 231, 253-54 (3d Cir. 2008) (citations and internal quotations omitted).

### B. The Commonwealth May be Added as a Co-Plaintiff to this Action Under Rules 15(a) and 21, Fed. R. Civ. P.

The Commonwealth may be added as a co-Plaintiff to this action under Rules 15(a) and 21, Fed. R. Civ. P. It would be just to add the Commonwealth because it is the proper party to assert the four claims under the UTPCPL. See 73 P.S. § 201-4. Moreover, as noted above, Section 201-4 of the UTPCPL empowers the OAG to "bring an action in the name of the Commonwealth"

to enjoin unlawful acts and practices of "any person" where "proceedings would be in the public interest." § 201-4; see also § 201-3. Thus, leave will be granted to add the Commonwealth as a Plaintiff.[5]

### C. The Court Will Defer Ruling on Whether the UTPCPL Claims are Futile

Defendants argue that the Court should not permit Plaintiff to file the FAC because the supplemental UTPCPL claims are without merit. (See Doc. No. 22 at 4.) They assert that these claims are futile because the UTPCPL only covers transactions involving individual consumers and not business-to-business transactions. (See id. at 9.) Because it is undisputed that the conduct alleged in both the original Complaint and the FAC involves business-to-business transactions between AFS Defendants and "organizations nationwide," (Doc. Nos. 1 at 5; 20-3 at 5), Defendant contends the UTPCPL claims would be "meritless and futile." (Doc. No. 22 at 4; see also Doc. Nos. 19 at 8; 22 at 9.)

Plaintiff argues to the contrary, submitting that the FAC is not futile because the UTPCPL covers business-to-business sales like those at issue. (See Doc. No. 23 at 3.) Alternatively, Plaintiff avers that the Court should defer ruling on whether the UTPCPL applies to the facts of this case because "it would be more appropriately considered . . . upon a fully-briefed motion to dismiss with the Pennsylvania Attorney General having had the opportunity to present argument . . . on its own authority." (Id. at 5.)

Although "[l]eave to amend may be denied . . . if amendment would be futile[]" for "failure to state a claim upon which relief could be granted[,]" the Court will defer ruling upon the scope of coverage of the UTPCPL at this point in the case. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.

---

[5] It should be noted again that only the Commonwealth will be asserting UTPCPL claims against Defendants in the FAC.

2000) (citation omitted); see also Jones v. Delaware Health, 709 F. App'x 163, 164 n.4 (3d Cir. 2018) (citation and internal quotations omitted).  Since the Commonwealth is being added as a party, they should be the one to litigate the scope of coverage of the UTPCPL.

In 2016, the Third Circuit stated in language generally applicable here:

> Generally, Rule 15 motions should be granted. In Foman v. Davis, the Supreme Court held that the fundamental purpose of Rule 15 is to allow a plaintiff "an opportunity to test his claim on the merits," and although "the grant or denial of an opportunity to amend is within the discretion of the District Court," that discretion is abused if it is exercised without giving the plaintiff sufficient opportunity to make her case.

United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 & n.21 (3d Cir. 2016) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

All Defendants have represented their intention to file a Rule 12(b)(6) motion to dismiss the FAC, especially the UTPCPL claims.  The PA OAG would then have the opportunity to defend the scope of coverage of the UTPCPL.  At that point, it would be more appropriate for the Court to rule on the coverage issue.

V. **CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. No. 20).  An appropriate Order follows.