**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN FUTURE SYSTEMS, INC., *et al.*,<br><br>*Defendants*. | : | Civil Action No. 2:20-cv-02266 |

**AFS DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMMONWEALTH OF PENNSYLVANIA AND ITS CLAIMS AGAINST AFS FROM THE AMENDED COMPLAINT**

Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc., and Edward M. Satell (collectively referred to herein as "AFS" or "AFS Defendants"), by their undersigned counsel, submit this Reply to Plaintiffs' – the Federal Trade Commission ("FTC") and the Commonwealth of Pennsylvania ("PA OAG") – Joint Memorandum in Opposition to Defendants' Motions to Dismiss the First Amended Complaint (the "Opposition").

## I. INTRODUCTION

The first two untitled paragraphs of the Opposition read like an impassioned plea made to a jury during closing argument, containing conclusory and unsupportable allegations aimed at distracting this Court from the singular issue raised by AFS's Motion: whether the PA OAG's new allegations under Pennsylvania Law (which are the only changes to the original Complaint added by the Amendment) state a claim upon which relief can be granted against AFS, which they do not.

Plaintiffs have chosen to write one joint Opposition in response to both the AFS Defendants' and the ICR Defendants' separate and very different Motions to Dismiss. That tactic is designed to conflate and confuse the issues, and distort the AFS Defendants' position. Nevertheless, three things are quite clear:

1. Plaintiffs' "closing argument" type opening statement might have been appropriate had they been summarizing evidence which had been presented. However, Plaintiffs have failed to present any factual evidence of a "relentless mass deception-based scheme." *See* Opposition, at pg.1. Instead, Plaintiffs prefer to present in their opposition – as in their original and amended Complaints -- only repeated, conclusory assertions, which are duplicitous and misleading to the public and to this Court. They are also intentionally highly damaging to the business and reputation of AFS and its owner and Chief Executive Officer, Defendant Edward M. Satell. Restating these assertions over and over, does not make them true.

2. By contrast, AFS has provided – during both the FTC and separate PA OAG investigations, and in discovery herein – convincing factual evidence to refute Plaintiffs' unsupported claims, including the sworn testimony from its founder, sole owner, and 31-year Chief Executive Officer ("CEO") of AFS, Defendant Edward M. Satell.[1]

[1] On February 19, 2021, Defendant Edward M. Satell provided deposition testimony pursuant to Rule 27 of the Federal Rules of Civil Procedure, due to concerns surrounding his age, mobility issues, and health which called into question his availability for trial on or after January 24, 2022, as per the Court's Scheduling Order. A true and correct copy of the Satell deposition transcript is submitted herewith as Exhibit "A."

3. The truth remains, despite the Plaintiffs' emotional appeals to this Court, that the PA OAG has failed to state a claim upon which relief can be granted against AFS, and therefore, it and its Counts V, VI, and VIII of the Amended Complaint should be dismissed with prejudice. After such dismissal, the original parties can proceed to a resolution of the issues raised by the original Complaint and Answers thereto, without the needless delay, distraction, time, and expense created by an additional party and its irrelevant state law claims (which the PA OAG could have raised in the Pennsylvania courts if it had thought they had any merit, after concluding its own lengthy investigation, with which AFS fully cooperated).

## II. ARGUMENT

### A. Plaintiffs Attempt To Deliberately Confuse The Defendants' Positions In An Effort to Mask The Glaring Inapplicability Of The PA OAG's Claims Brought Under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

Throughout their Opposition, Plaintiffs deliberately confuse the parties' positions, in sincerely claiming to be unable to comprehend which Counts AFS is addressing in its Motion to Dismiss. Clearly, AFS did not move to dismiss, nor withdraw its Answer to, the original Complaint filed by the FTC. AFS's Motion to Dismiss clearly states which Counts it is addressing: "Counts V, VI, and VIII of the Amended Complaint Should Be Dismissed For Failure to State A Claim Upon Which Relief Can Be Granted Because the Commonwealth's Purely State Law Claims Do Not Apply To The Business-To-Business Sales Conducted By AFS." *See* AFS's Motion to Dismiss, at pg. 6 (emphasis added). Plaintiffs practice a strategy of confusion and avoidance to mislead the public and news coverage of this case, but cannot avoid the central issue and the legally compelled conclusion that, because AFS limits its sales to business entities (whether for profit or non-profit), and not to "consumers," the statute under

which the PA OAG brings its claims, the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), is not applicable. Thus, the PA OAG's claims fail as a matter of law.

