UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION, *et al.,*

Plaintiffs,

v.

AMERICAN FUTURE SYSTEMS, INC., *et al.,*

Defendants.

Case No. 2:20-cv-02266

Judge Joel H. Slomsky

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT AFS'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................1

II. BACKGROUND ....................................................................................2

III. LEGAL STANDARD....................................................................................4

IV. UNLESS THERE IS A CHANGE IN LAW, THE FTC CANNOT OBTAIN EQUITABLE MONETARY RELIEF IN THIS ACTION...............................6

V. *AMG* REAFFIRMS THAT THE FTC MAY SEEK, AND THE COURT MAY ORDER, PERMANENT INJUNCTIVE RELIEF UNDER SECTION 13(B) ....................................................................................8

VI. THE ALLEGATIONS OF THE FAC SUPPORT INJUNCTIVE RELIEF ....12

A. The FAC Alleges That The AFS Defendants Are Violating Or Are About To Violate Laws The FTC Enforces. ........................................................12

B. The FAC Alleges Relevant Past Conduct. ................................................13

VII. THE AFS DEFENDANTS' ALTERNATIVE SECTION 13(B) THEORY PROVIDES NO BASIS FOR JUDGMENT ON THE PLEADINGS............15

VIII. THE COURT HAS ALREADY DECIDED THE QUESTION OF SUPPLEMENTAL JURISDICTION AND THERE IS NO BASIS FOR RECONSIDERATION....................................................................................17

IX. CONCLUSION....................................................................................18

## TABLE OF AUTHORITIES

### Cases

*AMG Capital Mgmt. v. FTC,* 141 S. Ct. 1341 (2021) ............................................. *passim*

*DiCarlo v. St. Mary Hosp.*, 530 F.3d 255 (3d Cir. 2008) ............................................. 4-5

*Elgert v. Siemens Indus., Inc.*, No. 17-1985, 2019 U.S. Dist. LEXIS 143066 (E.D. Pa. Aug. 21, 2019)...........................................................................................17

*FTC v. AbbVie, Inc.*, 976 F.3d 327 (3d Cir. 2020) ................................................. *passim*

*FTC v. Evans Prods. Co.*, 775 F.2d 1084 (9th Cir. 1985) ...............................................10

*FTC v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982) ................................................11

*FTC v. Hoyal & Assocs.*, Nos. 19-35668, 19-35669, 2021 U.S. App. LEXIS 17481 (9th Cir. June 11, 2021) ...........................................................................................11

*FTC v. NHS Sys.*, 936 F. Supp. 2d 520 (E.D. Pa. 2013) ...................................................15

*FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019)................................ *passim*

*FTC v. Surescripts*, 424 F. Supp. 3d 92 (D.D.C. 2020)...................................................10

*FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431 (11th Cir. 1984).......................................11

*FTC v. Vyera Pharmaceuticals, LLC*, Case No. 1:20-cv-00706 (S.D.N.Y. June 2, 2021).......................................................................................................8

*Fluid Control Prods. v. Aeromotive, Inc.*, No. 11-2091-JAR, 2011 U.S. Dist. LEXIS 42088 (D. Kan. Apr. 18, 2011) ...............................................................................8

*Kerr-McGee Corp. v. United States*, 36 Fed. Cl. 776 (Fed. Cl. 1996) ...............................8

*Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251 (3d Cir. 2004).......................................4

*Oxford Assocs. v. Waste Sys. Auth.*, 271 F.3d 140 (3d Cir. 2001)............................ 4-5, 16

*United States v. Colon*, No. 09-155, 2015 U.S. Dist. LEXIS 5064 (E.D. Pa. Jan. 6, 2015) ...........................................................................................17

*United States v. JS & A Group, Inc.*, 716 F.2d 451 (7th Cir. 1983) ...........................11, 16

*United States v. W.T. Grant Co.*, 345 U.S. 629 (1953) ........................................ 14

**Rules and Statutes**

Federal Rule of Civil Procedure 12 ........................................ 4-5, 16

Federal Rule of Civil Procedure 26 ........................................ 3, 6

FTC Act, 15 U.S.C. § 53(b) ........................................ *passim*

## I. INTRODUCTION

The Supreme Court's recent decision in *AMG Capital Mgmt. v. FTC*, 141 S. Ct. 1341 (2021), neither requires nor supports the draconian relief—plenary judgment on all counts—that Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc. and Edward M. Satell (collectively referred to herein as "the AFS Defendants") seek in their Motion for Judgment on the Pleadings (the "Motion") (ECF No. 97).

The opening sentence of the *AMG* decision establishes straightforwardly that the FTC may seek and the Court may order a permanent injunction in this case. "**Section 13(b) of the Federal Trade Commission Act authorizes the Commission to obtain, 'in proper cases,' a 'permanent injunction' in federal court against 'any person, partnership, or corporation' that it believes 'is violating, or is about to violate, any provision of law' that the Commission enforces.** 87 Stat. 592, 15 U.S.C. § 53(b)." *Id*. at 1344 (emphasis added).

