UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMERICAN FUTURE SYSTEMS, INC., *et al.*,

Defendants.

Case No. 2:20-cv-02266

Judge Joel H. Slomsky

**COMMONWEALTH OF PENNSYLVANIA'S OPPOSITION TO DEFENDANT AFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF AUTHORITIES

## Cases

*AMG Capital Mgmt. v. FTC*, 141 S.Ct. 1341 (2021) ........ 1

*Bloom v. Indep. Blue Cross*, 340 F. Supp. 3d 516, 525 (E.D. Pa. 2018) ........ 4

*Combs v. Homer-Center School Dist.*, 540 F.3d 231, 253-54 (3d Cir. 2008) ........ 3

*Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) ........ 3

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc*., 101 F.3d 1492, 1508 (3d Cir. 1996) ........ 2

*North Sound Capital, LLC v. Merck & Co., Inc*., 938 F.3d 482, 494 n.11 (3d. Cir. 2019) ........ 2

*Overall v. Univ. of Pa*., 393 F. Supp. 2d 341, 343-44 (E.D. Pa. 2005) ........ 4

## Statutes

28 U.S.C. § 1367(c)(1) ........ 3

28 U.S.C. § 1367(c)(2) ........ 3

28 U.S.C. § 1367(c)(3) ........ 1, 2, 3

## I. INTRODUCTION

Co-Plaintiff Commonwealth of Pennsylvania, acting by Attorney General Josh Shapiro ("Commonwealth"), hereby files this Opposition to the Motion for Judgment on the Pleadings (the "Motion") (ECF No. 97) filed by the Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc. and Edward M. Satell (collectively "the AFS Defendants'), addressing in particular the argument that the Commonwealth is precluded from pursuing its claims in this forum, given the Supreme Court ruling in *AMG Capital Mgmt. v. FTC*, 141 S.Ct. 1341 (2021). The Commonwealth concurs in the arguments raised in the Brief of the Co-Plaintiff Federal Trade Commission ("FTC") as to why there is no basis to enter a judgment on the pleadings against the FTC claims as such claims were appropriately framed; the Commonwealth also joins in the arguments raised in pages 17-18 of the FTC Brief that this Court has already decided the question of supplemental jurisdiction and there is no basis for reconsideration of that question.

## II. ARGUMENT

Both the relevant statute and case law make clear that this Court has the discretion to retain supplemental jurisdiction over the state law claims. Even if dismissal of the monetary aspects of all of the First Amended Complaint's federal claims somehow qualified as dismissal of "all claims" over which the Court has original jurisdiction within the meaning of 28 U.S.C. § 1367(c)(3), the plain language of that statute ("may decline") makes declination of supplemental jurisdiction "permissive, not mandatory." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1508 (3d Cir. 1996). In a dismissal scenario, a court can maintain supplemental jurisdiction over non-federal claims based on considerations of "judicial economy, convenience, and fairness to the parties[.]" *North Sound*

*Capital, LLC v. Merck & Co., Inc.*, 938 F.3d 482, 494 n.11 (3d. Cir. 2019). Here, those factors weigh in favor of retaining jurisdiction over the Commonwealth's causes of action.

Specifically, regarding judicial economy, this case has been pending for over a year, and it has engendered considerable motion practice, discovery efforts, and related disputes. As the Court has previously observed, because the First Amended Complaint alleges that the "'same acts' allegedly violate 'parallel federal and state laws, the common nucleus of operative facts is obvious.'" (ECF No. 41 at p. 8, quoting *Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995).) The parties' efforts and the Court's detailed rulings to date are relevant to the Commonwealth's claims as well as to the FTC's, and there is no good reason to waste all of that work.

