**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN FUTURE SYSTEMS, INC., *et al.*,<br><br>*Defendants*. | Case No. 2:20-cv-02266 |

**RESPONSE OF INTERNATIONAL CREDIT RECOVERY, INC., RICHARD DIORIO, JR. AND CYNTHIA POWELL, IN SUPPORT OF THE AFS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

International Credit Recovery, Inc. ("ICR"), Richard Diorio, Jr. ("Mr. Diorio"), and Cynthia Powell ("Mrs. Powell and collectively, the "ICR Defendants") by and through their undersigned counsel, hereby file this Response in Support of the Motion of American Future Systems, Inc., Progressive Business Publications of New Jersey, and Edward M. Satell (collectively the "AFS Defendants") for Judgment on the Pleadings.

**I. Introduction**

The ICR Defendants support and join the position of the AFS Defendants in their Motion for Judgment on the Pleadings and accompanying Memorandum of Law. Therefore, the ICR Defendants incorporate by reference and adopt the AFS Defendants' Motion for Judgment on the Pleadings and accompanying Memorandum of Law. In further support thereof, the ICR Defendants present the following additional arguments pertinent to the ICR Defendants.

**II. Legal Argument**

**A. The Federal Trade Commission (the "FTC")**

When analyzing "the language and structure of [Section] 13(b)" [of the FTC Act]", the United States Supreme Court noted "[c]onsider the words 'is violating' and 'is about to violate' (not 'has violated') setting forth when the Commission may request injunctive relief. *AMG Capital Management v. FTC*, 141 S. Ct. 1341, 1347-48 (2021). "Plaintiffs' Amended Complaint contains allegations involving what ICR knew or should have known regarding past events, centering around a 1998 Better Business Bureau (the "BBB") alert on American Future Systems, Inc.'s BBB profile, a 2001 defamation case, an October of 2009 U.S. Department of Agriculture alert, a 2016 BBB alert on ICR's BBB profile, and a "several years" old meeting between the ICR Defendants and the New York Attorney General's office, which resulted in zero charges, fines, penalties, or injunctive relief. *See*, Plaintiff's Amended Complaint, ECF No. 43, ¶ 39-43, 46. Additionally, the Amended Complaint included allegations regarding what ICR should have done ***in the past*** regarding these prior events. *See*, Plaintiff's Amended Complaint, ECF No. 43, ¶ 39-43, 46. Clearly, the focus of the Amended Complaint's allegations upon events that occurred several years prior, and in some cases as many as ***twenty-three (23) years ago***, illustrates that the FTC is not seeking to enjoin the ICR Defendants from current or impending violations. Rather, the FTC is seeking to enjoin the ICR Defendants from actions that occurred decades ago.

The United States Supreme Court also noted while reviewing "the language and structure of [Section] 13(b)" [of the FTC Act]…[that] the appearance of the words 'permanent injunction' (as a proviso) suggests that those words are directly related to a previously issued preliminary injunction." *AMG Capital Management v. FTC*, 141 S. Ct. 1341, 1347-48 (2021). The FTC never sought a preliminary injunction against the ICR Defendants.

Moreover:

> [T]o read [Section] 13(b) [of the FTC Act] to mean what it says, as authorizing injunctive but not monetary relief, produces a coherent

> enforcement scheme: The Commission may obtain monetary relief by first invoking its administrative procedures and then §19's redress provisions (which include limitations). And the Commission may use §13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, or when it seeks only injunctive relief. *AMG Capital Management v. FTC*, 141 S. Ct. 1341, 1349 (2021).

The FTC when it filed its Complaint and later its First Amended Complaint ("FAC"), sought *monetary* relief. In its Brief in Opposition to the Motion, the FTC gives a chronological recitation on pages 2-3 wherein the FTC acknowledges that as of September 30, 2020, the FTC was not entitled to seek restitution within this Circuit. Over 40 days later, according to the FTC, the parties informed this Court in the Rule 26(f) report that the issue of monetary relief was before the U.S. Supreme Court (rather than take formal action to remove an otherwise impermissible demand). Despite such tardy notice to the Court, the FTC failed to amend its demand for relief. On January 20,2021, the FTC filed its FAC, once again demanded monetary relief from the Defendants, in clear contravention of the ruling within the Third Circuit. In April of 2021, the U.S. Supreme Court handed down its ruling in *AMG* conclusively stating that nationwide the FTC had no right whatsoever under the law to seek monetary relief from any defendant. ***Three months*** have passed since the U.S. Supreme Court ruling, and the FTC in this case has done nothing whatsoever to remove a demand for monetary relief from this action.[1]

Incredibly, in its Brief, the FTC actually represents to this Court that "the FTC has already ceased its pursuit of monetary relief in this matter. In the months since the decision in *AMG*, the FTC has pursued only nonmonetary relief injunctive relief in this case."[2] Were anyone to review the pleadings (and filed demand of record) before this Court, that would certainly not be evident.

---

[1] In the ultimate irony, it is hornbook law that a creditor making a demand from a defendant for monetary relief for which that creditor is not entitled is a violation of the Fair Debt Collection Practices Act.
[2] See, FTC Brief at p. 1.

Absolutely contrary to what the FTC is now representing to this Court, throughout discovery the FTC has sought documents and information related to ***monetary relief***. In fact, even after the ICR Defendants informed the FTC on May 10, 2021 that pursuant to the holding in *AMG* the FTC was not entitled to seek monetary relief and thus ICR would not be providing documents related to amounts of ***payments*** to ICR, ICR's ***annual revenue***, or ICR's ***tax returns***, the FTC went so far as to threaten the ICR Defendants with the filing of a Motion to Compel.[3] Furthermore, the FTC sought monetary relief when it was already on notice that the Third Circuit had recently held that the FTC was unable to seek disgorgement under Section 13(b) of the FTC Act. *FTC v AbbVie Inc.,* 976 F.3d 327, 376 (3d Cir. 2020). *AbbVie Inc*., plus the writ of certiorari in the *AMG Capital* having been filed on October 18, 2019, months prior to the initiation of this litigation, provided ample notice to the FTC that it was proceeding down a dangerous path in seeking monetary relief.

