UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FUTURE SYSTEMS, INC., *et al.,*<br><br>Defendants. | Case No. 2:20-cv-02266<br><br>Judge Joel H. Slomsky |

**PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM IN REPLY TO ICR DEFENDANTS' RESPONSE TO AFS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

In a response to the AFS Defendants' Motion for Judgment on the Pleadings (ECF No. 97) (the "Motion"), the ICR Defendants take issue with certain points the FTC previously made in response to the same Motion. (ECF No. 101.) We write here for the limited purpose of replying to arguments that the ICR Defendants have raised that are distinct from the arguments the AFS Defendants made in support of the Motion.

## I. THE ALLEGATIONS OF THE FAC MEET THE *SHIRE VIROPHARMA* STANDARD AS TO THE ICR DEFENDANTS

The ICR Defendants' primary argument mirrors the AFS Defendants' *Shire ViroPharma*[1] argument, asserting that the First Amended Complaint does not sufficiently allege that the ICR Defendants are violating or are about to violate any law enforced by the FTC. (ECF No. 101 at p. 2.) The FTC's response to this argument is the same as to this element of the AFS Defendants' argument (ECF No. 99 at pp. 16-19),[2] except that we would point the Court to those

---

[1] *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019).

[2] We cite to ECF pagination.

elements of the FAC and the Court's previous Opinion that concern the ICR Defendants' conduct rather than the AFS Defendants' conduct.

As to the ICR Defendants, the FAC alleges ongoing conduct and reason to believe that the ICR Defendants are violating or are about to violate laws the FTC enforces at, among others, the following paragraphs: ECF No. 43, ¶¶ 33-43, 45-48, 50-55.[3] In its examination of the motions to dismiss, the Court summarized allegations against the ICR Defendants using present tense language at multiple points, demonstrating that these allegations are easily and naturally read to allege ongoing conduct. (ECF No. 85 at, *e.g.*, pp. 7-8, 18 n.26 (FAC alleges that the "ICR Defendants are attempting to collect purportedly invalid debts[.]")

## II. THE FTC'S CASE IS PERMITTED UNDER SECTION 13(B)

The next argument that the ICR Defendants make that is distinct from arguments raised by the AFS Defendants is that the FTC's entire case has been "impermissible" under Section 13(b) since the Third Circuit's decision in *AbbVie* in September 2020,[4] and that the FTC improperly failed to withdraw the FAC after that decision. (ECF No. 101 at p. 5 (asserting that "the government's case is impermissible," and that it was "incumbent on the [FTC] to inform the Court that its claims are impermissible.") This argument is unavailing for several reasons.

First, the ICR Defendants' premise is wrong. As described in detail in the FTC's response to the Motion, the lack of availability of equitable monetary relief does not in any way invalidate the FTC's pursuit of injunctive relief under Section 13(b). As set out in paragraph A of the FAC's Prayer for Relief, the FAC seeks a permanent injunction. There has never been any

[3] Those of the referenced paragraphs that make allegations about past conduct each also allege that the "ICR Defendants have not changed their collections practices," referring to ongoing activity. As explained in the FTC's response to the Motion, there is nothing that prohibits the FTC from alleging both past and ongoing conduct. (ECF No. 99 at pp. 17-19.)

[4] *FTC v. AbbVie, Inc.*, 976 F.3d 327 (3d Cir. 2020).

point at which the FTC's case here has been "impermissible." As such, the ICR Defendants have not shown that there has ever been any point at which the FTC was under a hypothetical obligation to withdraw the FAC.

Second, while the ICR Defendants want to call the chronology set out in the FTC's response to the Motion an "argument" (ECF No. 101 at p. 5), they do not dispute that it is an accurate recitation of background and context. Moreover, at the time the Court granted Plaintiffs' motion for leave to file the FAC, in January 2021, *AMG* was still pending and could have gone in favor of the FTC. So the inclusion in the FAC of requests for equitable monetary relief under Section 13(b) remained proper because it was based on non-frivolous arguments to modify or reverse existing law, namely *AbbVie*. *See* FED. R. CIV. P. 11(b)(2). Nothing about the chronology, or the ICR Defendants' response to it, warrants granting the Motion.

Third, the FAC as written and submitted prior to the *AbbVie* decision does not require (or even lend itself to) withdrawal of particular language in light of *AbbVie* and *AMG*.[5] The ICR Defendants rely on a case from the Southern District of New York, *FTC v. Vyera Pharmaceuticals, LLC, et al.*, Case No. 1:20-cv-00706, to argue that the FTC in this case should have moved for leave to withdraw its prayer for monetary relief, as was done in that case. But the prayers for relief in the FAC and the *Vyera* complaint are structured differently.

In *Vyera*, the relevant language that the FTC moved to withdraw is a stand-alone paragraph seeking monetary relief only pursuant to the federal claims; the prayer for relief pertaining to monetary relief pursuant to state law is a separate paragraph. *Vyera* ECF No. 397-5, Prayer for Relief ¶ 16,[6] relevant pages 2-3 and 76-78 from *Vyera* ECF No. 397-5 attached

---

[5] *AMG Capital Mgmt. v. FTC,* 141 S. Ct. 1341 (2021).

[6] *Vyera* ECF 91, the operative complaint, remains under seal. The publicly available version of *Vyera* ECF 91 is available at *Vyera* ECF 397-5.

as Exhibit A). In that case, because of the structure of the prayer for relief, the FTC was able to move to withdraw one particular paragraph of the prayer seeking equitable monetary relief solely on the FTC's federal law claims. (*Vyera* ECF No. 447, requesting leave to withdraw Prayer for Relief ¶ 16).

