UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FUTURE SYSTEMS, INC., *et al.*,<br><br>Defendants. | Case No. 2:20-cv-02266<br><br>Judge Joel H. Slomsky |

**COMMONWEALTH OF PENNSYLVANIA'S REPLY TO RESPONSE OF DEFENDANT INTERNATIONAL CREDIT RECOVERY, INC., RICHARD DIORIO, JR. AND CYNTHIA POWELL, IN SUPPORT OF THE AFS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

In a response to the AFS Defendants' Motion for Judgment on the Pleadings (ECF No. 97) (the "AFS Motion"), Defendants International Credit Recovery, Inc. ("ICR"), Richard Diorio, Jr., and Cynthia Powell ("ICR Defendants") raise several additional issues from those raised in the AFS Motion, in a "Response." (ECF No. 101.) Co-Plaintiff Commonwealth of Pennsylvania, acting by Attorney General Josh Shapiro ("Commonwealth"), hereby files this responsive Reply for the purpose of addressing several of the newly raised arguments by the ICR Defendants.

First, the ICR Defendants assert that this Court has no jurisdiction at all for the Commonwealth's claims, and even if this Court did, relief should be limited to consumers within Pennsylvania. Second, the ICR Defendants purport that the Commonwealth must plead loss or damage under the "catch-all" provision at 73 P.S. 201-2(xxi), of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") in order to have standing to bring an action.

As articulated below, neither of these arguments hold up and the Court should deny the relief requested by the ICR Defendants in the Order that accompanied their Reply and also deny the pending AFS Motion. As an initial matter, the Commonwealth concurs in the arguments raised in the Reply of the Co-Plaintiff Federal Trade Commission ("FTC") as to their arguments in response to the ICR Defendants' Response. (ECF No. 102).

## I. ARGUMENT

As a threshold issue, the filing made by the ICR Defendants in response to the AFS Motion (ECF No. 97) should be rejected in its entirety. The proper vehicle to seek a court order is controlled by Federal Rule of Civil Procedure 7(b)(1). When a filing is disguised as a mere response, but in fact contains separate and independent bases for seeking a court order, that filing must be in the form of a motion. *See, e.g.*, *United States v. Weiss*, No. 19-502 , 2021 U.S. Dist. LEXIS 19073, at *11-12 (E.D. Pa. Feb. 2, 2021) (Slomsky, J.). Here, the ICR Defendants attempt to improperly expand the scope of the AFS Motion before the Court by advancing several additional arguments seeking relief that the AFS Motion does not seek. (*See* ECF No. 101 at 5-7). On this basis alone, the Court should reject the ICR Defendants' filing in its entirety.

If this Honorable Court wishes to address the various additional arguments, the Commonwealth first addresses the ICR Defendants' attempt to revive the supplemental jurisdiction question. As already definitively stated in an opinion by this Court, the UTPCPL claims are properly included in this action under the Federal Rules of Civil Procedure. (*See* ECF No. 41 at 6-10). Subsequently, the added claims survived the AFS and ICR Defendants' respective motions to dismiss those claims. (*See* ECF No. 86, 87). For reasons unknown to the Commonwealth, the ICR Defendants seek to relitigate this already-addressed issue. Further belaboring this point, the ICR Defendants also seek as part of their "Response" to the AFS

Motion to ask this Court to limit the scope of relief at this juncture. The ICR Defendants give no citation for restricting the Commonwealth's authority to address their behavior. They merely make a conclusory argument to the effect that they and their conduct are outside the reach of Pennsylvania law because they are domiciled in New York. The ICR Defendants have admitted, however, that more than 99% of ICR's revenue comes from doing business within the Commonwealth. (ECF No. 92 at ¶ 33; ECF No. 43 at ¶ 33.) Given the time this Court has already spent addressing the issue of supplemental jurisdiction and the unsupported nature of this request by the ICR Defendants, this Court should deny such request to dismiss all claims, or their alternative unsupported request to have the Commonwealth's injunctive powers limited to its borders. The Court will be able to address any scope of relief issue that the ICR Defendants want to properly raise and argue when there is a factual record.

