IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FUTURE SYSTEMS, INC., et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 20-2266 |

# ORDER

**AND NOW**, this 26th day of July 2021, upon consideration of Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc., and Edward M. Satell's ("AFS Defendants") Motion for Judgment on the Pleadings (Doc. No. 97), Plaintiff Federal Trade Commission's Response in Opposition to the Motion (Doc. No. 99), Plaintiff Commonwealth of Pennsylvania's Response in Opposition to the Motion (Doc. No. 100), Defendants International Credit Recovery, Inc., Richard Diorio, Jr., and Cynthia Powell's ("ICR Defendants") Response in Support of the Motion (Doc. No. 101), Plaintiff Federal Trade Commission's Reply to ICR Defendants' Response (Doc. No. 102), AFS Defendants' Reply in Support of the Motion (Doc. No. 103), and Plaintiff Commonwealth of Pennsylvania's Reply to ICR Defendants' Response (Doc. No. 104), it is **ORDERED** as follows:

1. AFS Defendants' Motion for Judgment on the Pleadings (Doc. No. 97) is **DENIED**.[1]

[1] On May 13, 2020, Plaintiff Federal Trade Commission ("FTC") initiated this action against AFS Defendants and ICR Defendants under Section 13(b) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 53(b), and the Unordered Merchandise Statute ("UMS"), 39 U.S.C. § 3009. (See Doc. No. 1 ¶ 1.) FTC sought "permanent injunctive relief, rescission or reformation

of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices," in violation of Section 5(a) of the FTCA, 15 U.S.C. § 45(a), and the UMS, 39 U.S.C. § 3009, "in connection with Defendants' deceptive selling of and collection of payment for publication subscriptions." (Id.) Thereafter, FTC filed a Motion for Leave to File a First Amended Complaint (Doc. No. 20), attaching a proposed First Amended Complaint ("FAC") (Doc. No. 20-3) in which it sought to add to this action the Commonwealth of Pennsylvania ("the Commonwealth") as a co-Plaintiff, and four additional claims by the Commonwealth against Defendants under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq. (See Doc. Nos. 20 at 1; 20-1 at 1.) AFS Defendants opposed the Motion, arguing, inter alia, that the Court lacked supplemental jurisdiction over the Commonwealth's "purely state law claims." (Doc. No. 22 at 4.) On January 20, 2021, the Court granted FTC's Motion for Leave to File a First Amended Complaint, and in an Opinion issued that day, the Court held that it had supplemental jurisdiction over the state law claims and that the Commonwealth could properly be added as a party to this action. (See Doc. Nos. 41 at 6-10; 42.)

The next day, Plaintiffs FTC and the Commonwealth filed the FAC (Doc. No. 43), alleging facts identical to those set forth in the original Complaint. (See Doc. Nos. 1 ¶¶ 1-52; 43 ¶¶ 1-55.) In the FAC, FTC pleads that "[b]ased on the facts and violations of law alleged [there]in . . ., [it] has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission[,]" i.e., Section 5(a) of the FTCA, 15 U.S.C. § 45(a), and the UMS, 39 U.S.C. § 3009. (Doc. No. 43 ¶ 55; see also id. ¶ 1.) Thereafter, ICR Defendants filed a Motion to Dismiss Counts III and VII (Doc. No. 48), and AFS Defendants filed a Motion to Dismiss the Commonwealth's claims in Counts V, VI, and VIII (Doc. No. 55). (See Doc. No. 85 at 8 & nn.10-11.) On April 30, 2021, the Court denied Defendants' Motions to Dismiss. (See Doc. Nos. 85-86.)

On June 24, 2021, AFS Defendants filed the instant Motion for Judgment on the Pleadings (Doc. No. 97), which ICR Defendants "incorporate by reference and adopt" in their Response filed on July 8, 2021 in Support of the Motion (Doc. No. 101). (Id. at 1.) In the Motion, AFS Defendants contend that under the United States Supreme Court's recent decision in AMG Capital Management, LLC v. Federal Trade Commission, 141 S. Ct. 1341 (2021) and other court decisions, FTC's claims in the FAC must be dismissed because they are "improperly brought under Section 13(b) of the [FTCA,]" § 53(b). (Doc. No. 97-1 at 5.) Further, they argue that because FTC's claims fail as a matter of law, the Court should refrain from exercising supplemental jurisdiction over the Commonwealth's "purely state-law claims." (Id.) Thereafter, FTC and the Commonwealth filed separate Responses in Opposition to the Motion (Doc. Nos. 99-100) and Replies to ICR Defendants' Response in Support of the Motion (Doc. Nos. 102, 104). On July 14, 2021, AFS Defendants filed a Reply. (Doc. No. 103.)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a court must consider only those documents contained in the pleadings. See Moco Invs., Inc. v. United States, 362 F. App'x 305, 307 n.4 (3d Cir. 2010) (explaining that the district

court's consideration of documents outside the pleadings converts the motion for judgment on the pleadings into a motion for summary judgment).

