**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | : | Civil Action No. 2:20-cv-02266 |
| *Plaintiffs*, | : | |
| v. | : | |
| AMERICAN FUTURE SYSTEMS, INC., *et al.*, | : | |
| *Defendants*. | : | |

**AFS'S NOTICE OF SUBMISSION OF ITS OPPOSITION TO PLAINTIFFS' JOINT MOTION TO COMPEL DEFENDANT AMERICAN FUTURE SYSTEMS, INC. TO DESIGNATE A CORPORATE REPRESENTATIVE UNDER RULE 30(b)(6) ON VARIOUS DEPOSITION TOPICS**

At the direction of Special Master James R. Rohn, Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc., and Edward M. Satell (collectively referred to herein as "AFS"), by their undersigned counsel, give notice of their Opposition to the Joint Motion of Plaintiffs Federal Trade Commission and Commonwealth of Pennsylvania to Compel Defendant American Future Systems, Inc. to Designate a Corporate Representative Under Rule 30(b)(6) on Various Deposition Topics, submitted to the Special Master on December 31, 2021.

Respectfully submitted,

**WHITE AND WILLIAMS, LLP**

*/s/ David H. Marion*

David H. Marion, Esquire
Morgan S. Birch, Esquire
PA ID Nos. 3590; 319358
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-7000
Fax: (215) 789-7517
*mariond@whiteandwilliams.com*
*birchm@whiteandwilliams.com*

**DLA PIPER LLP**

*/s/ Ilana H. Eisenstein*

Ilana H. Eisenstein, Esquire
PA ID No. 94907
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3351
Fax: (215) 606-3551
*ilana.eisenstein@us.dlapiper.com*

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Mark S. Stewart*

Mark S. Stewart, Esquire
Casey Coyle, Esquire
PA ID Nos. 75958; 307712
213 Market Street, 8th Floor
Harrisburg, PA 17101
Tel: (717) 237-7192
Fax: (717) 237-6019
*mstewart@eckertseamans.com*
*ccoyle@eckertseamans.com*

*Attorneys for Defendants American Future Systems, Inc.,*
*Progressive Business Publications of New Jersey, Inc., and Edward M. Satell*

Date: December 31, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| FEDERAL TRADE COMMISSION, *et al.*, | : | Civil Action No. 2:20-cv-02266 |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN FUTURE SYSTEMS, INC., *et al.*, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

## AFS'S OPPOSITION TO PLAINTIFFS' JOINT MOTION TO COMPEL DEFENDANT AMERICAN FUTURE SYSTEMS, INC. TO DESIGNATE A CORPORATE <u>REPRESENTATIVE UNDER RULE 30(b)(6) ON VARIOUS DEPOSITION TOPICS</u>

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.1, Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc., and Edward M. Satell (collectively referred to herein as "AFS"), by its undersigned counsel, submits its Opposition to the Joint Motion of Plaintiffs Federal Trade Commission and Commonwealth of Pennsylvania to Compel Defendant American Future Systems, Inc. to Designate a Corporate Representative Under Rule 30(b)(6) on Various Deposition Topics (the "Motion"). As set forth more fully in the accompanying Memorandum of Law, which is incorporated by reference herein, Plaintiffs' Motion fundamentally exploits AFS's efforts to reach agreement on these topics, and exclusively relies upon a series of conclusory statements and baseless accusations and should be denied.

28174808v.1

Respectfully submitted,

**WHITE AND WILLIAMS, LLP**

*/s/ David H. Marion*
David H. Marion, Esquire
Morgan S. Birch, Esquire
PA ID Nos. 3590; 319358
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-7000
Fax: (215) 789-7517
*mariond@whiteandwilliams.com*
*birchm@whiteandwilliams.com*

**DLA PIPER LLP**

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein, Esquire
PA ID No. 94907
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3351
Fax: (215) 606-3551
*ilana.eisenstein@us.dlapiper.com*

**ECKERT SEAMANS CHERIN &
MELLOTT, LLC**

*/s/ Mark S. Stewart*
Mark S. Stewart, Esquire
Casey Coyle, Esquire
PA ID Nos. 75958; 307712
213 Market Street, 8th Floor
Harrisburg, PA 17101
Tel: (717) 237-7192
Fax: (717) 237-6019
*mstewart@eckertseamans.com*
*ccoyle@eckertseamans.com*

