IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | : | Civil Action No. 2:20-cv-02266 |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN FUTURE SYSTEMS, INC., *et al.*, | : | |
| | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

**AFS'S OPPOSITION TO THE APRIL 8, 2022 REPORT AND
RECOMMENDATION OF SPECIAL MASTER JAMES J. ROHN RELATING
TO DISPUTED TOPICS OF TESTIMONY UNDER FED. R. CIV. P. 30(b)(6)**

Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc., and Edward M. Satell (collectively referred to herein as "AFS"), by its undersigned counsel, respectfully submits the following opposition to the April 8, 2022 Report and Recommendation of Special Master James J. Rohn Relating to Disputed Topics of Testimony Under Fed. R. Civ. P. 30(b)(6). (the "R&R"). [ECF No. 167].

**Topic Nos. 1 and 2
AFS's Organizational Structure**

Exclusively relying on audio tapes mistakenly produced by AFS in this litigation, which were made by a separate branch of AFS's business, SuccessFuel, on behalf of third-parties for lead generation services, the Special Master recommends AFS be required to present a witness to testify to *all* other area of AFS's business, regardless of the relevance to the claims and defenses in this litigation, in violation of the concepts of relevance and proportionality in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

AFS has no objection to providing detailed testimony of AFS's organizational structure as it relates to the stream of business at issue in this litigation – AFS's publication telemarketing sales and all areas related to such sales. However, as phrased, Topic Nos. 1 and 2 seek deposition testimony concerning the entirety of the organizational structure of AFS, without any limitation to the alleged deceptive sales practices at issue in Plaintiffs' Amended Complaint, constituting nothing more than a fishing expedition into AFS's business.

In reaching the conclusions set forth in the R&R, the Special Master claims the calls made by SuccessFuel after AFS ceased its publication related telemarketing sales calls at issue in this litigation, do not mention subscriptions of any kind while simultaneously suggesting AFS has failed to provide evidence to support this explanation (when merely listening to the takes provides sufficient evidence of such fact). Moreover, the Special Master inappropriately draws unsupported conclusions about AFS's business and its operations. In support of Plaintiffs overbroad Topic Nos. 1 & 2, the Special Master relies on the argument that SuccessFuel is a "fictitious name" for AFS, while ignoring the stated fact that these calls have nothing to do with the alleged deceptive conduct alleged in the Amended Complaint. Moreover, it is without question unduly burdensome and practically impossible for AFS to present a witness to testify as to all other areas of AFS's business. AFS has several streams of business, directed by various individuals and manned by entirely separate teams, which have absolutely no relation to the claims at issue in this litigation.

Therefore, AFS respectfully requests Topic Nos. 1 and 2 be limited to the publication related telemarketing sales calls at issue in this litigation.

-3-

## Topic Nos. 16 and 17
## Testimony Regarding Scripts Produced by AFS

The Special Master's recommendation as to Topic Nos. 16 and 17 – seeking testimony about "the creation, revision, approval, and usage" of Scripts and Regional Sales Tools – both inappropriately mischaracterize AFS's position as to these topics and provides recommendations well beyond the permissible scope of his authority and outside the topics of the Joint Motion actually at issue in this R&R.

AFS has explained in detail in various motions filed with this Court, in email and letter correspondence with Plaintiffs in this litigation, and on meet and confer calls with the parties as well as conferences with the Special Master, the manner in which AFS maintains its records related to its Scripts and Regional Sales Tools. Most important to this discussion is the fact that AFS has indisputably produced all Scripts and Regional Sales Tools it could locate through a reasonable search. Second, AFS has provided all known information it is able to locate and ascertain relating to the Scripts and Regional Sales Tools as requested in Plaintiffs' written discovery and repeated in Topic Nos. 16 and 17. Third, AFS has identified the individual who's job responsibility included the creation, modification, and use of such scripts, Colin Drummond. To date, the FTC has declined to depose Mr. Drummond – again, indicative of the Plaintiffs' desire to avoid the merits of this matter and simply postpone resolution of the very clear, limited and genuine issues in this case, achieving only further delay and improper imposition of additional burdens and expenses on defendants.

AFS has been clear – it has no objection to providing testimony regarding the process by which the Scripts and Regional Sales Tools are created, approved, put into use, etc. However, Plaintiffs specific request for testimony on the Scripts and Regional Sales Tools is not something AFS is able to provide due to the very reasons and methods these scripts are created, maintained,

and utilized in the ordinary course of business. AFS does not maintain in the ordinary course of business the date each script was created, who created it, when it was revised, and the dates in which it was in use. AFS cannot be compelled to present testimony it does not have, cannot reasonably ascertain, or solicit from its employees. With no additional information or documents available to provide to the Plaintiffs, AFS can only provide general testimony about the creation of scripts and sales tools and has made it clear that it is happy to do so. Compelling any effort beyond this, would be needless harassment, in blatant violation of Rule 1 of the Federal Rules of Civil Procedure and the discovery rules.

