IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FUTURE SYSTEMS, INC., et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 20-2266 |

## ORDER

**AND NOW**, this 5th day of May 2022, upon consideration of the April 8, 2022 Report and Recommendation of Special Master James J. Rohn, Esquire (Doc. No. 167), the Joint Objections of Plaintiffs Federal Trade Commission ("FTC") and Commonwealth of Pennsylvania to the Special Master's April 8, 2022 Report and Recommendation (Doc. No. 175), the Response in Opposition to the Special Master's April 8, 2022 Report and Recommendation by Defendants American Future Systems, Inc. ("AFS"), Progressive Business Publications of New Jersey, Inc. ("PBP"), and Edward Satell (Doc. No. 180), and Plaintiffs' Joint Response to AFS's Response in Opposition (Doc. No. 181), the Court finds that the Special Master did not abuse his discretion under Federal Rule of Civil Procedure 53(f)(5) in issuing his April 8, 2022 Report and Recommendation. Accordingly, it is **ORDERED** that the Special Master's April 8, 2022 Report and Recommendation (Doc. No. 167) is **AFFIRMED, APPROVED, and ADOPTED**. The parties shall follow the recommendations of the Special Master in the April 8, 2022 Report. The only modifications to the recommendations are as follows:

1. The Court will not adopt at this time the Special Master's recommendation to require AFS to submit to a forensic audit of its database to locate information relevant to Topics 16, 17, and 24(c).[1]  (See Doc. No. 167 at 36.)

2. Regarding Topic 16, AFS shall designate a Rule 30(b)(6) witness to testify to the following matters:

    The creation, revision, approval, usage, and amendment of each Subscript as defined in FTC's First Set of Interrogatories to AFS, and each Referenced Script as defined in FTC's Second Set of Interrogatories and Third Set of Document Requests to AFS.

3. Regarding Topic 17, AFS shall designate a Rule 30(b)(6) witness to testify to the following matters:

    The creation, revision, approval, usage, and amendment of each Regional Sales Tools, as defined in FTC's Second Set of Interrogatories and Third Set of Document Requests to AFS.

4. Regarding Topic 24, AFS shall designate a Rule 30(b)(6) witness to testify to the following matters:

    (a) PBP's document retention, litigation hold, and storage policies and practices since the receipt of the Civil Investigative Demand in 2017.

    (b) The facts and circumstances surrounding the deletion of Susan Grabert's emails and the potential relevance of any of those emails to this lawsuit.

    (c) AFS's efforts to preserve the following categories of documents and information; the location of the documents and information, if known; AFS's knowledge as to whether any categories of information have been lost or destroyed; and the extent to which responsive documents may be preserved on AFS's database but have not been produced because AFS contends the company cannot retrieve them.

    (1) replies to automated emails sent to PBP's subscribers;

---

[1] While the Court does not conclude that the Special Master abused his discretion in making this recommendation, the Court does not deem such a measure to be appropriate at this stage.  This is especially so considering that Plaintiffs did not originally request a forensic audit in their motion.  (See Doc. No. 181 at 3.)

    (2) voicemails from subscribers to any publication at issue in this lawsuit;

    (3) emails sent to or from AFS's telemarketing branches; and

    (4) telemarketing scripts and regional sales tools.

  (d) AFS's policies relating to invoices returned by customers, and the reasons why notations on some invoices were modified or removed.

5. AFS shall designate and have available for a deposition by **June 15, 2022** its Rule 30(b)(6) witnesses to testify about the matters approved in this Order.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.