The FTC, tellingly, was the moving party to the motion to join the PA OAG, not the PA OAG; and now, joins in writing the Opposition as though AFS's Motion to Dismiss, if granted, would dismiss the entire case, rather than the purely inapplicable state law claims brought by the PA OAG. Indeed, the fact that the FTC moved to join the PA OAG to this case, and now joins in writing the Opposition in the same overstated style as its original Complaint, tends to suggest that the FTC persuaded the Attorney General to join this action, despite the fact that its own Bureau of Consumer Protection had (like almost every other Attorney General who has investigated AFS's business throughout its 31-year history) ended its own investigation of AFS with no further action taken or recommended. *See* Exhibit "A," at pgs. 67, 69-71.

To avoid repetition, AFS will not burden this Court in addressing the futile arguments made by the FTC about Counts I, II, and IV. *See* Opposition, at pg. 5-9.

**B. Despite The Plaintiffs' Attempts At Rewriting AFS's Business Model to Fit The PA OAG's Claims, AFS Engages In Strictly Business To Business Sales, Not Consumer Transactions Regulated Under The UTPCPL.**

Plaintiffs attempt to persuade the Court to overlook settled case law and established statutory definitions which irrefutably preclude the PA OAG's claims under the UTPCPL. There is a simple dichotomy in Pennsylvania law between sales to "consumers" and sales to "business." Yet, in order to blur that clear and simple distinction, Plaintiffs hypocritically ask the Court "[f]or the sake of simplicity, the Court should read [both the AFS and ICR] Defendants' use of the term 'businesses' throughout their presentations in the sense of any organization, anywhere, of any type, and of any level of sophistication." *See* Opposition, at pg. 5

(emphasis added). Plaintiffs cannot, and should not be permitted to, retroactively and unilaterally rewrite AFS's business model in order to justify the PA OAG to proceed on claims for which it has no legal or factual basis.[2] AFS's business model has never wavered. AFS engages in strictly business to business sales, not "consumer" transactions like those regulated under the UTPCPL. *See* Exhibit "A," at pg. 32-35.

AFS does not dispute the Pennsylvania Bureau of Consumer Protection's authority to investigate practices declared unlawful under Pennsylvania law, including the UTPCPL. However, Plaintiffs attempt to intertwine that authority with the PA OAG's ability to bring claims against AFS under the UTPCPL, is deceptive. Moreover, the Opposition urges the Court to take an improperly liberal reading of the statute through a patchwork compilation of administrative notes, case law, and cherry-picked dictionary excerpts. Despite the Opposition's assertions otherwise, it is in fact the Plaintiffs who are practicing deception, by attempting to persuade this Court to "a rewriting of the statute" which "would contradict its plain language and settled Pennsylvania law." *See* Opposition, at pg. 10.

Remarkably, Plaintiffs counter Defendants' arguments surrounding the clearly stated definition of "consumer" – which does not include business to business sales such as those engaged in by AFS, by arguing that "the word 'consumer' does not actually appear in [the relevant portions of the UTPCPL]." *See* Opposition, at pg. 13. Of course, that argument ignores the very title of the statute under which it brings its claims – the Pennsylvania Unfair Trade Practices and <u>Consumer</u> Protection Law.

---

2 The PA OAG fills its list of alleged violations with every conceivable form of wrongdoing, such as offering phony "prizes" or "gifts", notwithstanding they have nothing to do with AFS' actual business practices. *See* Exhibit "A," at pg. 102.

Many more such examples of the FTC's deceptive prosecution of AFS will emerge as this case moves forward.[3] See for example the persistent refusal during and after the FTC's lengthy investigation of AFS, to provide any examples to identify any subscriber whose complaints were the basis of the FTC's accusations, so that AFS could access the true facts involving that subscriber. *See* Exhibit "A" pgs. 65-66. Indeed, it will be clear that AFS takes extraordinary measures to avoid any perceived deception of its customers (*See* Exhibit "A," at pg. 25) and the only deception in this case has come from the FTC. Even if the PA OAG's claims were permitted as a matter of law – which they are not – the PA OAG's claims are meritless, which the PA OAG realized when it dropped its investigation into AFS in 2017. *See* Exhibit "A," at pgs. 67-70.