The AFS Defendants' brief in support of the Motion does not acknowledge, much less grapple with, this unambiguous pronouncement by a unanimous Supreme Court. *AMG* did not hold that the FTC could not use Section 13(b) to obtain permanent injunctive relief. Instead, consistent with the plain language of the statute, the Supreme Court expressly acknowledged that the FTC may seek, and a district court may order, permanent injunctive relief under Section 13(b).

As to the actual holding of *AMG*, explaining that Section 13(b) does not authorize equitable monetary relief, the FTC has already ceased its pursuit of monetary relief in this matter. In the months since the decision in *AMG*, the FTC has pursued only nonmonetary injunctive relief in this case. The FTC's pending Motion to Compel raises only discovery issues

pertaining to the parties' respective factual contentions about the conduct at issue, and none that relate solely to monetary relief.

The AFS Defendants have insisted that they look forward to the Court having a full opportunity to examine the evidence. (ECF No. 66 at p. 6.) On this, we agree. The Court may promptly dispose of the Motion and keep this matter moving towards resolution on the merits.

## II. BACKGROUND

The Court has already reviewed and summarized core factual allegations of the Amended Complaint. (ECF No. 85 at pp. 6-8, 17 n.23.) Rather than review specific allegations relevant to the Motion here, we will cite them as warranted in the context of arguing the AFS Defendants' latest assertions. That said, it is appropriate to start with a brief chronological overview of key filings in this matter in the context of the timing of the recent opinions on which the Motion relies.

- February 25, 2019: The Third Circuit issued its decision in *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019).[1] In *Shire ViroPharma*, the Third Circuit addressed the portion of Section 13(b) that authorizes the FTC to proceed in federal court when the Commission has reason to believe that a defendant "is violating, or is about to violate, any provision of law enforced by the [FTC.]"

- May 13, 2020: The FTC filed its original Complaint in this action. (ECF No. 1.) In the Complaint, the FTC alleged specifically that the allegations recited in the Complaint gave rise to "reason to believe that Defendants are violating or are about to violate laws enforced by the Commission." (ECF No. 1, ¶ 52.)

- July 13, 2020: The AFS Defendants filed their Answer to the original Complaint. (ECF No. 19.) The AFS Defendants made no assertion that

[1] In their brief, the AFS Defendants repeatedly incorrectly represent that the Third Circuit decided *Shire ViroPharma* in June 2018. They also place language in quotation marks in a parenthetical following citation to the opinion although the quoted language does not appear in the cited opinion. (ECF No. 97-1 at p. 11.) We assume that these are just errors, and in any event they do not affect the merits of the arguments.

the FTC had failed to properly plead under *Shire ViroPharma.* Instead, they responded with factual denials.

- July 23, 2020: The FTC filed its Motion for Leave to File the First Amended Complaint. (ECF No. 20.) The FTC attached the proposed First Amended Complaint ("FAC") to the filing. (ECF No. 20-3.)

- September 30, 2020: The Third Circuit issued its decision in *FTC v. AbbVie, Inc.*, 976 F.3d 327 (3d Cir. 2020). In the *AbbVie* decision, the Third Circuit held that in a proceeding under Section 13(b) a district court may issue an injunction but may not order disgorgement of money. *Id*. at 379.

- November 12, 2020: The parties filed their Joint Report of Rule 26(f) Meeting. (ECF No. 35). The FTC informed the Court of the *AbbVie* holding and the fact that the issue of monetary relief under Section 13(b) was pending before the Supreme Court in *AMG*. (*Id*. at p. 3.) No Defendant asserted any issues under *Shire ViroPharma*.

- January 20, 2021: The Court issued its Opinion and Order granting the motion to file the FAC. (ECF Nos. 41 and 42.) The next day, January 21, 2021, in accordance with the Court's rulings, Plaintiffs the FTC and the Commonwealth filed the FAC as it had been submitted with the July 2020 motion. (ECF No. 43 (compare to ECF No. 20-3).) Like the original Complaint, the FAC expressly alleges "reason to believe that Defendants are violating or are about to violate laws enforced by the Commission." (ECF No. 43, ¶ 55.)

- February 11, 2021: The AFS Defendants filed their "Motion to Dismiss Plaintiffs' First Amended Complaint." (ECF No. 55.) Accompanying that motion, the AFS Defendants submitted a proposed order that would have resulted in dismissal of the FAC in its entirety as against them. (ECF No. 55-1.)