As to fairness, we note that as the AFS Defendants have substantially invoked the litigation machinery of the Court, it is not unfair for them to continue to face the Commonwealth's claims in this case. In particular, the AFS Defendants sought this Court's decision on a controlling legal question: whether the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq*. ("UTPCPL") applies to business-to-business sales. (ECF No. 55.) The Court rigorously vetted AFS's arguments, issuing a detailed Opinion in support of its determination that the UTCPL does indeed apply to business sales. (ECF No. 85.). Compared with the AFS Defendants' preferred route of rejecting the Commonwealth's claims that this Court should maintain supplemental jurisdiction better comports with basic notions of fairness. Accordingly, even if 28 U.S.C. § 1367(c)(3) somehow applies here, the Court should exercise its discretion to continue to preside over the Commonwealth's closely connected causes of action.[1]

[1] These same factors would apply if the Court entertains the AFS Defendants' reasserted arguments under 28 U.S.C. § 1367(c)(1) and (2), which do not at all address the Court's previous rulings, including the determination that "the 'values of judicial economy, convenience, fairness,

The cases the AFS Defendants rely on are distinguishable and do not support their position. (ECF No. 97-1 at pp. 18-20). For example, in both *Overall v. Univ. of Pa*., 393 F. Supp. 2d 341, 343-44 (E.D. Pa. 2005), and *Bloom v. Indep. Blue Cross*, 340 F. Supp. 3d 516, 525 (E.D. Pa. 2018), there was nothing at all remaining of the federal claims when the district courts made the discretionary decisions to decline to exercise supplemental jurisdiction in those cases. Here, the result of the AFS Defendants' arguments and authorities set forth in support of the Motion is that the FTC's substantive federal claims for injunctive relief will remain. Accordingly, AFS's reliance on *Overall* and *Bloom* is misplaced.

## III. CONCLUSION

For these reasons, the Co-Plaintiff Commonwealth respectfully requests that the Court deny Defendant AFS's Motion for Judgment on the Pleadings.

Respectfully submitted,

COMMONWEALTH OF PENNSYLVANIA

OFFICE OF ATTORNEY GENERAL

Josh Shapiro
Attorney General

Dated: July 8, 2021

*/s/ Sarah A. E. Frasch*

SARAH A. E. FRASCH
Chief Deputy Attorney General
PA Attorney I.D. No. 203529
15th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120
Tel: (717) 497-5123
Fax: (717) 705-3795
Email: sfrasch@attorneygeneral.gov

---

and comity' would be best served" through the exercise of supplemental jurisdiction. (ECF No. 41 at p. 9, quoting *Combs v. Homer-Center School Dist.*, 540 F.3d 231, 253-54 (3d Cir. 2008).)

*/s/ John M. Abel*
JOHN M. ABEL
Senior Deputy Attorney General
PA Attorney I.D. No. 47313
15th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120
Tel: (717) 497-5931
Fax: (717) 705-3795
Email: jabel@attorneygeneral.gov

Attorneys for Plaintiff
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2021, the foregoing **COMMONWEALTH'S OPPOSITION TO DEFENDANT AFS'S MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

Mark Stewart
Casey A. Coyle
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, Pennsylvania 17101
Email: mstewart@eckertseamans.com, ccoyle@eckertseamans.com

David H. Marion
Morgan S. Birch
White and Williams, LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, Pennsylvania 19103-7395
Email: mariond@whiteandwilliams.com, birchm@whiteandwilliams.com

Ilana H. Eisenstein
DLA Piper, LLP (US)
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, Pennsylvania 19103
Email: Ilana.Eisenstein@us.dlapiper.com

Attorneys for Defendants American Future Systems, Inc.,
Progressive Business Publications of New Jersey, Inc., and Edward M. Satell

Amy C. Hocevar
Christian M. Capece
Derek E. Diaz
Harris A. Senturia
Federal Trade Commission
1111 Superior Ave., Suite 200
Cleveland, Ohio 44114
ahocevar@ftc.gov
ccapece@ftc.gov
ddiaz@ftc.gov
hsenturia@ftc.gov

Attorneys for Plaintiff

Federal Trade Commission

Stephen M. Hladik
Eric J. Phillips
Pamela Cunningham
HLADIK, ONORATO & FEDERMAN, LLP
298 Wissahickon Avenue
North Wales, Pennsylvania 19454
shladik@hoflawgroup.com
ephillips@hoflawgroup.com
pcunningham@hoflawgroup.com

Attorneys for Defendants International Credit Recovery, Inc.,
Richard Diorio, Jr., and Cynthia Powell

Dated: July 8, 2021

*/s/ John M. Abel*
JOHN M. ABEL
Senior Deputy Attorney General

Attorney for Plaintiff
COMMONWEALTH OF PENNSYLVANIA