And how does the FTC respond to its failure to cure its pleadings that are contrary to law? The FTC's Brief says, "Here, we pause the chronological recitation for a moment to emphasize that when the AFS Defendants filed their motion to dismiss the FAC, all of the arguments that they now make in support of the present Motion were available to them."[4] In this absolutely incredible statement, the United States Government tells this Court that when the United States pleads and seeks relief that is absolutely 100% contrary to the law, it is actually the burden of the ***person being sued*** – the defendants – to let the Court know that the Government cannot legally have such

[3] It is plainly obvious that if monetary relief were not being sought there would be no reason whatsoever into the intrusive financial investigation of the ICR Defendants.
[4] See, FTC Brief at p. 3.

relief. Somehow it is now the burden of the ***parties being sued*** and spending thousands of dollars defending themselves to inform the Court that the government's case is impermissible.

Contrary to this sad FTC argument, the Rules are clear that it is incumbent on the ***filer of the particular claim*** to inform the Court that its claims are impermissible. The Court can certainly take note that the FTC has not in ***any*** pleading or motion filed before this Court prior to this present Motion sought to amend its pleading or demand. In at least one other matter, the FTC formally moved a court to amend its demand. This is exactly what the FTC did in the case of *FTC v. Vyera Pharmaceuticals, LLC, et al*., U.S. District Court for Southern District of NY, case No. 1:20-cv-00706-DLC. Approximately one month after the *AMG* decision, in the *Vera* case, the FTC filed a formal motion for leave to withdraw the prayer for monetary relief. In this action, the FTC did nothing, forcing the Defendants to expend the time and fees to have this matter properly stricken.

It is also ironic that the FTC maintains that while it cannot *presently* seek such relief, it reserves the right to seek such relief down the road at some unknown future date if the FTC's enabling statute is amended. Thus, in other words, the FTC reserves the right to a do-over to make the Defendants relitigate the entire case. If that is how litigation works, the Defendants ought to be able to reserve their future rights should Congress change the law down the road to expressly exclude commercial collections from the reach of federal regulatory bodies.

**B. The Commonwealth of Pennsylvania (the "Commonwealth")**

To the extent this Court has jurisdiction over the Commonwealth's claims, (and ICR believes there is no jurisdiction at all in this Court for the Commonwealth's claims), the Commonwealth's jurisdiction is limited to Pennsylvania companies. Thus, the Commonwealth should properly bring its claims in state court.

Additionally, in order to prevail under the "catch-all" provision at sub-section xxi, of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") "catch-all" provision, there must be some sort of loss or damage on the part of the person to whom the misrepresentation was directed. Conspicuously absent from the FAC is a single factual allegation identifying (i) anyone that supposedly paid the ICR Defendants as a result of the alleged misrepresentations or (ii) an amount supposedly paid by one of these business debtors. Due to the lack of such factual pleading, the Commonwealth (and the FTC) lack the standing to bring this action.

The prayer for relief does not clarify whether the Commonwealth is seeking injunctive relief only ***within Pennsylvania*** or for restitutionary measures for parties residing ***within Pennsylvania***. As such, the ICR Defendants (and the Court) are left to assume that the Commonwealth's joint request with the FTC would include nationwide injunctive relief and redress for consumers nationwide. The Commonwealth does not possess such powers.

One fact the Commonwealth seems to conveniently ignore is that each and every one of the ICR Defendants is domiciled in the State of New York. *See*, FAC at ¶ 13, acknowledging that ICR is a New York entity. The Commonwealth also conveniently ignores that the ICR Defendants, according to the allegations, have done business nationwide, from their New York location. It is simply not legally possible for the Commonwealth to seek an injunction against New York entities from doing business in jurisdictions other than Pennsylvania.

The UTPCPL itself says that the Attorney General must have reason to believe that a defendant is violating section 3 of the Act. It would certainly be novel for the Attorney General to claim that section 3 of the UTPCPL applies in 49 other states and that the Attorney General has such a broad sweeping power to impose an injunction on out of state entities and make them follow

Pennsylvania law in 49 other states. This is simply an impossible leap, and the Commonwealth does not have the power to demand relief as broad as a national injunction under the UTPCPL.

Since the Commonwealth cannot seek a nationwide injunction imposing Pennsylvania law requirements in 49 other states, it follows that the Commonwealth cannot then seek any other form of redress potentially available under the UTPCPL for entities outside the Commonwealth. Though the Commonwealth lacks supplemental jurisdiction once the FTC's claims are dismissed, in the event that this Court permits this action to continue, it should be made clear that the Commonwealth only has jurisdiction under the UTPCPL with regard to businesses domiciled within Pennsylvania.

## IV. Conclusion

For the foregoing reasons, the ICR Defendants respectfully request that this Honorable Court grant the AFS Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

Date: July 8, 2021

/s/ Pamela Cunningham

Stephen M. Hladik, Esquire
Pamela Cunningham, Esquire
298 Wissahickon Avenue
North Wales, PA 19454
215-855-9521 (telephone)
215-855-9121 (fax)
shladik@hoflawgroup.com
pcunningham@hoflawgroup.com
*Attorneys for Defendants*
*International Credit Recovery, Inc.,*
*Richard Diorio, Jr., and*
*Cynthia Powell*