In contrast, there is no such distinct paragraph of the Prayer for Relief in the FAC here. The language of the Prayer for Relief in the FAC (again, drafted and submitted to the Court before *AbbVie* and *AMG*) intertwines the federal and state remedies, and the paragraph pertaining to monetary relief also refers to non-monetary relief. Citing both federal and state law, the full Prayer for Relief requests that the Court:

> A. Enter a permanent injunction to prevent future violations of the FTC Act, the Unordered Merchandise Statute, and the UTPCPL by Defendants;
>
> B. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the Unordered Merchandise Statute and the UTPCPL, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and
>
> C. Award Plaintiffs FTC and the Commonwealth the attorney fees and costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

(ECF No. 43, p. 23.) Given the combination of federal and state claims alleged, the Court continues to have the ability to grant relief requested in each paragraph of the Prayer for Relief, and therefore it is neither necessary nor appropriate for any paragraph to be withdrawn or dismissed.[7] The request for equitable monetary relief is just part of paragraph B, and paragraph B refers to the UTPCPL, under which monetary relief remains available.

[7] The ICR Defendants also appear to argue that the FTC's conduct here has somehow been improper because the record in *Vyera* shows that the court was provided notice of the *AMG* result within approximately one month of the decision. (ECF No. 101 at p. 5.) Here, as noted, *AMG* was on the record within days of the Supreme Court's decision, and the Court considered it

Fourth, the ICR Defendants are incorrect to assert or imply that the FTC has pursued claims for monetary relief since the *AMG* decision. It is true that the ICR Defendants raised the inability of the FTC to seek equitable monetary relief in May. It is also true that counsel for the FTC *agrees* with the ICR Defendants on that point, and that FTC counsel *expressly confirmed that inability the next time we spoke with counsel for the ICR Defendants*, during the referenced May 26 meet-and-confer call. The discovery dispute that led us to inform the ICR Defendants that a motion to compel would follow that meet-and-confer call concerns requests relating to the conduct of the ICR Defendants and AFS Defendants. As we did not know what the Special Master's preference would be as to how to we should present an additional dispute to him for resolution, we raised it with him in the parties' initial call with him on June 25. We followed by submitting it in writing to him on the next business day, June 28, 2021. The existence of a discovery dispute that is now before the Special Master is no basis for judgment on the pleadings.

## III. BY RULE, ANY ORDER THAT ADJUDICATES FEWER THAN ALL THE CLAIMS IN THIS ACTION MAY BE REVISED AT ANY TIME BEFORE THE COURT ADJUDICATES ALL CLAIMS

The ICR Defendants take issue with the FTC's request that any order on the question of equitable monetary relief under Section 13(b) be without prejudice, in recognition of the possibility that Congress may take action during the pendency of this action that would change the law and authorize the FTC to seek equitable monetary relief. The ICR Defendants incorrectly characterize this as seeking a "do-over to make the Defendants relitigate the entire case." (ECF No. 101 at p. 5.) In fact, it is exactly the opposite.

---

in ruling on the motions to dismiss and the AFS Defendants' motion to bifurcate and for a protective order.

An order regarding equitable monetary relief under Section 13(b) would not dispose of "the entire case." Pursuant to Federal Rule of Civil Procedure 54(b):

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*.

Fed. R. Civ. P. 54(b) (emphasis added). *See generally*, *Brown v. City of Pittsburgh*, 586 F.3d 263, 298 (3d Cir. 2009) (district court free to revisit partial dismissal in subsequent proceedings, citing Rule 54(b)). *Cf. Bane v. City of Phila.*, No. 09-2798, 2010 U.S. Dist. LEXIS 88132, *9-15 (E.D. Pa. Aug. 25, 2010) (Slomsky, J.) (where legal and factual issues of adjudicated claims are intertwined with those of unadjudicated claims, partial adjudication should not be certified as final for purposes of Rule 54(b)).

An intervening change in controlling law during the pendency of a matter is sufficient reason for a district court to revisit a previous non-final order, and the ICR Defendants do not contend otherwise. Indeed, the ICR Defendants assert that they "ought to be able to reserve their future rights should Congress change the law down the road to expressly exclude commercial collections from the reach of federal regulatory bodies." (ECF No. 101 at p. 5.) We agree that if Congress enacts such legislation during the pendency of this litigation, written in a way that would impact the FTC's claims here, and makes the new legislation applicable to pending matters, such a change in law would be appropriate for the Court to consider.

## IV. CONCLUSION

For these reasons, Plaintiff Federal Trade Commission respectfully requests that the Court reject the ICR Defendants' additional arguments in support of the AFS Defendants'

Motion for Judgment on the Pleadings, and that the Court deny the Motion. We have previously submitted a proposed form of order.

Respectfully submitted,

Dated: July 14, 2021

*/s/ Amy Hocevar*

AMY C. HOCEVAR (Ohio Bar #0075510)
CHRISTIAN M. CAPECE (W.V. Bar #10717)
DEREK E. DIAZ (Ohio Bar #0069755)
HARRIS A. SENTURIA (Ohio Bar #0062480)
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114
Hocevar Phone: (216) 263-3409
Capece Phone: (216) 263-3419
Diaz Phone: (216) 263-3421
Senturia Phone: (216) 263-3420
Fax: (216) 263-3426
ahocevar@ftc.gov
ccapece@ftc.gov
ddiaz@ftc.gov
hsenturia@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2021, the foregoing **PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM IN REPLY TO ICR DEFENDANTS' RESPONSE TO AFS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

*/s/ Amy Hocevar*
Attorney for Plaintiff