The ICR Defendants also mistakenly frame this Court's grant of supplemental jurisdiction over the Commonwealth's claims in the unlikely event the FTC's claims are dismissed. 28 U.S.C. § 1367(c)(3) expressly grants this Court wide discretion to retain claims when all claims over which a district court has original jurisdiction are dismissed. The plain language of the statute ("may decline") makes declination of supplemental jurisdiction "permissive, not mandatory." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1508 (3d Cir. 1996). Maintaining the Commonwealth's claims by this Court which are so related to the case or controversy cannot cause the Commonwealth to "lack[] supplemental jurisdiction." (*See* ECF No. 101 at 7). Thus, the Commonwealth cannot accept the ICR Defendant's mistaken interpretation of Federal Law as they seek to limit the Commonwealth's ability to protect its citizens and regulate business activity taking place within its borders.

In any event, even if 28 U.S.C 1367 somehow functioned as described by the ICR Defendants, they remain well within the reach of the Commonwealth. The Commonwealth's long-arm statute permits the exercise of jurisdiction over non-residents to the limits of United States Constitution. *See* 42 Pa. Cons. Stat. § 5322(b). Here, ICR's affiliations with the Commonwealth are so continuous and systematic as to render ICR essentially at home in the Commonwealth for the purposes of jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014). Moreover, the Commonwealth's claims in this case relate to ICR's contacts with Pennsylvania such that ICR should reasonably anticipate being hauled into court here. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Among the facts supporting those conclusions are: (1) ICR has admitted that it receives 99% of its business from AFS; (2) Every penny that ICR collects on behalf of AFS is sent to the Commonwealth (to AFS); (3) Every penny of commissions that ICR earns is sent from the Commonwealth (from AFS); and (4) Every account that ICR collects for AFS is based on a transaction that was closed in the Commonwealth, by a Commonwealth entity, and is governed by Commonwealth law. Accordingly, ICR is properly answerable in Pennsylvania for all its collection activities on behalf of AFS regardless of ICR's residence or the location of those it is targeting.

Additionally, the ICR Defendants misstate the level of specificity with which the Commonwealth must plead in order to have standing to bring an action under the UTPCPL. Specifically, the ICR Defendants purport that the Commonwealth must identify all those affected by their debt collection business and then tally the damages or losses sustained by same. (EFS No. 101 at 6). Standing inapposite, *Commonwealth v. Peoples Benefit Services Inc*. held that this level of specificity is not required at this stage of the proceeding when bringing a claim in the public interest under the UTPCPL. 895 A.2d 683, 689 (Pa. Commw. 2006). This is especially so

when "the precise identity of consumers who purchased its products and the amounts these consumers paid, are better known to [the defendant] than to the Commonwealth." *Id*. In the case at bar, there is no question that the ICR Defendants know the identity of each and every consumer with a purported AFS debt. The task of identifying the affected consumers for the purposes of restitution is not the burden of the Commonwealth, but rather the ICR Defendants. Moreover, the parties to this action are still in the active process of discovery – which is the proper device to resolve these concerns raised by the ICR Defendants. As a result, the Court should decline the relief requested by the ICR Defendants in their Response. (ECF No. 101.)

## III. CONCLUSION

For these reasons, the Co-Plaintiff Commonwealth respectfully requests that the Court deny the requested relief in the ICR Defendants' Response to AFS's Motion for Judgment on the Pleadings. (ECF No. 101).

Respectfully submitted,

COMMONWEALTH OF PENNSYLVANIA

OFFICE OF ATTORNEY GENERAL

Josh Shapiro
Attorney General

Dated: July 15, 2021

*/s/ Sarah A. E. Frasch*

SARAH A. E. FRASCH
Chief Deputy Attorney General
PA Attorney I.D. No. 203529
15th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120
Tel: (717) 497-5123
Fax: (717) 705-3795
Email: sfrasch@attorneygeneral.gov

*/s/ John M. Abel*

JOHN M. ABEL

Senior Deputy Attorney General
PA Attorney I.D. No. 47313
15th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120
Tel: (717) 497-5931
Fax: (717) 705-3795
Email: jabel@attorneygeneral.gov

Attorneys for Plaintiff
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2021, the foregoing **COMMONWEALTH OF PENNSYLVANIA'S REPLY TO RESPONSE OF DEFENDANT INTERNATIONAL CREDIT RECOVERY, INC., RICHARD DIORIO, JR. AND CYNTHIA POWELL, IN SUPPORT OF THE AFS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

Dated: July 15, 2021

*/s/ John M. Abel*
JOHN M. ABEL
Senior Deputy Attorney General

Attorney for Plaintiff
COMMONWEALTH OF PENNSYLVANIA