A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (explaining that "[t]here is no material difference in the applicable legal standards" for Rule 12(b)(6) and Rule 12(c) motions). Like a motion to dismiss, under Rule 12(c) "the trial court must view the facts in the pleadings in the light most favorable to plaintiff and must grant the motion only if the moving party establishes that no material issues of fact remain[] and that it is entitled to judgment as a matter of law." Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986); see also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). A motion for judgment on the pleadings is granted only where "the plaintiffs would not be entitled to relief under any set of facts that could be proved." Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001).

### A. Neither AMG Capital Nor Other Cases Relied Upon By Defendants Preclude FTC's Section 13(b) Claims for Permanent Injunctive Relief

In AMG Capital, the Supreme Court addressed the issue of whether Section 13(b) of the FTCA, 15 U.S.C. § 53(b), the provision at issue here, "authorizes [FTC] to seek, and a court to award, equitable monetary relief such as restitution or disgorgement." AMG Cap. Mgmt., LLC, 141 S. Ct. at 1344. In holding that Section 13(b) does not authorize such monetary relief, the Supreme Court discussed the history of the FTCA and FTC's authority thereunder. See id. at 1345-7. To summarize, the FTCA prohibits, inter alia, "unfair or deceptive acts or practices" involving commerce, 15 U.S.C. § 45(a)(1), and empowers FTC to enforce this prohibition through administrative proceedings (Section 5) and lawsuits in federal court (Section 13(b)). See §§ 45(b), 53(b); FTC v. Shire ViroPharma, Inc., 917 F.3d 147, 155 (3d Cir. 2019) ("FTC has multiple instruments in its toolbox . . . among these are administrative proceedings and lawsuits in federal court."). In Section 5 cases, i.e., where FTC commences administrative proceedings, district courts have the authority under Section 5(l) and Section 19, §§ 45(l), 57b(b), "to impose limited monetary penalties and to award monetary relief . . . ." AMG Cap. Mgmt., LLC, 141 S. Ct. at 1348-9. As mentioned, in Section 13(b) cases like the one presently before the Court, although monetary remedies are unavailable, injunctive relief can still be imposed. See id. at 1343-44, 1349.

Section 13(b) of the FTCA, § 53(b), "authorizes [FTC] to obtain, 'in proper cases,' a 'permanent injunction' in federal court against 'any person, partnership, or corporation' that it believes 'is violating, or is about to violate, any provision of law' that the [FTC] enforces." AMG Cap. Mgmt., LLC, 141 S. Ct. at 1344 (quoting § 53(b)). As discussed infra, in the FAC, FTC seeks a permanent injunction under Section 13(b) with respect to Defendants' alleged "deceptive selling of and collection of payment for publication subscriptions[,]" in violation of the FTCA. (Doc. No. 43 ¶ 1.)

In the instant Motion for Judgment on the Pleadings, Defendants seek to dismiss FTC's claims

as a matter of law, contending that under AMG Capital, Section 13(b) precludes FTC from obtaining not only monetary relief but also a permanent injunction without initially obtaining preliminary injunctive relief or pursuing administrative proceedings set forth in Section 5. (See Doc. No. 97 at 1-2); §§ 45(b), 53(b). In its Response, FTC concedes that consistent with the holding in AMG Capital, absent "a change in law, [it] does not seek and will not pursue equitable monetary relief in this matter." (Doc. No. 99 at 11.) Thus, the parties do not dispute that monetary relief is unavailable under Section 13(b). (See Doc. Nos. 97-1 at 13; 99 at 10-12.) However, FTC submits that the AMG Capital decision does not prevent it from seeking a permanent injunction against Defendants directly in the district court under Section 13(b). (See Doc. No. 99 at 5, 12-15.) Moreover, FTC avers it may do so under this provision without obtaining prior preliminary injunctive relief or invoking the FTCA's administrative procedures. (See id. at 13-15, 19-21.) Accordingly, FTC argues that its claims against Defendants for Section 13(b) injunctive relief are properly before the Court and Defendants' Motion should be denied.

In Defendants' Motion, they contend that AMG Capital placed additional limitations on Section 13(b) actions in the district courts—namely, that this provision may not be used to seek: (1) "permanent injunctive relief in federal court that is not 'directly related' to previously granted temporary or preliminary injunctive relief[,]" or (2) "an injunction as a means of evading the FTC's administrative process . . . ." (Doc. No. 97-1 at 5-6) (citation omitted). But the clear language of the AMG Capital decision is contrary to Defendants' interpretation of Section 13(b) of the FTCA. See 15 U.S.C. § 53(b).