*Attorneys for Defendants American Future Systems, Inc.,
Progressive Business Publications of New Jersey, Inc., and Edward M. Satell*

Dated: December 31, 2021

28174808v.1                                                                                    28174808v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| FEDERAL TRADE COMMISSION, *et al.*, | : | Civil Action No. 2:20-cv-02266 |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN FUTURE SYSTEMS, INC., *et al.*, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

**AFS'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' JOINT MOTION TO COMPEL DEFENDANT
AMERICAN FUTURE SYSTEMS, INC. TO DESIGNATE A CORPORATE
REPRESENTATIVE UNDER RULE 30(b)(6) ON VARIOUS DEPOSITION TOPICS**

David H. Marion, Esquire
Morgan S. Birch, Esquire
**WHITE AND WILLIAMS, LLP**
PA ID Nos. 3590; 319358
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103

Mark S. Stewart, Esquire
Casey Coyle, Esquire
**ECKERT SEAMANS CHERIN &
MELLOTT, LLC**
PA ID Nos. 75958; 307712
213 Market Street, 8th Floor
Harrisburg, PA 17101

Ilana H. Eisenstein, Esquire
**DLA PIPER LLP**
PA ID No. 94907
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103

*Attorneys for Defendants American Future Systems, Inc.,
Progressive Business Publications of New Jersey, Inc., and Edward M. Satell*

Dated:  December 31, 2021

## I.      INTRODUCTION

Plaintiffs' Motion requests that this Court overrule AFS's lawful objections and compel it to designate a representative to testify on a range of topics that have been adequately encompassed by other forms of discovery, are outside of the scope of this litigation, and seeking testimony on information not maintained by AFS in the ordinary course of its business. Plaintiffs' Motion is riddled with baseless and wildly inflammatory accusations against AFS and Defendant Edward M. Satell to which Plaintiffs have failed to provide **any** such support (*see e.g.* "..AFS and Mr. Satell's continued flouting of the law…" and "A substantial number of the invoices appear to have been modified by AFS…" which dangerously toes the line of accusing AFS of criminal fraud). Such scorched earth tactics by the government have needlessly increased the cost of litigation, exacerbated the uncivil tone of this matter, and only served to further prolong an already unnecessarily protracted litigation.  Plaintiffs, once again, aim at overburdening AFS to provide irrelevant, overbroad, and inappropriate deposition testimony in furtherance of its now four-year fishing expedition into AFS. Moreover, the presentation of such irrelevant and unrelated testimony would have no logical bearing to the outcome of this litigation and will further delay this litigation from getting to the merits of the case. As AFS has stated on multiple occasions, Plaintiffs' claims are not complicated and, assuming they had any validity (which they do not), could be established by considering a minimal set of key documents and testimony. Plaintiffs' transparent attempt to avoid the merits, by weaponizing the discovery process to punish both sets of defendants in this matter, exposes their baseless claims for what they are.

Despite repeated efforts by AFS to cooperatively work with Plaintiffs throughout discovery, and on the topics which are the subject of this Motion, Plaintiffs continue to smear

28174808v.1

AFS and its counsel throughout its pleadings, which cannot go unnoticed by this Court. Plaintiffs

Motion must be denied.

## II.      RELEVANT FACTUAL HISTORY

On October 29, 2021 counsel for Plaintiffs sent AFS a letter requesting AFS's

participation in a meet and confer on a list of proposed deposition topics pursuant to Federal

Rule of Civil Procedure 30(b)(6). *See* Plaintiffs' Motion as App. 005. The list contained 28

separate topics, including a plethora of subtopics and categories. *See* Plaintiffs' Motion as App.

006-008. AFS responded on November 12 with preliminary responses and objections to these

topics and offered to meet and confer about any issues. The parties subsequently met and

conferred on November 19, with Plaintiffs writing to AFS on November 23 to memorialize what

they understood the outcome of that conference to be. AFS responded on December 6,

withdrawing several objections but maintaining others, in many cases on topics where Plaintiffs'

counsel refused to modify said topics in response to AFS's concerns and valid objections. The

instant motion followed.