Despite these clear explanations, the Special Master's R&R when it discusses these topics, relies upon a series of conclusory and wholly inappropriate statements, not remotely supported by the facts, disclosures, or documents produced by AFS to date. First, the R&R states, "AFS acknowledges that it has not produced more than 100 subject scripts that would otherwise be available for use as exhibits at the deposition." *See* R&R at pg. 26. Yet nowhere in AFS's Opposition to Plaintiffs' Motion to Compel does AFS state any such fact. Second, the Special Master claims "AFS seems to blame its failure to make full discover [sic] of the scripts in in [sic] part on the limitations of the company's document management system." *Id*. This too is equally unfounded. AFS cannot produce records it does not have or provide information it does not maintain in the ordinary course of business. Third, the Special Master claims "AFS does not seem to deny that scripts exist somewhere on its word processing system, but that they cannot be found 'in the ordinary course of business' because they are not arranged by date, author, and other search methods." *Id*. at pg. 27. This is equally incorrect. AFS has produced all Scripts and Regional Sales Tools it could locate in response to discovery requests referencing such documents. AFS cannot provide the detailed information (e.g. date of use, author, location

of use, etc.) as requested by Plaintiffs in written discovery requests and at issue in the disputed topics, as it does not maintain any records annotating this information. The production of such documents has never been hindered because of the manner in which they are "arranged." This explanation is not "perplexing," as asserted by the Special Master, it is simply the manner in which AFS's records were created and maintained. *Id*. Fourth, the Special Master's conclusive determination that AFS's production relating to these documents is "incomplete" when the only issue before him by way of Plaintiffs' Joint Motion is whether the topics of deposition testimony under 30(b)(6) are permissible under the Federal Rules, is improper. The Special Master goes on to state AFS "acknowledge[s] it has not fully complied with its discovery obligations," when, once again, nothing could be further from the truth. *Id*. at 28. AFS has undoubtedly complied with its discovery obligations to the written discovery requests on these topics.

      Lastly, and most alarming, is the Special Master's recommendation that this Court allow him to preside over an "exaaminatiion [sic] of AFS's databases" … "to locate information relevant to Topics 16, 17…" conducted by an FTC forensic exam. *Id*. at 36. This recommendation – entirely invented by the Special Master – presents several critical issues. First, this examination now proposed by the Special Master was not even requested by the Plaintiffs in their Joint Motion which prompted this R&R. The Joint Motion simply requests the Special Master make a determination as to the appropriateness of Topic Nos. 16 and 17 within the bounds of the Federal Rules of Civil Procedure. Second, there is no legal justification for this examination. AFS has expressly provided by way of documents and information what it has relating to the Scripts and Regional Sales Tools. There is no evidence AFS is withholding any information related to these topics (or Topic No. 24 as discussed on pg. 31-36 of the R&R).

Third, the financial burden that this proposed examination would have on AFS, as overseen by the Special Master at his own recommendation, is unjustifiable.

As offered on multiple occasions, AFS will produce Colin Drummond to provide testimony regarding the Scripts and Regional Sales Tools. However, AFS cannot create, invent, or be compelled to present a witness to testify regarding information it does not possess.

## Topic No. 24
### AFS's Document Retention Policies

In an effort to avoid further motion practice, AFS is agreeable to produce a witness(es) on the new Topic No. 24 set forth by the Special Master, for the time period of July 1, 2015 to present, to the extent that such employees are still employed at AFS and if not to identify such employees last known address. However, as set forth above, AFS unequivocally objects to the Special Master's recommendation to conduct an "audit" on AFS's records as it pertains to the documents set forth in Plaintiffs' Topics No. 24.

## Topic No. 28
### Other Areas of AFS's Business

Topic No. 28, once again, seeks testimony regarding areas of AFS's business entirely unrelated to the claims and defenses in this matter and has absolutely no bearing of evidentiary weight in determining the issues actually relevant in this litigation. Topic No. 28 requests testimony regarding "activities of [AFS] that involve making telephone calls to individuals or entities from January 1, 2021, to present in order a) for [AFS] or others to attempt to sell or advertise for goods or services to the individual or entity; or b) to obtain information to assist [AFS] or others in attempting to sell or advertise for good or services to the individual or entity at a later date." *See* R&R at pg. 39.

AFS made no objection to discovery concerning the telemarketing sales practices at issue in this litigation (Topic No. 8). However, Topic No. 28 as affirmed by the Special Master constitutes a clear fishing expedition, which is not permitted under the Federal Rules of Civil Procedure and therefore, Plaintiffs Topic No. 28 must be denied.

Respectfully submitted,

**WHITE AND WILLIAMS, LLP**

*/s/ David H. Marion*
David H. Marion, Esquire
Morgan S. Birch, Esquire
PA ID Nos. 3590; 319358
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-7000
Fax: (215) 789-7517
*mariond@whiteandwilliams.com*
*birchm@whiteandwilliams.com*

**DLA PIPER LLP**

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein, Esquire
PA ID No. 94907
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3351
Fax: (215) 606-3551
*ilana.eisenstein@us.dlapiper.com*

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Mark S. Stewart*
Mark S. Stewart, Esquire
Casey Coyle, Esquire
PA ID Nos. 75958; 307712
213 Market Street, 8th Floor
Harrisburg, PA 17101
Tel: (717) 237-7192
Fax: (717) 237-6019
*mstewart@eckertseamans.com*
*ccoyle@eckertseamans.com*

*Attorneys for Defendants American Future Systems, Inc.,
Progressive Business Publications of New Jersey, Inc., and Edward M. Satell*

Dated: April 22, 2022

28797959v.1

**CERTIFICATE OF SERVICE**

I, Morgan S. Birch, certify that on April 22, 2022, the foregoing Opposition to the April 8, 2022 Report and Recommendation of Special Master James J. Rohn Relating to Disputed Topics of Testimony Under Fed. R. Civ. P. 30(b)(6), was filed via ECF and submitted electronically via email to the Special Master, with copies to all counsel of record.

*/s/ Morgan S. Birch*
Morgan S. Birch