It should also be noted that Defendant Satell testified that there is a clear understanding in the publication industry of the distinction between business-to-business sales and sales to

---

[3] Once this Court is permitted to hear the extraordinary steps AFS takes to prevent any claim of deception or misunderstanding in its interactions during its business to business sales (*See* Exhibit "A," at pg. 25 and AFS's Quality Control Overview, introduced into evidence at Defendant Edward M. Satell's February 19, 2021 deposition, attached hereto as Exhibit "B) and that Mr. Satell's entire life's work is devoted to corporate social responsibility and helping the less fortunate, (*See* Defendant Edward M. Satell's Biography introduced into evidence at Defendant Edward M. Satell's February 19, 2021 deposition, attached hereto as Exhibit "C"), AFS will be afforded the opportunity to invoke the constitutional doctrine of <u>Commercial Free Speech</u> set forth by the United States Supreme Court, requiring "strict scrutiny" of the limitations on commercial free speech which FTC seek to impose on AFS by its demands for injunctive relief. *See, e.g.*, *Friedman v. Rogers*, 440 U.S. 1, 9 (1979) (Society and consumers both have a strong interest "in the free flow of commercial information."); *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 561, 100 S. Ct. 2343, 2349 (1980) (defining commercial speech as "expression related solely to the economic interests of the speaker and its audience."); *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 358, 129 S. Ct. 1093, 1098 (2009) ("Restrictions on speech based on its content are 'presumptively invalid' and subject to strict scrutiny."). *See also* Davenport v. Wash. Educ. Ass'n, 551 U.S. 177, 188, 127 S. Ct. 2372, 168 L. Ed. 2d 71 (2007); R. A. V. v. St. Paul, 505 U.S. 377, 382, 112 S. Ct. 2538, 120 L. Ed. 2d 305 (1992).

individuals for personal or household use; and, further, that the fact that all publishing companies experience thousands of complaints proves nothing – there is no correlation between the number of such complaints and either the accuracy of the complaints or whether the complaints are evidence of deception on the part of the sellers. *See* Exhibit "A," at pg. 78-79 and 98-99.

## III. CONCLUSION

For the reasons stated above and in its Motion to Dismiss, Defendants American Future Systems, Inc., Progressives Business Publications of New Jersey, Inc., and Edward M. Satell, respectfully urge this Court to dismiss with prejudice, the Commonwealth of Pennsylvania and its allegations under state law from this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted,

**WHITE AND WILLIAMS, LLP**

*/s/ David H. Marion*
David H. Marion, Esquire
Morgan S. Birch, Esquire
PA ID Nos. 3590; 319358
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-7000
Fax: (215) 789-7517
*mariond@whiteandwilliams.com*
*birchm@whiteandwilliams.com*

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Mark S. Stewart*
Mark S. Stewart, Esquire
Casey Coyle, Esquire
PA ID Nos. 75958; 307712
213 Market Street, 8th Floor
Harrisburg, PA 17101
Tel: (717) 237-7192
Fax: (717) 237-6019
*mstewart@eckertseamans.com*
*ccoyle@eckertseamans.com*

*Attorneys for Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc., and Edward M. Satell*

Dated: March 11, 2021

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of March, 2021, a true and correct copy of the foregoing was served via electronic filing upon the following:

Christian M. Capece
Derek E. Diaz
Harris A. Senturia
Jonathan L. Kessler
Nicole J. Guinto
Amy C. Hocevar
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, OH 44114

*Attorneys for Plaintiff Federal Trade Commission*

John Abel
Sarah Frasch
Pennsylvania Office of Attorney General
Bureau of Consumer Protection
15th Floor, Strawberry Square
Harrisburg, PA 17120

*Attorneys for Plaintiff Commonwealth of Pennsylvania*

Stephen M. Hladick
Pamela L. Cunningham
Hladik, Onorato & Federman, LLP
298 Wissahickon Avenue
North Wales, PA 19454

*Attorneys for Defendants International Credit Recovery, Inc., Richard Diorio, Jr., and Cynthia Powell*

*/s/ David H. Marion*
David H. Marion