Here, we pause the chronological recitation for a moment to emphasize that when the AFS Defendants filed their motion to dismiss the FAC, all of the arguments that they now make in support of the present Motion were available to them. Yet in February 2021, the AFS Defendants made no arguments at all as to why any of the FTC's claims against them in the FAC were (or are) infirm as alleged. They made no reference to *Shire ViroPharma*, which was

decided even before the filing of the original Complaint, nor to *AbbVie*, which was decided after the FTC submitted the FAC to the Court but before the FAC was filed.

Indeed, in their March 2021 reply brief in support of their "Motion to Dismiss Plaintiffs' First Amended Complaint," the AFS Defendants made clear that, despite the title of the document and the language of the proposed order, they were not at all seeking dismissal of any of the FTC's claims against them. (ECF No. 66 at pp. 3-4.) The Court noted this in ruling on the motions to dismiss. (ECF No. 85 at p. 8, n.11.)

- April 27, 2021: Five days after the Supreme Court had issued its opinion in *AMG*, the AFS Defendants filed a four-page pleading captioned as "AFS Defendants' Notice of Supplemental Authority." (ECF No. 82.) The AFS Defendants attached a copy of the *AMG* decision. (ECF No. 82-1.) They also attached a proposed order. (ECF No. 82-2.) Neither the body of the main pleading nor the proposed order suggested in any fashion that the AFS Defendants took the position that *AMG* invalidated the FTC's claims in their entirety.

- June 24, 2021: The AFS Defendants filed the Motion. (ECF No. 97.)

Despite having many opportunities over the course of the past year to raise the arguments they assert with the present Motion, the AFS Defendants waited until June 24, 2021 to file it. (ECF No. 97.) They did so almost literally on the eve of the parties' first conference call with the Special Master, James Rohn, which was set for (and took place on) June 25, 2021.

## III. LEGAL STANDARD

As with a Rule 12(b)(6) motion to dismiss, in deciding a Rule 12(c) motion for judgment on the pleadings the Court will accept as true the Plaintiffs' well-pleaded factual allegations, and will view those allegations and the inferences to be drawn from them in the light most favorable to Plaintiffs. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004) (cited by AFS Defendants, ECF No. 97-1 at pp. 12-13); *Oxford Assocs. v. Waste Sys. Auth.*, 271 F.3d 140, 144-45 (3d Cir. 2001). "Judgment will only be granted where the moving party clearly establishes

there are no material issues of fact[.]" *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008) (citing *Oxford Assocs.* 271 F.3d at 144-45) (*DiCarlo* cited by AFS Defendants, ECF No. 97-1 at pp. 12-13).[2]

As the Third Circuit has explained, in moving for judgment on the pleadings the AFS Defendants bear the burden of demonstrating to the Court that Plaintiffs "would not be entitled to relief *under any set of facts that could be proved consistent with the [FAC's] allegations*." *Oxford Assocs.*, 271 F.3d at 144-45 (emphasis added) (internal quotation marks and citations omitted). In their brief, the AFS Defendants appear to have this standard exactly backwards. They argue that although the FAC alleges an ongoing course of conduct, the Court should ignore those allegations or assume that the AFS Defendants will prevail on their version of the facts. Early in their brief (ECF No. 97-1 at pp. 6-8), the AFS Defendants insist that the Court accept as "indisputable" the AFS Defendants' factual denials and counter-assertions in their Answer.[3] Later, they implicitly ask the Court to ignore all of the FAC's allegations of ongoing conduct or to construe them all in a light favorable to the Defendants, as if the allegations only assert conduct in the remote past. (ECF No. 97-1 at p. 17.) This is not how Rule 12(c) works.

There is an additional procedural standard that seems likely to be relevant here. As the Court noted in its Opinion regarding the motions to dismiss, it is fair to expect movants to present their full arguments and citations supporting the relief they seek in their opening briefs. (ECF No. 85 at p. 10, n.15 (citing cases).) The AFS Defendants have already taken a flexible

---

[2] In citing to particular pages of the AFS Defendants' brief, we are using the ECF pagination rather than the conventional page numbering in the document itself. We cite ECF pagination throughout.

[3] The AFS Defendants' denials and counter-assertions are disputed. (*See, e.g.,* ECF No. 75-4 at p. 4 ("Are you selling something?" "No, that's not it").)

approach to their positions on Section 13(b), *Shire ViroPharma*, *AbbVie*, and *AMG*,[4] holding back arguments they could have made long ago until the eve of the first conference with the Special Master. This is a tactical decision that they were free to make. Now, however, they have made their selection as to which arguments to advance and which authorities to cite. As detailed below, those arguments and authorities do not support the relief they seek. A reply brief cannot be a vehicle to try out new ones.