Neither AMG Capital nor any other case in this Circuit or others requires FTC to seek or obtain a temporary restraining order or preliminary injunction before pursuing permanent injunctive relief under Section 13(b). In AMG Capital, the Supreme Court stated that Section 13(b) "permits [FTC] to proceed directly to court (prior to issuing a cease and desist order [as set forth in Section 5]) to obtain a 'temporary restraining order or a preliminary injunction,' and also allows [FTC], 'in proper cases,' to obtain a court-ordered 'permanent injunction.'" AMG Cap. Mgmt., LLC, 141 S. Ct. at 1436 (quoting § 53(b)). It did not opine that a permanent injunction under Section 13(b) must be "'directly related' to previously granted temporary or preliminary injunctive relief . . . ." (Doc. No. 97-1 at 5-6.) Rather, the Supreme Court used the phrase "directly related" to support its interpretation of Section 13(b) as only precluding equitable monetary relief:

> [T]he appearance of the words "permanent injunction" (as a proviso) suggests that those words are directly related to a previously issued preliminary injunction. They might also be read, for example, as granting authority for the Commission to go one step beyond the provisional and ("in proper cases") dispense with administrative proceedings to seek what the words literally say (namely, an injunction). But to read those words as allowing what they do not say, namely, as allowing the Commission to dispense with administrative proceedings to obtain monetary relief as well, is to read the words as going well beyond the provision's subject matter. . . .

AMG Cap. Mgmt., LLC, 141 S. Ct. at 1348 (emphasis added). Cases from other circuits confirm that FTC may seek a permanent injunction under Section 13(b) without initially obtaining preliminary relief. In Federal Trade Commission v. Credit Bureau Center, LLC, 937 F.3d 764, 766 (7th Cir. 2019), FTC sought and obtained in the first instance a permanent injunction under Section 13(b). In affirming the injunction, the Seventh Circuit Court of Appeals made clear that Section 13(b) "by its terms authorizes temporary restraining orders and permanent injunctions to enjoin violations of federal trade law." Id. at 769; see also Shire ViroPharma, Inc., 917 F.3d at 157 n.14 (citing F.T.C. v. Evans Products Co., 775 F.2d 1084, 1086 (9th Cir. 1985)) (stating that the Ninth Circuit accepted FTC's position that Section 13(b)'s "permanent injunction proviso was a standalone cause of action that authorized it to obtain a permanent injunction against violations of any provision of law it enforced."). Thus, a permanent injunction under Section 13(b) need not be preceded by preliminary injunctive relief.

Moreover, AMG Capital does not stand for the proposition that a permanent injunction under Section 13(b) must be sought in conjunction with an administrative proceeding under Section 5. Rather, in AMG Capital, the Supreme Court clearly stated that FTC "may use [Section] 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, or when it seeks only injunctive relief." 141 S. Ct. at 1349 (emphasis added); see also id. at 1343 ("Section 13(b) allows the Commission to go directly to district court when the Commission seeks injunctive relief pending administrative proceedings or when it seeks only a permanent injunction."). Further, in discussing Section 13(b)'s evolution as FTC's preferred enforcement tool over its Section 5 administrative process, the Supreme Court clarified the issue before it:

> Our task here is not to decide whether this substitution of § 13(b) for the administrative procedure contained in § 5 and the consumer redress available under § 19 is desirable. Rather, it is to answer a more purely legal question: Did Congress, by enacting § 13(b)'s words, "permanent injunction," grant [FTC] authority to obtain monetary relief directly from courts, thereby effectively bypassing the process set forth in § 5 and § 19?

Id. at 1347. In AMG Capital, the Supreme Court answered the question with a "no." See id. Accordingly, after AMG Capital, FTC may not use Section 13(b) to obtain monetary relief directly from courts. See id.

The decisions relied upon by Defendants do not support the notion that a permanent injunction must be preceded by a preliminary injunction or an administrative proceeding. In discussing the differences between Section 13(b)'s permanent injunction provision and "the provision governing temporary restraining orders and preliminary injunctions," the Seventh Circuit in Credit Bureau Center mentioned its holding in a prior case that "[FTC] can seek a permanent injunction without initiating an internal adjudication[.]" 937 F.3d at 773 (citing United States v. JS & A Grp., 716 F.2d 451, 456-57 (7th Cir. 1983)); see also id. at 771 ("Under [S]ection 13(b) of the FTCA, the Commission can forego any administrative adjudication or rulemaking and directly pursue a temporary restraining order and a preliminary or permanent injunction in federal court."); F.T.C. v. NHS Sys., Inc., 936 F. Supp. 2d 520, 537-38 (E.D. Pa. 2013) (granting