## III.     LEGAL STANDARD

Relevant discovery must be (i) tied to the allegations of plaintiffs' complaint, (ii)

proportionate to the needs of the case, and (iii) balanced against the burden imposed on

defendants. Fed. R. Civ. P. 26(b)(1). In considering what is proportional to the needs of the case,

the Rules give several factors, including "the parties' resources, the importance of the discovery

in resolving the issues, and whether the burden or expense of the proposed discovery outweighs

its likely benefit." *Id.* The court must also limit discovery if the discovery sought is

"unreasonably cumulative or duplicative," or if it falls outside the scope of Rule 26(b)(1). Fed.

R. Civ. P. 26(b)(2)(C)(i) and (iii).

The scope of discovery under Rule 30(b)(6) parallels the scope of relevant discovery under Rule 26(b)(1). *See Cabot Corp. v. Yamulla Enters.*, 194 F.R.D. 499, 500 (M.D. Pa. 2000). The requirement for reasonable particularity in Rule 30(b)(6) requires "that the requesting party describe topics with enough specificity to enable the responding party to designate or prepare one or more deponents." *Fifth Third Bank v. Westwood Zamias Ltd. P'ship*, No. 3:18-cv-143, 2019 U.S. Dist. LEXIS 59512 at *4 (W.D. Pa. Feb. 6, 2019) (*quoting Nippo Corp./Intern. Bridge Corp. v. AMEC Earth & Environ., Inc.*, No. 09-cv-0956, 2009 U.S. Dist. LEXIS 115698, at *7 (E.D. Pa. Dec. 11, 2009).

Courts, however, may quash or narrow topics that are overly broad. *See Leonard v. Wal-Mart Stores, Inc.*, No. 15-6211, 2017 U.S. Dist. LEXIS 220768 at *2-3 (E.D. Pa. Jan. 10, 2017) (narrowing the scope of 30(b)(6) deposition topics to the specific products which were at issue in the claims and defenses in the litigation, and deeming the remainder of the requests as to other products overbroad); *Unzicker v. A.W. Chesterston Co.*, No. 11-cv-66288, 2012 U.S. Dist. LEXIS 76492 at *23 (E.D. Pa. May 31, 2012) (narrowing deposition topics where the notice sought testimony regarding products that the deponent had never worked with and sought information about products for a thirty-year period). *See also Reid v. Temple Univ. Hosp.*, No. 17-2197, 2019 U.S. Dist. LEXIS 31017 at *3-6 (E.D. Pa. Feb. 27, 2019) (finding many of plaintiff's proposed 30(b)(6) topics, such as seeking Temple's policies regarding discipline and/or termination, were not properly limited and therefore were overly broad).

In *Reid*, the court also noted that many of the proposed topics sought information that would be more conveniently obtained from other sources. 2019 U.S. Dist. LEXIS 31017 at *4. For example, the plaintiff sought 30(b)(6) testimony regarding demographic information of terminated employees. *Id*. Instead, the court approved defendant's offer to produce documents

containing this information for relevant employees, as it saw such information as a proper subject for a request for production of documents. *Id*. at *5. Similarly, the plaintiffs also sought testimony regarding financial records for specific employees. *Id*. But the court stated that "to require a corporate designee to review and discuss such financial records would likely not provide additional relevant information and would only be a waste of resources." *Id*. Finally, the court also noted that certain proposed topics would be better directed at fact witnesses who would be deposed. *Id*. at *5-6.

## IV.    ARGUMENT

### A.    Plaintiffs' Topic No. 24 Requests Testimony Regarding AFS's Document Retention And Storage Policies and Practices Which Are Wholly Unrelated To The Claims And Defenses In This Matter, And Should Be Appropriately Limited.

Plaintiffs proposed 30(b)(6) Topic No. 24 requests testimony on AFS's document retention "policies and practices" for time periods pre-dating this litigation, covering topics that are wholly unrelated to the claims and defenses in this matter. Plaintiffs' arguments in pursuit of this irrelevant testimony contains a slew of baseless, inflammatory, and inappropriate accusations against AFS and its counsel. Moreover, the accusations about AFS's document retention policies to which Plaintiffs rely in support of their arguments are plainly incorrect.