## IV. UNLESS THERE IS A CHANGE IN LAW, THE FTC CANNOT OBTAIN EQUITABLE MONETARY RELIEF IN THIS ACTION

On April 22, 2021, the Supreme Court held that Section 13(b) of the FTC Act does not authorize the Commission to seek or a district court to award equitable monetary relief such as restitution and disgorgement. *AMG*, 141 S. Ct. at 1344. The parties have kept the Court apprised of the pendency of this issue and the resulting Supreme Court decision throughout the litigation,[5] and the Court considered it in its rulings on the AFS Defendants' motion to dismiss and their motion for a protective order and to bifurcate discovery.[6]

[4] As noted, the AFS Defendants advanced a different interpretation of *AMG*'s effects on this case with their "Notice of Supplemental Authority" filed on April 27, 2021. (ECF Nos. 82, 82-2.)

[5] *See* Joint Report of Rule 26(f) Meeting, ECF No. 35, p. 3 ("On September 30, 2020, the United States Court of Appeals for the Third Circuit, in *FTC v. Abbvie, Inc.*, Nos. 18-2621, 18-2748, 18-2758, 2020 U.S. App. LEXIS 31048 (3d Cir. Sept. 30, 2020) issued an opinion holding that the district court lacked the power to order disgorgement under Section 13(b) of the FTC Act. *Id. at* *105. This issue is currently before the United States Supreme Court for consideration during its 2021-2021 term (*AMG Capital Management, LLC v. Federal Trade Commission,* Case No. 19-508 and *Federal Trade Commission v. Credit Bureau Center, LLC*, Case No. 19-825.") *See also* AFS Defendants' Notice of Supplemental Authority, ECF No. 82, and Proposed Order ECF No. 82-2 (requesting striking of portions of Amended Complaint and dismissal of the Commonwealth of Pennsylvania's claims).

[6] Orders, ECF Nos. 86 and 87 (both specifically listing AFS Defendants' Notice of Supplemental Authority, ECF No. 82, among filings considered by the Court).

Despite the AFS Defendants' statements to the contrary, since the decision in *AMG* the FTC has not pursued any claim for equitable monetary relief in this matter, and the FTC has not pursued discovery in support of any claim for monetary relief. The AFS Defendants make an odd choice, in a footnote, to severely misrepresent the FTC's pending motion to compel discovery (ECF No. 75). (ECF No. 97-1 at p. 11 n.2.) The specific subjects of the motion to compel are not what the AFS Defendants contend they are—for example, there is nothing about revenues or tax returns among them. The full scope of the motion is set out in its briefing, but for a more concise recitation the Court need only look at the proposed order that the FTC submitted with the motion to compel. (ECF No. 75-6.) All of the evidence sought in the motion to compel pertains to the AFS Defendants' conduct at issue in the FAC or placed in issue by the AFS Defendants themselves.

To reiterate and make clear, in light of *AMG* and in the absence of a change in law, the FTC does not seek and will not pursue equitable monetary relief in this matter. The FTC is not pursuing any of the following remedies listed in Paragraph B of the FAC's Prayer for Relief: "restitution, the refund of monies paid, [or] the disgorgement of ill-gotten monies[.]"[7]

As there may yet be a change in the law during the pendency of this case, the FTC does not waive its right to reassert its claim for equitable monetary relief if Congress restores the FTC's authority to obtain it.[8] Given this possibility, we respectfully submit that it would be

[7] As the Court has noted, the same conduct alleged in the FAC as violating federal law is also alleged to violate parallel Pennsylvania law. (ECF No. 41 at pp. 8-9.) AMG does not impact remedies available under Pennsylvania law.

[8] As the Supreme Court recognized in AMG, Congress can "grant [the FTC] further remedial authority," thereby restoring the FTC's ability to obtain equitable monetary relief. AMG, 141 S. Ct. at 1352. Congress is currently considering such legislation. See Consumer Protection and Recovery Act, H.R. 2668, 117th Cong. (2021), available at https://www.congress.gov/117/bills/hr2668/BILLS-117hr2668ih.pdf. The bill, as voted out of committee, would apply "to any action or proceeding that is pending on … the date of [its]

appropriate for the Court to order that, for now, the FTC is prohibited from seeking equitable monetary relief in this case. This approach will avoid further amendment of the complaint if Congress restores the FTC's authority to obtain equitable monetary relief.

Alternatively, if the Court chooses to enter some form of judgment or dismissal, we respectfully request that the judgment or dismissal be without prejudice. *See FTC v. Vyera Pharmaceuticals, LLC*, Case No. 1:20-cv-00706 (S.D.N.Y. June 2, 2021) (ECF 453) (copy attached) (dismissing FTC's prayer for equitable monetary relief without prejudice to request its reinstatement in the event Congress passes legislation authorizing the FTC to seek equitable monetary relief); *Fluid Control Prods. v. Aeromotive, Inc.*, No. 11-2091-JAR, 2011 U.S. Dist. LEXIS 42088 (D. Kan. Apr. 18, 2011) (dismissing without prejudice where pending legislation might affect the parties' substantive claims); *Kerr-McGee Corp. v. United States*, 36 Fed. Cl. 776, 784 (Fed. Cl. 1996) (noting that prior action was dismissed without prejudice in recognition of pending legislation).