FTC's request for a permanent injunction without mentioning Section 5 administrative process). And in Federal Trade Commission v. Shire ViroPharma, Inc., 917 F.3d 147, 155 (3d Cir. 2019), the Third Circuit Court of Appeals noted that FTC can use, inter alia, administrative proceedings and federal lawsuits to enforce FTCA violations. See also id. at 156 (applying Section 13(b)'s requirement that FTC plead an ongoing or imminent FTCA violation to the permanent injunction provision); 15 U.S.C. § 53(b)(1) (requiring FTC to plead in a Section 13(b) action that "[it] has reason to believe . . . [the defendant] is violating, or is about to violate, any provision of law enforced by [FTC] . . . ."). Nor does Federal Trade Commission v. AbbVie, Inc, 976 F.3d 327 (3d Cir. 2020) lend Defendants support, for in that case, the Third Circuit held that Section 13(b)'s provision allowing FTC in a proper case to seek directly in the district court a permanent injunction "does not empower district courts to order disgorgement." Id. at 376.

For all these reasons, Section 13(b) may be used in conjunction with or instead of the administrative process contained in Section 5, and FTC's decision not to pursue Section 5 proceedings against Defendants is not fatal to its claims in the instant case.

In addition, under Section 13(b), FTC may bring an action in this Court to obtain a permanent injunction without initially obtaining preliminary injunctive relief. Therefore, FTC's claims in the FAC for a permanent injunction are proper under Section 13(b).

**B. The FAC Alleges that Defendants Are Violating or Are About to Violate Laws Enforced by FTC**

Under Section 13(b), FTC must "ha[ve] reason to believe . . . that . . . [Defendants are] violating, or [are] about to violate, any provision of law enforced by [FTC] . . . ." 15 U.S.C. § 53(b)(1). Accordingly, FTC "must plead that a violation of the [FTCA] 'is' occurring or 'is about to' occur[,]" i.e., the FAC must allege that Defendants' "existing or impending conduct" violates the FTCA. Shire ViroPharma, Inc., 917 F.3d at 156, 159 (quoting 15 U.S.C. § 53(b)).

In the instant Motion, Defendants argue that FTC fails to state a claim for injunctive relief because the allegations in the FAC concern Defendants' past conduct and therefore do not amount to an "existing or impending" violation of the FTCA. Id. at 156 (3d Cir. 2019); (see also Doc. Nos. 97 at 1; 97-1 at 6.) In its Response, FTC asserts that the FAC properly pleads ongoing illegal conduct and that the allegations regarding Defendants' past conduct are still relevant to the Court's determination of whether injunctive relief should ultimately issue. (See Doc. No. 99 at 16-19.)

In the FAC, FTC alleges that Defendants' "selling of and collection of payment for publication subscriptions" constitute "unfair or deceptive acts or practices," in violation of the FTCA. 15 U.S.C. § 45(a)(1). Specifically, the FAC alleges that Defendants are presently engaged in the business of selling and collecting payment for publication subscriptions and that their current acts or practices constitute deceptive commercial conduct that violates Section 5(a), § 45(a). (See Doc. No. 43 ¶¶ 1, 9-16, 19, 20-25.) Based on the allegations in the FAC, FTC pleads that

2. Since ICR Defendants adopt AFS Defendants' Motion for Judgment on the Pleadings (Doc. No. 97), ICR Defendants' Motion (Doc. No. 101) also is **DENIED**. (See id. at 1.)

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

it "has reason to believe that Defendants are violating or are about to violate laws [it] enforce[s] . . . ." (Id. ¶ 55.) Accordingly, the FAC sufficiently alleges "existing or impending" violations of the FTCA by Defendants, and FTC's claims for injunctive relief will not be dismissed. Shire ViroPharma, Inc., 917 F.3d at 156.

**C. The Court Will Continue to Exercise Supplemental Jurisdiction Over the Commonwealth's Claims**

In the Motion, Defendants also seek dismissal of the Commonwealth's claims for lack of jurisdiction. (See Doc. Nos. 97 at 2; 97-1 at 18-21.) However, this request is predicated on the dismissal of FTC's claims in the FAC. (See ids.) As discussed above, FTC's claims for injunctive relief under Section 13(b) are properly before the Court and will not be dismissed. Moreover, the Court previously held that it could properly exercise supplemental jurisdiction over the Commonwealth's state law claims under the UTPCPL. (See Doc. No. 41 at 6-9.) For these reasons, the Court will continue to exercise supplemental jurisdiction over the Commonwealth's claims in the FAC.

Based on the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (Doc. No. 97) will be denied.