The first part of Topic No. 24 requests testimony on AFS's "document retention and storage policies and practices and litigation hold implementation practices since receipt of the FTC's Civil Investigative Demand."  The FTC issued its Civil Investigative Demand ("CID") on August 28, 2017. The FTC filed the original Complaint in this litigation on May 13, 2020. There is a not a single accusation in the original Complaint or the Amended Complaint which relates to AFS's document retention storage policies or practices, let alone those that occurred prior to the date of the filing of the Complaint in this matter. Moreover, AFS and its counsel have gone to

great lengths to provide in writing and throughout various meet and confer calls with counsel, the manner in which AFS's record keeping system is maintained and in turn the manner in which requested information and documents can be produced in this litigation. Lastly, as has also been explained in great detail both in writing and throughout various meet and confer calls with counsel, AFS maintains multiple platforms on which AFS stores its business records (e.g. one platform containing inbound voicemails; another platform containing outbound sales calls; another platform containing subscriber specific order history and publication information, etc.). Up until the date on which AFS discontinued its telemarketing activities this past fall, its various platforms were utilized and maintained by multiple individuals (many of which are no longer employed by AFS). To request AFS to prepare a corporate representative on this overbroad topic would be virtually impossible. AFS continues to be agreeable to answering any inquires Plaintiffs have regarding its record keeping system, informally or by way of verified written discovery request.

The second part of Topic No. 24 requests testimony on the unintentional deletion "of Susan Grabert's email" prior to the inception of this litigation. On August 3, 2018, counsel for AFS wrote to the FTC to alert it of this accidental deletion and made every effort to describe in detail the reasons Ms. Grabert, not AFS, deleted various personal correspondence pertaining to her medical history. This letter is signed by counsel. To request AFS designate a corporate representative to discuss this topic, which has already been explained by counsel, is unrelated to the claims and defenses in this litigation and occurred prior to the date of the inception of this litigation, would be plainly redundant and unnecessary. Once again, should Plaintiffs have any additional inquiries regarding this deletion, AFS continues to be agreeable to answering any such inquiry informally or by way of written discovery request.

28174808v.1

The third, fourth, and fifth part of Topic No. 24 requests testimony regarding "the retention or deletion of replies to automated emails sent to subscribers; the retention or deletion of voicemails from subscribers; the retention or deletion of emails sent to or from PBP's telemarketing branches and the handling of returned invoices received by PBP." While AFS, maintains its objections that these topics for lack of relevance and strongly and expressly denies the inflammatory accusations contained within Plaintiffs Motion as it pertains to these sub-topics (*see e.g.* "AFS has been unable to locate documents or has failed to provide information as to whether AFS retained the documents."; "A substantial number of the invoices appear to have been modified by AFS…", which both are plainly and unequivocally without merit), to avoid further motions practice, AFS is agreeable to produce a witness(es) on these topic for the time period of July 1, 2015 to present, to the extent that such employees are still employed at AFS and if not to identify such employees last known address.

>    **B.    Plaintiffs Topic No. 5 Requests Irrelevant, Overbroad Testimony Regarding Prior Investigations Having No Bearing On This Litigation, And Must Be Appropriately Limited.**

AFS has been clear that it has no objection to providing general testimony regarding prior investigations into its business practices within the relevant time period set forth by this Court. However, the specificity of the information sought surrounding these investigations continues to be overbroad and wholly unrelated to the claims and defenses in this matter. (*See* Topic No. 5, seeking "testimony on the allegations of the actions, the course of the actions, AFS's understanding of the resolution of the actions, whether Ed Satell was made aware of any of the actions, and any changes to AFS's policies, procedures, or business activities as a result of any of the actions.").

AFS further maintains that to the extent this topic seeks to solicit testimony regarding Defendant Edward M. Satell's knowledge of such investigations, as expressly stated by Plaintiffs

in its Revised Deposition Topics, that information should be sought through direct deposition

testimony of Mr. Satell, not through speculative testimony from a corporate representative.

Moreover, the bombastic accusation by the government of "Mr. Satell's continued flouting of the

law since July of 215" is entirely inappropriate, baseless, and unproductive to any resolution of

this matter, let alone this litigation as a whole. Any subsequent change in policies, procedures, or

business activities as a result of these unrelated investigations is plainly immaterial to the claims

or defenses in this matter.