## V. *AMG* REAFFIRMS THAT THE FTC MAY SEEK, AND THE COURT MAY ORDER, PERMANENT INJUNCTIVE RELIEF UNDER SECTION 13(B)

Section 13(b) of the FTC Act empowers the FTC to seek injunctive relief in federal district court to remedy violations of "any provision of law enforced by the [FTC]" and provides that "in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction." 15 U.S.C. § 53(b). The Supreme Court restated this in the opening sentence of the *AMG* decision: "Section 13(b) of the Federal Trade Commission Act authorizes the Commission to obtain, 'in proper cases,' a 'permanent injunction' in federal court against

---

enactment." Id. § 2(c). The Committee on Energy and Commerce of the House of Representatives has already held hearings on the bill and has transmitted it favorably to the House. See https://www.congress.gov/117/meeting/house/112766/documents/CRPT-117-IF00-Vote028-20210610.pdf.

'any person, partnership, or corporation' that it believes 'is violating, or is about to violate, any provision of law' that the Commission enforces." 141 S. Ct. at 1344. Further on, the Supreme Court stated that Section 13(b) "permits the Commission to proceed directly to court (prior to issuing a cease and desist order) to obtain a 'temporary restraining order or a preliminary injunction,' *and also* allows the Commission, 'in proper cases,' to obtain a court-ordered 'permanent injunction.'" *Id*. at 1346 (emphasis added).

Despite this plain language, the AFS Defendants argue that all claims under Section 13(b) in this case must be dismissed because the FTC has "neither sought nor obtained a temporary or preliminary injunction and deliberately avoided Section 19's administrative procedures" in this case (ECF No. 97-1 at p. 2.) To support this argument, the AFS Defendants seek to rewrite the *AMG* decision.

The central premise of the AFS Defendants' *AMG* argument is that

> To the extent the FTC seeks a permanent injunction, that relief is unconnected to Section 13(b)'s "limited purpose," which the Supreme Court clarified was **only** to "stop[] seemingly unfair practices from taking place while the Commission determines their lawfulness" through the administrative process. *AMG Capital*, 141 S. Ct. at 1348. The *AMG Capital* Court observed that Section 13(b)'s permanent injunction remedy can **only** apply when it is "*directly related to a previously issued preliminary injunction.*" Id.

(ECF No. 97-1 at p. 2) (italicized phrase emphasized in ECF 97-1;[9] emphasis on bolded terms added here).

The word "only" is doing a lot of work in each of those two sentences. And those two sentences lay the foundation for the entire Motion. But reading what the *AMG* opinion actually

[9] Here, the AFS Defendants overlook the convention of noting that they added the emphasis to the italicized phrase, which is not emphasized in the *AMG* opinion.

says demonstrates that these uses of the word "only" are wrong, and thus those two sentences are wrong, and thus the entire Motion is wrong.

"[T]he Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, *or when it seeks only injunctive relief*." 141 S. Ct. at 1349 (emphasis added). And while the AFS Defendants point the Court to the portion of the opinion observing that the words "permanent injunction" in Section 13(b) may be "directly related to a previously issued preliminary injunction," the very next sentence of the opinion recognizes that these words "might also be read … as granting authority for the Commission to go one step beyond the provisional and ('in proper cases') dispense with administrative proceedings to seek what the words literally say (namely, an *injunction*)." *Id.* at 1348 (emphasis in original).[10]

The Supreme Court recognized that the FTC Act authorizes the FTC to prevent "unfair or deceptive acts or practices" and "permits the Commission to use both its own administrative proceedings (set forth in § 5 of the Act) and court actions in exercising this authority." *Id.* at 1345. The Supreme Court found that Section 13(b) authorizes the FTC: (1) to seek temporary or preliminary injunctive relief in court while it pursues an administrative cease and desist order, or (2) to bypass administrative proceedings altogether and seek a permanent injunction in court. *Id.* at 1348-49. In sum, based on the statutory text, the Court interpreted Section 13(b) as follows:

[10] The AFS Defendants make no argument that this is not a "proper case" within the meaning of the statute. In any event, courts have consistently rejected efforts to narrow the types of cases the FTC can pursue in federal district court using the "proper cases" language. *See, e.g., FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1086–88 (9th Cir. 1985) (agreeing with FTC that a "proper case" is "any case involving a law enforced by the FTC" where "the wrongs are ongoing or likely to recur"); *FTC v. Surescripts*, 424 F. Supp. 3d 92, 97-100 (D.D.C. 2020) (collecting authority, agreeing that as to what constitutes a "proper case," a "broader reading is correct").