> **C.    Plaintiffs' Requests to Obtain Testimony Pertaining To The Organizational Structure of AFS's Business Outside of the Scope of the Claims and Defenses In this Matter Is Overbroad and Constitutes Nothing More Than A Fishing Expedition Into AFS.**

Topic Nos. 1 and 2 seek deposition testimony concerning the organizational structure of

AFS, without any limitation to the claims and defenses in this matter, specifically the areas of

AFS's business at issue in this litigation. As phrased, Topic Nos. 1 and 2 are plainly overbroad

and constitute nothing more than a fishing expedition into other areas of AFS's business

unrelated to this litigation and the alleged deceptive sales practices at issue in Plaintiffs'

Amended Complaint.

AFS has no objection to providing detailed testimony of AFS's organizational structure

as it relates to the stream of business at issue in this litigation – telemarketing sales and all areas

related to such sales. However, as Plaintiffs are aware from their respective three-year long

investigations, AFS has multiple streams of business entirely unrelated to the claims brought by

Plaintiffs in the Amended Complaint. Despite this fact, Plaintiffs argue they are entitled to

testimony regarding the organizational structure of *all* areas of AFS business. In support of this

bold argument, Plaintiffs attempt to tangentially link unrelated areas of AFS's business to "some

cognizable danger that AFS will commit law violations in the future."  This preposterous

argument falls flat for multiple reasons. First, as a result of market factors and the COVID pandemic, AFS has ceased the line of business at issue in this matter for reasons entirely unrelated to this litigation. Counsel for AFS has stated as much in multiple letter exchanges with counsel for Plaintiffs and the Special Master. No testimony regarding AFS's other lines of business would have any bearing on any legitimate injunctive relief which could be requested from this Court.

The cases cited by Plaintiffs are easily distinguishable, bear little similarity to the case at hand, and do not involve violations of the FTC Act. The first, *SEC v. Bonastia* involves the sale of securities in the form of limited partnerships in real estate ventures. 614 F.2d 908, 910 (3d Cir. 1980). The fraudulent conduct at issue in that matter consisted of inaccuracies in memoranda setting forth the terms of sale, overselling limited partnerships, and in some cases failing to obtain any property even when adequate funding was secured. *Id*. at 911. The second, *SEC v. Murphy* similarly involved the failure to disclose accurate statements about the financial health of defendant's company. 626 F.2d 633, 638 (9th Cir. 1980). Furthermore, the court in *Murphy* found injunctive relief to be warranted due to a lack of sincerity in the defendant's statements that he would comply with requirements going forward (which is not the case here). *Id*. at 656. The only evidence of this reformation was a statement that he intended to comply. *Id*. In the case at hand, AFS has not just made a vague promise, but has taken concrete steps to ending its telemarketing practices and has shown a reasonable business rationale for doing so. Finally, in *CTFC v. Hunt*, the defendants were accused of exceeding a limit set for soybeans futures contracts. 591 F.2d 1211, 1214 (7th Cir. 1979). The defendants in Hunt maintained their challenged practices "throughout the enforcement proceedings until the futures contracts came to their natural conclusion." *Id*. at 1220. Once again, this is not the case here, as AFS has

voluntarily ceased telemarketing activities, and would have done so anyway even if the FTC and Commonwealth had not brought this suit.

Allowing Plaintiffs to examine AFS representatives in accordance with Topic Nos. 1 and 2 would be grossly disproportionate to the needs of this case. Plaintiffs' claims that they only seek "the most basic information about the organization and scope of work of AFS," but such information has already been provided in other forms, including the organization chart specifically referenced by Plaintiffs in its Topic No. 2. The Special Master has repeatedly stated that AFS would not be made to produce information that the Plaintiffs already received and had access to during their lengthy investigations – which is just what would happen if Topic Nos. 1 and 2 are permitted. In addition, this case centers around specific business practices of AFS which have already been described and analyzed at great length. Plaintiffs' requests to now depose AFS representatives on all other irrelevant aspects of AFS's organizational structure constitutes an abuse of the discovery process.

AFS maintains that these topics are overbroad to the extent that they seek information regarding the organizational structure of AFS unrelated to the telemarketing sales practices at issue in this litigation. AFS's objections should be sustained, since Plaintiffs have failed to show how testimony on these topics would be relevant to the claims or defenses in this lawsuit.