> [T]o read § 13(b) to mean what it says, as authorizing injunctive but not monetary relief, produces a coherent enforcement scheme: The Commission may obtain monetary relief by first invoking its administrative procedures and then § 19's redress provisions (which include limitations). And the Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, *or when it seeks only injunctive relief.*

*Id.* at 1349 (emphasis added).

Thus, the Supreme Court's analysis of Section 13(b) in *AMG* shows that the FTC properly brought this action in federal court, exercising its statutory authority to seek a permanent injunction to protect consumers. In this, the *AMG* analysis is consistent with the fact that all circuits to address the issue have held that Section 13(b)'s "permanent injunction" proviso creates a direct action in federal court in lieu of administrative proceedings. *See FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1434 (11th Cir. 1984); *United States v. JS & A Group, Inc.*, 716 F.2d 451, 456 (7th Cir. 1983); *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1110-11 (9th Cir. 1982).

Indeed, in a matter decided after *AMG* and applying its holding, the Ninth Circuit has observed that *AMG* did not disturb longstanding precedent that "the FTC can obtain injunctive relief without initiating administrative proceedings." *FTC v. Hoyal & Assocs.*, Nos. 19-35668, 19-35669, 2021 U.S. App. LEXIS 17481 at pp. *5-6 (9th Cir. June 11, 2021) (opinion not for publication but may be cited pursuant to Fed. R. App. P. 32.1).

In contrast, the AFS Defendants have not cited a single case whose holding restricts Section 13(b)'s scope to injunctions in aid of administrative proceedings. Consistent with *AMG*, and with the language of Section 13(b), and with decades of precedent, the FTC may seek, and the Court may grant, a permanent injunction in this case.

## VI. THE ALLEGATIONS OF THE FAC SUPPORT INJUNCTIVE RELIEF

The AFS Defendants claim that they are entitled to judgment on the pleadings under *Shire ViroPharma* because the FAC does not allege that the FTC has reason to believe that the AFS Defendants are "violating" or are "about to violate" laws the Commission enforces. (ECF No. 97-1 at pp. 14-17.) But the FAC alleges exactly that. (ECF No. 43, ¶ 55.)

Moreover, in asserting that any allegations in the FAC that refer to past conduct are improper, the AFS Defendants misconstrue the *Shire ViroPharma* standard. The Third Circuit has made plain that a district court may and should consider a defendant's past conduct in deciding whether to grant injunctive relief under Section 13(b).

### A. The FAC Alleges That The AFS Defendants Are Violating Or Are About To Violate Laws The FTC Enforces.

In its Opinion regarding the motions to dismiss, the Court has provided concise written summaries of particular allegations of the FAC demonstrating that it is easy to read those allegations as asserting ongoing violations of the FTC Act:

- "[A]s alleged in the FAC, telemarketers are calling thousands of businesses and talking to unsuspecting employees about publications that could affect their business without notifying them that a purported sale is being consummated." (ECF No. 85 at p. 17, n.23) (citing ECF No. 43, ¶¶ 20-25).

- "In the FAC, Plaintiffs assert that AFS Defendants sell publication subscriptions to organizations through unsolicited telephone calls. (See Doc. No. 43 ¶¶ 19-20.) During the calls, their telemarketers 'create the impression that they are sending free samples with no obligation and do not disclose that, in reality, they have enrolled the organization into . . . [their] subscription service and . . . will charge the organization for the samples unless affirmative action is taken to cancel.' (Id. ¶ 21.)" (ECF No. 85 at p. 6.)

Although citing several specific paragraphs of the FAC, the AFS Defendants raise no argument regarding paragraph 55, nor the Court's views of the conduct alleged as expressed in its Opinion, nor a single one of the paragraphs of the FAC that the Court cited in its distillations quoted above. As the Court has already recognized, the FAC alleges that the Defendants are

engaged in ongoing conduct that violates the FTC Act. These allegations satisfy the *Shire ViroPharma* standard.[11]

**B. The FAC Alleges Relevant Past Conduct.**

Instead of addressing the portions of the FAC that allege ongoing conduct, the AFS Defendants focus exclusively on allegations that they contend are related solely to "past history," "past conduct," and "undisputedly terminated practices," and assert that past conduct is irrelevant. (ECF No. 97-1 at pp. 13, 16-17.)[12] We offer two points in response.

First, the AFS Defendants cite no requirement—and we are aware of none—that a complaint must exclusively allege either (1) past conduct, or (2) conduct that is ongoing or imminent. Nothing in *Shire ViroPharma* imposes such a limitation. The FAC alleges both past conduct and ongoing conduct. Pointing out that the FAC recites some allegations of past conduct has no tendency to disprove that it *also* recites allegations of ongoing conduct and meets the threshold requirements of Section 13(b).