> **D.      Plaintiffs' Topic No. 28 Seeks Testimony Regarding Lines of AFS's Business That Are Entirely Unrelated to the Claims and Defenses In This Matter, And Should be Wholly Denied.**

Topic No. 28, once again, seeks testimony regarding areas of AFS's business entirely unrelated to the claims and defenses in this matter, having absolutely no bearing of evidentiary weight in determining the issues actually relevant in this litigation. Topic No. 28 requests testimony regarding "activities of [AFS] that involve making telephone calls to individuals or entities from January 1, 2021, to present in order a) for [AFS] or others to attempt to sell or

advertise for goods or services to the individual or entity; or b) to obtain information to assist [AFS] or others in attempting to sell or advertise for good or services to the individual or entity at a later date." *See* Topic No. 28.

AFS made no objection to discovery concerning the telemarketing sales practices at issue in this litigation (Topic No. 8). However, Plaintiffs remain unsatisfied and through Topic No. 28, are now seeking testimony unrelated to AFS's telemarking business about which Plaintiffs make (false) claims of violation of law. This constitutes a clear fishing expedition, which is not permitted under the Federal Rules of Civil Procedure and therefore, Plaintiffs Topic No. 28 must be denied.

> **E.    Plaintiffs' Arguments In Support Of Topics Nos. 16 and 17, Seeking Testimony Regarding AFS's Sales Scripts Mischaracterizes AFS's Position and Ignored The Documents And Disclosures Already Provided To Date.**

Plaintiffs' arguments in support of the testimony sought by Topics No. 16 and 17 – seeking testimony about "the creation, revision, approval, and usage" of scripts and regional sales tools – both mischaracterize AFS's position as it pertains to these topics and seeks redundant testimony on information already provided in written discovery in this litigation.

AFS has explained in detail in various motions filed with this Court, in email and letter correspondence with Plaintiffs in this litigation, and on meet and confer calls with the parties as well as conferences with the Special Master, the manner in which AFS maintains its records related to its Scripts and Regional Sales Tools. AFS has produced ample information regarding scripts in response to prior related discovery requests. AFS produced the requested scripts during the FTC's three-year pre-Complaint investigation (and the Commonwealth's earlier, separate three-year investigation), supplemented those documents with additional scripts in discovery in this litigation, and has provided all information regarding those scripts maintained in the ordinary

-10-

course of business. AFS has also identified for Plaintiffs the individual most knowledgeable as it

pertains to any remaining inquiries into the creation or use of such scripts, Colin Drummond.  To

date, the FTC has declined to depose Mr. Drummond – again, indicative of the Plaintiffs' desire

to avoid the merits of this matter and simply postpone resolution of the very clear, limited and

genuine issues in this case, achieving only further delay and improper imposition of additional

burdens and expenses on defendants.

AFS has no objection to providing testimony regarding this process and those documents

produced to date. Nevertheless, Plaintiffs seeks specific testimony on specific scripts (e.g. "[t]he

creation, revision, approval, and usage of" over 100 Subject Scripts), to which AFS is unable to

provide due to the very nature these scripts are created, maintained, and utilized in the ordinary

course of business. AFS does not maintain in the ordinary course of business the date each script

was created, who created it, when it was revised, and the dates in which it was in use. AFS

cannot be compelled to present testimony it does not have, cannot reasonably ascertain, or solicit

from its employees. With no additional information or documents available to provide to the

Plaintiffs, AFS can only provide general testimony about the creation of scripts and sales tools

and has made it clear that it is happy to do so. Compelling any effort by defendants beyond this,

would be needless harassment and imposition of extra costs on the defendants – in blatant

violation of Rule 1 of the Federal Rules of Civil Procedure and the discovery rules.

**F.      The Lack of Specificity Contained Within Topic Nos. 3 and 23 Does Not
         Provide AFS Enough Information For It To Designate And/Or Prepare A
         Representative, and Plaintiffs' Should Be Required To Revise Such Topics
         With The Appropriate Level Of Specificity.**

Plaintiffs mischaracterize AFS's objections to Topics 3 and 23. Topic 3 seeks testimony

regarding factual statements contained in AFS's written responses to discovery requests and

productions of documents. Topic 23 seeks testimony regarding AFS's actions taken to respond to

Plaintiffs' discovery requests and to locate and produce responsive documents.