Second, the Third Circuit held expressly in *Shire ViroPharma* that the standard for determining whether the FTC has met the "is violating" or "about to violate" pleading requirement under Section 13(b) is not the same as the standard for determining whether an injunction would be appropriate relief in a given case: "[T]he 'about to violate' and 'likelihood of recurrence' standards coexist. The 'about to violate' pleading requirement—which is applied

[11] In the course of addressing the *Shire ViroPharma* standard, the AFS Defendants confusingly cite some language about "existing or impending conduct" and "long-past conduct" from *Shire ViroPharma* as though the language comes from *AMG*. (ECF No. 97-1 at p. 14.) We consider this mistake to be harmless, as we do not dispute that *Shire ViroPharma* applies.

[12] We do not know the scope of conduct the AFS Defendants are referring to when they say that "many of the purported violations … are based on undisputedly terminated practices," especially as they offer no description of or citation to what purported violations or practices they are referring to, or when those practices supposedly ended. (ECF No. 97-1 at p. 17.) Clarifying the meaning of this assertion, and testing it, will be an appropriate area for discovery.

right out of the gate—is not inconsistent with the likelihood of recurrence standard, which a court uses to determine the FTC's entitlement to an injunction." 917 F.3d at 158.

The likelihood of recurrence standard takes past conduct into account. "A party can generally obtain injunctive relief for past conduct that is likely to recur; the wrongdoer cannot avoid an injunction by voluntarily ceasing its illegal conduct." *Id*. at 157 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)).

The Third Circuit's treatment of the *AbbVie* case is helpful here. In that case, the FTC sued several companies in federal court under Section 13(b), requesting that the court enjoin certain types of conduct and grant equitable monetary relief. 976 F.3d at 338, 345-46. In the course of its holding, the Court of Appeals reversed the district court's dismissal of claims based on one of the FTC's theories of liability, and remanded for further consideration of the FTC's claim for injunctive relief on that theory. *Id*. at 381.

The FTC had filed its complaint for a permanent injunction in *AbbVie* several years before the Third Circuit issued its decision. Defendants argued that remand restoring previously dismissed claims at such a late date would be futile because the FTC would be unable to meet the "is violating" or "about to violate" standard under *Shire ViroPharma*. *Id*. at 381. As the *AbbVie* court explained,

> But in *Shire*, we held that whereas Section 13(b) of the FTC Act requires a plaintiff to plead the defendant "is violating" or is "about to violate" the antitrust laws, the likelihood-of-recurrence standard "applies when a court is considering whether to grant or deny injunctive relief." 917 F.3d at 158.
>
> ***
>
> [B]ecause we cannot say, based on the pleadings alone, that the Court would abuse its discretion by granting the FTC injunctive relief, remand is not futile. Consistent with our holding in *Shire*, the District Court should apply the likelihood-of-recurrence standard. *See* 917 F.3d at 158. Apart from that

> instruction, the District Court retains discretion to determine whether the FTC is entitled to an injunction if it ultimately succeeds on the reverse-payment theory.

*Id*. *See also, e.g., FTC v. NHS Sys.*, 936 F. Supp. 2d 520, 535-36 (E.D. Pa. 2013) (noting that a "permanent injunction is justified when there is a 'cognizable danger of recurrent violation,' or 'some reasonable likelihood of future violations.'") (internal citations omitted).

Thus, the FAC's allegations pertaining to past conduct are relevant and entirely consistent with the Third Circuit's holdings in *Shire ViroPharma* and *AbbVie*. Once the FTC meets the "is violating" or "about to violate" pleading standard, a district court has full authority under Section 13(b) to issue an injunction if it determines that one is warranted. In making that determination, the district court applies a likelihood of recurrence standard. To assess likelihood of recurrence, a defendant's past conduct is relevant.

## VII. THE AFS DEFENDANTS' ALTERNATIVE SECTION 13(B) THEORY PROVIDES NO BASIS FOR JUDGMENT ON THE PLEADINGS

The authorities that the AFS Defendants cite do not support, and run directly contrary to, their contention that the FTC is required to seek a preliminary injunction in favor of administrative action in order to proceed before the Court in this case. It appears that the brief is also advancing a separate argument that although Section 13(b) does not require the FTC to proceed administratively, the statute somehow would require the FTC to seek a preliminary injunction in this matter as a precondition to obtaining a permanent injunction. The AFS Defendants offer no citation to any case so holding.

For this alternative argument, the AFS Defendants focus on the Supreme Court's observation in *AMG* that one of the paths the FTC can follow under Section 13(b) is to seek a permanent injunction after obtaining a preliminary injunction. (*E.g.*, ECF No. 97-1 at pp. 1-2.)

As discussed at length above, however, none of the language of *AMG* supports an inference that the Supreme Court viewed such a process as the *only* way for the FTC to obtain a permanent injunction under the statute.