Obviously, substantial time and effort went into preparing discovery responses and

document productions, and several individuals at AFS were responsible, in conjunction with the

efforts of counsel, for providing the relevant information. AFS's main objection to these topics is

that Plaintiffs fail to specify documents and responses, or even provide factual categories about

which they desire testimony. Provided that sufficient specificity is provided, AFS is happy to

identify and prepare an appropriate representative. AFS wishes to avoid a situation where, due to

Plaintiffs' lack of specificity, a designated representative is unable to provide information

sought, resulting in an even more drawn-out discovery process.

Plaintiffs mischaracterize AFS's objections as stating that Topics 3 and 23 themselves are

overly broad. This is plainly an incorrect interpretation, as seen by AFS's responses in its letter

of December 6, 2021, where it shows its willingness to identify and prepare the appropriate

representative with regard to any specific document that Plaintiffs have questions about.

Allowing Plaintiffs *carte blanche* to question AFS representatives on any topic remotely related

to discovery responses would go beyond the scope of what is reasonable and proportionate here.

However, AFS remains willing to answer Plaintiffs' questions regarding specific documents and

responses, and only wishes to prepare in an efficient manner.

G.     **Testimony Regarding AFS's Finances Is Plainly Irrelevant To the Claims,
       Defense, and Relief Available In This Litigation, and Topic No. 27 Should Be
       Overruled.**

Topic 27 seeks testimony concerning the "total amounts received, the amounts of

refunds, and the amounts of chargebacks" relating to responses to the Commonwealth's First Set

of Interrogatories. AFS has no objection to providing testimony regarding the portion of Topic

No. 27 related to "the amounts of chargebacks." However, AFS maintains its objections to the

-12-

remainder of the topics set forth therein for the reasons set forth in AFS's Objection to Plaintiffs'

Joint Motion to Compel Responses to Various of Plaintiffs' Discovery Requests to AFS, and

incorporates those arguments as if set forth fully herein. *See* ECF No. 127.

> **H.   While AFS Maintains its Objections To Topic No. 25 For Lack Of Relevance, AFS Will Withdraw Its Objections To Avoid Unnecessary Motions Practice And Additional Costs To the Parties.**

Topic No. 25 requests testimony regarding any purported "changes to, and the reasons for

the changes to, AFS's practices and procedures for" 6 different categories: (1) telemarketing; (2)

sales; (3) billing; (4) cancelling or suppressing accounts or orders; (5) responding to Complaints;

(6) and referral of its customer accounts to collections for its news letter or business

subscriptions since [AFS] responded to the FTC's [CID]." While AFS maintains its objections to

Topic No. 25 for lack of relevance, to avoid additional and unnecessary motions practice and

additional costs to the parties, AFS will withdraw its objections and make every effort to locate

and prepare a representative on the requested topics for the relevant time period set forth by this

Court, to the extent that such employees are still employed at AFS and if not to identify such

employees last known address.

> **I.   Plaintiffs' Topic No. 26 Has Been Addressed In Detail By Way Of AFS's Document Productions to Date and Remains Overbroad, Encompassing Testimony Not Maintained In the Ordinary Course Of Business.**

The sheer complexity of the testimony sought by Topic No. 26 must be taken in

piecemeal. Topic No. 26 seeks overbroad, unduly burdensome, and at times vague testimony

regarding 25 specific subscriber accounts identified by Plaintiffs in their discovery requests. For

each specific subscriber, Plaintiffs are requesting eight areas of testimony, in total 200 topics of

testimony, as follows:

> (1) the date and substance of all telephonic or written communications with
> the individuals or entities since July 1, 2015; (2) what AFS knew as of July
> 1, 2015 or after as to the individual or entities' authority to enter into

subscriptions and any requests to not be contacted by AFS; (3) AFS's sending of publications or invoices to the individuals or entities since July 1, 2015; (4) information that existed in AFS's subscriber database at or after July 1, 2015, regarding the individuals or entities; (5) AFS's treatment of any request since July 1, 2015 by the individual or entity to cancel; (6) communications with any debt collector since July 1, 2015 regarding the collection of any account associated with the individuals or entities; (7) attempts by AFS to pursue payment since July 1, 2015 on any account associated with the individuals or entities; and (8) communications with the Better Business Bureau or state Attorney General since July 1, 2015 regarding a Complaint pertaining to any account associated with the individuals or entities.