To reiterate just one example, the Supreme Court observed that Section 13(b) "permits the Commission to proceed directly to court … to obtain a 'temporary restraining order or a preliminary injunction,' *and also* allows the Commission, 'in proper cases,' to obtain a court-ordered 'permanent injunction.'" *AMG*, 141 S. Ct. at 1346 (emphasis added). In describing a possible path to permanent injunctive relief that includes preliminary injunctive relief along the way, the Supreme Court did not foreclose the FTC from proceeding directly to seek permanent injunctive relief as permitted under the plain language of the statute and longstanding precedent. *See, e.g., JS & A Group*, 716 F.2d at 456-57 (citing authorities and legislative history).

The AFS Defendants cite no case dismissing an FTC action like this one, alleging ongoing violations of the FTC Act, on the basis of a lack of a motion for a preliminary injunction.[13] As the Third Circuit explained in remanding the *AbbVie* matter, once the FTC meets the "is violating" or "about to violate" pleading standard, it has passed the threshold and the district court has full authority to consider and award permanent injunctive relief. *AbbVie*, 976 F.3d at 381.

The Motion thus fails to offer support for the argument that an application for preliminary relief is mandatory, much less that the absence of such an application is grounds for the

[13] Moreover, the AFS Defendants make no argument that, construing the allegations of the FAC in the light most favorable to Plaintiffs, the FTC would be unable to prevail on a motion for preliminary injunction in this case if it elects to file one. That is, they do not tie this argument in any fashion to the Rule 12(c) standard. *See Oxford Assocs.*, 271 F.3d at 144-45.

sweeping ultimate relief the Motion purports to seek—plenary entry of judgment against the FTC on its claims for permanent injunctive relief set forth in the FAC.

## VIII. THE COURT HAS ALREADY DECIDED THE QUESTION OF SUPPLEMENTAL JURISDICTION AND THERE IS NO BASIS FOR RECONSIDERATION

The AFS Defendants urge the Court not just to enter judgment on the FTC's claims, but also to decline supplemental jurisdiction over the Commonwealth's causes of action. This is nothing new; they have fought the Court's exercise of supplemental jurisdiction twice before, failing both times. (ECF No. 41 at 6-9; ECF No. 82 at 2-4; ECF No. 85 at 1 n.1.) Thus, in at least two respects—specifically, the AFS Defendants' contentions about state law allegedly predominating and presenting novel or complex issues—the Motion fundamentally seeks reconsideration of the Court's prior rulings.

Reconsideration of those rulings is inapt for at least two reasons. First, under Local Rule 7.1(g), the AFS Defendants were required to move for reconsideration within 14 days of entry of the order concerned. The AFS Defendants never did that. Thus, the reconsideration aspect of the Motion is out of rule and warrants denial on that basis alone. Second, "[i]t is improper that a motion for reconsideration ask the court to rethink what it had already thought through—rightly or wrongly." *Elgert v. Siemens Indus., Inc.*, No. 17-1985, 2019 U.S. Dist. LEXIS 143066, at *14 (E.D. Pa. Aug. 21, 2019) (Slomsky, J.) (internal quotation marks and citations omitted). "Mere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." *United States v. Colon*, No. 09-155, 2015 U.S. Dist. LEXIS 5064, at *5 (E.D. Pa. Jan. 6, 2015) (Slomsky, J.) (internal quotation marks and citation omitted). Here, in addition to the request for reconsideration being out of rule, the Court has already thought through

the issue of supplemental jurisdiction and decided against AFS. The company's dissatisfaction with those holdings is not a proper ground for reconsideration.

The only new aspect of the AFS Defendants' attack on supplemental jurisdiction is the request for plenary judgment on all of the FTC's claims. As described above, the AFS Defendants' arguments lack merit and their brief does not disclose any basis for plenary judgment on all federal claims. Accordingly, those arguments do not provide any valid basis for the Court to reconsider its prior rulings affirming the exercise of supplemental jurisdiction over the Commonwealth's claims.

## IX. CONCLUSION

For these reasons, the FTC respectfully requests that the Court deny Defendant AFS's Motion for Judgment on the Pleadings. A proposed form of order is submitted herewith.

Respectfully submitted,

Dated: July 7, 2021

*/s/ Harris A. Senturia*

AMY C. HOCEVAR (Ohio Bar #0075510)
CHRISTIAN M. CAPECE (W.V. Bar #10717)
DEREK E. DIAZ (Ohio Bar #0069755)
HARRIS A. SENTURIA (Ohio Bar #0062480)
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114
Hocevar Phone: (216) 263-3409
Capece Phone: (216) 263-3419
Diaz Phone: (216) 263-3421
Senturia Phone: (216) 263-3420
Fax: (216) 263-3426
ahocevar@ftc.gov
ccapece@ftc.gov
ddiaz@ftc.gov
hsenturia@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, the foregoing Plaintiff Federal Trade Commission's Opposition to Defendant AFS's Motion for Judgment on the Pleadings was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

*/s/ Harris A. Senturia*
Attorney for Plaintiffs