AFS has provided by way of document production each and every single document maintained in the ordinary course of business responsive to Plaintiffs' Requests which addresses each of the inquiries outlined by Topic No. 28. To that aim, AFS has presented no objection to providing general testimony regarding the records produced in response to the accounts identified by Plaintiffs' Requests. However, as phrased, several subparts contained within this topic present multiple issues including but not limited to requests for information and testimony from individuals no longer employed by AFS. For example, sub-topic no. 1, seeks "the date and substance of all telephonic or written communications with the individuals or entities since July 1, 2015." As a preliminary matter, the date and substance of any telephone or written communication with the individuals or entities since July 1, 2015 can be ascertained from the documents and audio recordings produced by AFS in this litigation, including the subscriber profile pages detailing the date of any sales call made to the identified individual/entity and the correspondence with those individuals/entities produced to date. However, as Plaintiffs are aware, AFS does not maintain audio recordings of its outbound sales prior to May 2019. Therefore, to request testimony regarding the substance of an unknown phone call by an AFS employee, no longer employed by AFS (as AFS is no longer in the business of telemarketing sales), is simply impractical and patently impossible.

-14-

Moreover, several sub-topics are so unreasonably vague AFS is unable to decipher the information being sought and thus AFS is unable to designate a representative to provide such requested testimony. For example, sub-topic no. 2, seeks testimony regarding "what AFS knew as of July 1, 2015 or after as to the individual or entities' authority to enter into subscriptions and any requests to not be contacted by AFS." The name of the individual who placed the order on behalf of the subscriber is listed on the profile page produced by AFS in this litigation. Any additional testimony regarding this supposed knowledge would only be redundant of the documents already produced in this litigation. By way of additional example, sub-topic no 3, seeks testimony regarding "AFS's sending of publications or invoices to the individuals or entities since July 1, 2015." Once again, the date each publication or invoice was sent to the subscriber is listed on the profile page produced by AFS in this litigation. Any additional testimony regarding this supposed knowledge would only be redundant of the documents already produced in this litigation.

AFS has no objection to providing general testimony regarding the records produced in response to the accounts identified in Request 60 of the FTC's Second Requests for Production of Documents; Request 61 of the Commonwealth's First Requests for Production of Documents; and Request 1 of the Plaintiffs' First Joint Requests for Production of Documents. However, the remainder of information sought by these requests and the specificity sought is unduly burdensome, impractical, and plainly duplicative of documents already produced in this litigation.

28174808v.1

## V.    CONCLUSION

Therefore, the AFS Defendants, respectfully request that Plaintiffs Federal Trade

Commission and Commonwealth of Pennsylvania to Compel Defendant American Future

Systems, Inc. Joint Motion to Compel AFS to Designate a Corporate Representative Under Rule

30(b)(6) on Various Deposition Topics, should be denied.


Respectfully submitted,

**WHITE AND WILLIAMS, LLP**                    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**


*/s/ David H. Marion*                            */s/ Mark S. Stewart*
David H. Marion, Esquire                         Mark S. Stewart, Esquire
Morgan S. Birch, Esquire                         Casey Coyle, Esquire
PA ID Nos. 3590; 319358                          PA ID Nos. 75958; 307712
1650 Market Street                               213 Market Street, 8th Floor
One Liberty Place, Suite 1800                    Harrisburg, PA 17101
Philadelphia, PA 19103                           Tel: (717) 237-7192
Tel: (215) 864-7000                              Fax: (717) 237-6019
Fax: (215) 789-7517                              *mstewart@eckertseamans.com*
*mariond@whiteandwilliams.com*                   *ccoyle@eckertseamans.com*
*birchm@whiteandwilliams.com*

**DLA PIPER LLP**

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein, Esquire
PA ID No. 94907
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3351
Fax: (215) 606-3551
*ilana.eisenstein@us.dlapiper.com*


*Attorneys for Defendants American Future Systems, Inc.,*
*Progressive Business Publications of New Jersey, Inc., and Edward M. Satell*

Dated:  December 31, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2021, the foregoing Opposition to the Joint Motion of Plaintiffs Federal Trade Commission and Commonwealth of Pennsylvania to Compel Defendant American Future Systems, Inc. to Designate a Corporate Representative Under Rule 30(b)(6) on Various Deposition Topics, was filed via ECF and submitted electronically via email to the Special Master, with copies to all counsel of record.

*/s/ Morgan S. Birch*
Morgan S. Birch