UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

    v.

AMERICAN FUTURE SYSTEMS, INC., *et al.,*

    Defendants.

Case No. 2:20-cv-02266

**PLAINTIFFS' JOINT RESPONSE TO AFS DEFENDANTS' MOTION TO COMPEL
PLAINTIFFS TO PROVIDE PROPER RESPONSES TO AFS'S REQUESTS
FOR ADMISSION AND INTERROGATORIES AND COMPEL
PLAINTIFFS TO PRODUCE WITNESS(ES) FOR EXAMINATION
IN ACCORDANCE WITH FED. R. CIV. P. 30(b)(6)**

Amy C. Hocevar (Ohio Bar #0075510)
Christian M. Capece (W.V. Bar #10717)
Derek E. Diaz (Ohio Bar #0069755)
Fil M. de Banate (Ohio Bar #0086039)
Maris K.V. Snell (Florida Bar #125585)
**FEDERAL TRADE COMMISSION**
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114

*Attorneys for Plaintiff*
*Federal Trade Commission*

Sarah A. E. Frasch (PA Atty I.D. #203529)
**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120

*Attorney for Plaintiff*
*Commonwealth of Pennsylvania*
*Office of Attorney General*

## Table of Contents

Page

Introduction .................................................................................................................1

Background and Legal Argument..............................................................................5

    A.    Plaintiffs provided appropriate and fulsome responses to AFS's requests for admission. ....................................................................................................5

    B.    Plaintiffs provided complete responses to AFS's first 25 interrogatories and properly did not answer the remaining interrogatories as they exceeded the number permitted under Fed. R. Civ. P. 33(a)(1)....................................................................................10

    C.    AFS's Motion to Compel Plaintiffs to Produce Witnesses for Examination should be denied as the motion lacks specificity, detail, and overall is meritless......................17

        i.    Topics that seek privileged information about Plaintiffs' attorneys' theories, opinions, and mental impressions ........................................................19

        ii.    Topics that are unnecessarily cumulative of written discovery and/or unreasonably burdensome....................................................................21

        iii.    Topics that seek advisory opinions ......................................................23

        iv.    Topics that seek information in the possession of third parties ............................23

Conclusion .................................................................................................................24

Certificate of Service ................................................................................................26

<h2 style="text-align:center">Table of Authorities</h2>

**Cases** **Page**

*Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CV09371, 2017 WL 9400671 (S.D.N.Y. Apr. 27, 2017) ...................................................22

*Caruso v. Coleman Co.*, No. CIV. A. 93-CV-6733, 1995 WL 347003 (E.D. Pa. June 7, 1995) ...........................................................................................................................................5, 8

*Commodores Entertainment Corp. v. McClary*, No. 6:14-cv-1335, 2015 WL 12843874 (M.D. Fl. Nov. 6, 2015) ....................................................................................................................14

*Consumer Fin. Prot. Bureau v. All Am. Check Cashing, Inc.*, No. 3:16- CV-356, 2016 WL 11635753 (S.D. Miss. Nov. 8, 2016) ....................................................................................21

*Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70 (D. Conn. 2010) ..............................................23

*E.E.O.C. v. 84 Lumber Co.*, No. CV-07-387, 2007 WL 9799834 (W.D. Pa. Aug. 15, 2007) ........................................................................................................................................19, 21

*E.E.O.C. v. JBS USA, LLC*, No. 8:10CV318, 2012 WL 169981 (D. Neb. Jan. 19, 2012) ......20

*E.E.O.C. v. Texas Roadhouse, Inc.*, No. 11-11732, 2014 WL 4471521 (D. Mass. Sept. 9, 2014) ...............................................................................................................................19

*Engage Healthcare Communs., LLC v. Intellisphere, LLC*, No. 12-cv-00787, 2017 U.S. Dist. LEXIS 83068 (D.N.J. Feb. 10, 2017) ...............................................................................16, 17

*Estate of Manship v. United States*, 232 F.R.D. 552 (M.D. La. 2005) ...................................14

*F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 562 (D. Nev. 2013) ....................................20, 21

*F.T.C. v. DIRECTV, Inc.*, No. 15- CV-01129, 2016 WL 4154851 (N.D. Cal. Aug. 5, 2016) ........................................................................................................................................20

*F.T.C. v. U.S. Grant Resources, LLC*, No. Civ. A. 04-596, 2004 WL 1444951 (E.D. La. June 25, 2004) ...............................................................................................................................19

*F.T.C. v. Vylah Tec LLC*, No. 217CV228, 2018 WL 7364589 (M.D. Fla. Nov. 26, 2018) ....20

*Howard v. Rustin*, No. CIVA 06-00200, 2008 WL 1925102 (W.D. Pa. Apr. 30, 2008) ........23

*Ibrahim v. Gov't of Virgin Islands*, 2005 WL 3077601 (D.V.I. Nov. 3, 2005) ........................1

*In re Linerboard Antitrust Litig.*, 237 F.R.D. 373 (E.D. Pa. 2006)) ........................................21

iii

*In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646 (N.D. Ill. 2006)..........................................1

*Knit With v. Knitting Fever, Inc.*, No. CV 08-4221, 2010 WL 11474937 (E.D. Pa. Jan. 22, 2010) ................................................................................................................12

*Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765 (E.D. Pa. 2011)........................18

*McCarthy v. Darman*, No. 07-CV-3958, 2008 WL 2468694 (E.D. Pa. June 17, 2008)............9

*Miller v. Holzman*, 240 F.R.D. 1 (D.D.C. 2006) ....................................................................14

*Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 U.S. Dist. LEXIS 98997 (W.D. Wa. Oct. 8, 2009) ........................................................................................................14

*Pennsylvania State Troopers Ass'n v. Pawlowski*, No. 1:09-CV-1748, 2011 WL 5839564 (M.D. Pa. Nov. 21, 2011) ................................................................................................14

*Rice v. First Energy Corp.*, 339 F. Supp. 3d 523 (W.D. Pa. 2018) ........................................18

*Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998)................................. *passim*

*Saliga v. Chemtura Corp.*, No. 3:12-cv-832, 2013 WL 6097100 (D. Conn. Nov. 20, 2013)..14

*Solomon v. E. Penn Mfg. Co.*, No. CV 16-6484, 2018 WL 1740530 (E.D. Pa. Apr. 11, 2018) ........................................................................................................................8

*Stevens v. Federated Mutual Ins. Co.*, No. 5:05-CV-149, 2006 WL 2079503 (N.D. W. Va. July 25, 2006).................................................................................................14

*Straight Arrow Products Inc. v. The Mane Choice Hair Solution LLC*, No. 20-4722, 2021 WL 4583849 (E.D. Pa. Oct. 06, 2021)..............................................................16, 17

*Superior Sales West, Inc. v. Gonzalez*, 335 F.R.D. 98 (W.D. Tex. 2020) ..............................13

*Telemedia Communs. v. St. Francis Inv. Props., L.P.*, No. 8:07-cv-1112-T-17, 2007 WL 9723859 (M.D. Fl. Oct. 03, 2007) ................................................................................14

*United Coal Companies v. Powell Const. Co.*, 839 F.2d 958 (3d Cir. 1988) ...........................8

*U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675 (E.D. Cal. 2006) ..........................7

*United States v. Freitas*, 904 F.3d 11 (1st Cir. 2018) ..............................................................1

*United States v. Stabl Inc.*, No. 8:16-CV-233, 2018 WL 3758204 (D. Neb. Aug. 8, 2018) ...20

**Rules**

Federal Rule of Civil Procedure 26(b)(2)(C)(i) ...............................................................23

Federal Rule of Civil Procedure 30(b)(6) ................................................................ *passim*

Federal Rule of Civil Procedure 33(a)(1) ................................................................ *passim*

Federal Rule of Civil Procedure 33(d).........................................................................2

Federal Rule of Civil Procedure 36(a)(2) ....................................................................12

Federal Rule of Civil Procedure 36(a)(4) .....................................................................5

Federal Rule of Civil Procedure 36(a)(6) .....................................................................5

## INTRODUCTION

Plaintiffs Federal Trade Commission ("FTC") and the Commonwealth of Pennsylvania ("Commonwealth") respectfully request the Court deny AFS Defendants' Motion to Compel Plaintiffs to Provide Proper Responses to AFS's Request for Admission and Interrogatories and Compel Plaintiffs to Produce Witness(es) for Examination in Accordance with Fed. R. Civ. P. 30(b)(6) [ECF 212] ("Motion to Compel"). A proposed order is attached.

Plaintiffs complied with the requirements of the Federal Rules of Civil Procedure in responding to AFS's Requests for Admission, Interrogatories, and AFS's proposed deposition topics.[1] AFS's memorandum of law in support of its Motion to Compel lacks discernable legal arguments and support and fails to identify specific alleged deficiencies.[2] As such, it is nearly impossible to determine precisely AFS's complaints.

Plaintiffs provided proper responses to each of AFS's **Requests for Admission**[3] by either admitting, denying, stating that they have insufficient information to admit or deny, or by raising proper objections. AFS's only identifiable critiques of Plaintiffs' responses are that Plaintiffs

---

[1] We refer herein to Defendants American Future Systems, Inc., Progressive Business Publications of New Jersey, Inc., and Edward M. Satell, collectively as "AFS."

[2] Any attempt by AFS to use its reply brief to remedy its initial failure to present a properly developed argument should be rejected. A reply brief is "is not intended as a forum to raise new issues or theories not argued in the main brief. Accordingly, issues not argued or presented with no more than a cursory reference in the appellant's main brief are deemed waived." *Ibrahim v. Gov't of Virgin Islands*, 2005 WL 3077601, *3 (D.V.I. Nov. 3, 2005) (citing *United States v. Voigt*, 89 F.3d 1050, 1064 (3d Cir.1996)); *see also United States v. Freitas*, 904 F.3d 11, 22 (1st Cir. 2018) (party "cannot use a reply brief to develop an argument cursorily made in an opening brief"); *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 651 (N.D. Ill. 2006) ("[A]n argument that is not developed or adequately supported until the reply brief is deemed waived.").

[3] AFS served 33 requests for admission on the FTC and 34 requests for admission on the Commonwealth of Pennsylvania.  Because the Commonwealth of Pennsylvania provided an unequivocal admission to one of the requests, there are 33 requests for admission at issue for purposes of AFS's motion.

1

raised improper burden objections and failed to explain their basis for denying requests, which are baseless because Plaintiffs responded properly to all of the requests. Therefore, AFS raises no merited objections to Plaintiffs' responses to the Requests for Admission.

Plaintiffs responded to the first 25 of AFS's **Interrogatories** and did not provide responses to the remainder on the basis that AFS exceeded the number of interrogatories that are allowed to be served. This was the only suitable approach because providing a substantive response to the impermissible interrogatories would have undoubtedly waived Plaintiffs' numerosity objection. AFS's attempt to shoehorn all of its disparate Requests for Admission into one interrogatory in order to exceed the permissible numerical limit has been roundly rejected by courts throughout the United States. For the 25 interrogatories that Plaintiffs were required to and did answer, Plaintiffs lodged objections where appropriate, tried to get clarification from AFS on vague and ambiguous terms (which AFS refused to provide), identified instances (many from AFS's own records) of consumer complaints and AFS conduct that supports Plaintiffs' claims, and directed AFS to the records where AFS could locate additional instances, as is permitted under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(d) (permitting responding party to specify business records that the interrogating party may review to ascertain answer to an interrogatory).

As for AFS's proposed **deposition topics**, AFS cites no specific deficiencies, claiming only that all of their topics are relevant and all of Plaintiffs' objections are baseless. Plaintiffs did not agree to provide testimony only on "introductory topics" as AFS alleges and Plaintiffs are also not, as AFS alleges, refusing to "allow their witnesses to answer fundamental questions related to the substance of this litigation in any manner." Plaintiffs expressly agreed to provide testimony on facts known to Plaintiffs. Additionally, Plaintiffs' other objections to the topics are valid.

Rather than identify and explain the purported deficiencies in Plaintiffs' responses to AFS's requests for admission, interrogatories, and proposed topics for depositions under Fed. R. Civ. P. 30(b)(6), AFS instead trots out a now-familiar litany of false accusations, such as the claim that Plaintiffs have "weaponized" the discovery process.[4] [ECF 212 at 5.][5] AFS's argument that Plaintiffs have refused to provide "virtually any discovery to enable AFS to defend itself" is demonstrably false. [ECF 212, pp. 1-2.] Plaintiffs have provided, among other things, complaints regarding Defendants that were received by the FTC and the Commonwealth; a list of where in the productions complaints can be located; copies of documents received from the FTC's civil investigative demands; signed declarations of 25 consumers; signed declarations from two Better Business Bureaus; Plaintiffs' communications with consumers, former employees, and numerous Better Business Bureaus; and documents received from the United States Department of Labor, AFS's debt collector James Stevens and Daniels, the New York Attorney General's office, and the Idaho Department of Finance. Most of these categories of documents were produced more than 18 months ago. In Plaintiffs' initial disclosures and seven supplements, Plaintiffs identified individuals likely to have discoverable information that the Plaintiffs may use to support their claims. In response to AFS's interrogatories, Plaintiffs identified instances (many from AFS's own records) of consumer complaints and AFS conduct that supports Plaintiffs' claims. Plaintiffs also did not object to providing deposition testimony regarding Plaintiffs' claims, as demonstrated in Plaintiffs' June 15 responses to the proposed

---

[4] *See*, *e.g.*, ECF 192, p. 2, 6; ECF 189, p. 3; ECF 184, p. 2; ECF 183, p. 14; ECF 165, p. 3; ECF 146, p. 6.

[5] In citing to particular pages of electronic filings, we are using the ECF pagination rather than the conventional page numbers in the document itself.

deposition topics. AFS's claim that Plaintiffs are failing to provide a factual basis to support their claims is false.

As for AFS's claim that Plaintiffs "refused to identify any fact or expert witnesses they intend to call at trial," AFS's 25 interrogatories that Plaintiffs were required to answer include no such request. In addition, the Court's scheduling orders include a date for disclosure of trial exhibits and fact and expert witnesses and Plaintiffs will comply with the Court's scheduling order.

Another glaring example of a factual misstatement by AFS is AFS's demonstrably false claim that Plaintiffs' amended responses to AFS's requests for admission and interrogatories "provided no more information than their prior rendition." [ECF 212, p. 6.] The attached Appendix includes redlined versions of Plaintiffs' initial May 31, 2022 responses to AFS's Requests for Admission and Interrogatories, as compared to Plaintiffs' June 22, 2022 amended responses. [App. 3–156.] These redlined versions demonstrate Plaintiffs took "another look" and provided significantly "more specific" responses to AFS's discovery requests, per the Court's guidance. [June 6, 2022 Hr'g Tr. 71:1-3.] For instance, Plaintiffs provided examples of documents responsive to AFS's Interrogatories, even though the Federal Rules of Civil Procedure required only that Plaintiffs direct AFS to the records where the information can be found and Plaintiffs did so even though just <u>one</u> example contradicting a request for admission would have been a sufficient basis for Plaintiffs to deny the request for admission.

Similarly, AFS characterizes Plaintiffs' objections to AFS's Rule 30(b)(6) deposition notice as "baseless," but fails to provide any compelling legal basis to support such a statement. In short, this Court should deny AFS's Motion to Compel in its entirety.

## BACKGROUND AND LEGAL ARGUMENT

**A.      Plaintiffs provided appropriate and fulsome responses to AFS's requests for admission.**

Plaintiffs went to great lengths to ensure that they fully satisfied their obligations in responding to AFS's Requests for Admission. Despite the numerous, serious issues with AFS's Requests for Admission, addressed below, AFS's position that the Plaintiffs have not properly responded to the Requests for Admission has no basis in the Rule or surrounding case law.

Pursuant to Federal Rule of Civil Procedure 36(a)(4), "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Alternatively, a party may object to a request, rather than answering. *See* Fed. R. Civ. P. 36(a)(6) ("The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served."); *see also Caruso v. Coleman Co.*, No. CIV. A. 93-CV-6733, 1995 WL 347003, at *1 (E.D. Pa. June 7, 1995). Thus, Plaintiffs responded appropriately to all the requests for admission by either admitting, denying, stating that they have insufficient information to admit or deny, or raising proper objections.  AFS does not provide any clear argument regarding which responses it believes are deficient and why.

"[T]he purpose of Requests for Admissions is for the parties to determine if they agree on particular facts, consequently narrowing or eliminating issues." *Caruso*, 1995 WL 347003, at *6. Moreover, "[e]ach request for admissions must be direct, simple and limited to singular relevant facts, so that 'it can be admitted or denied without explanation.'" *Id.* at *5 (citation omitted). Nearly all of AFS's requests for admission are improper, because they seek admissions regarding complex and often disputed issues. Numerous requests seek an admission that directly

contradicts the allegations in the Amended Complaint.[6] Similarly, various requests seek an

admission on issues that Plaintiffs have recently contested[7] and others seek an admission that

conflicts with this Court's prior decisions.[8] Many of the requests seek admissions that are so

---

[6] AFS's Requests for Admission to Plaintiffs are included in the attached Appendix at pages 157–171 and 183–197. *Compare, e.g.,* Request for Admission 2, App. 161, 187 ("Admit that You are unaware of any instance in which AFS received payment . . . from a subscriber . . . who did not intend to subscribe . . . .") and Request for Admission 20, App. 164, 190 ("Admit that You are unaware of any instance where a subscriber was improperly billed for a subscription it never ordered.") *with* Amended Complaint, ECF 43 ¶ 25 ("Consumers . . . complain that they receive invoices to pay the AFS Defendants for . . . subscriptions they did not order and never agreed to purchase.") and Amended Complaint, ECF 43 ¶ 30  ("Consumers who were billed also complained directly to the AFS Defendants that they had no agreements with the AFS Defendants for paid subscriptions."); *Compare* Request for Admission 9, App. 162, 188 ("Admit that You are unaware of any business who subscribed to and was billed for . . . publications . . . who was not informed . . . that the call was from a publisher seeking subscriptions, subject to a right to cancel.") and Request for Admission 18, App. 163–164, 190 ("Admit that You are unaware of any instance in which AFS did not explain the cancellation opportunity to subscribers: a. orally at the time the subscription was placed;  b. in multiple writings received by the subscriber; and/or c. online . . . .") *with* Amended Complaint, ECF 43 ¶ 62 ("[T]he AFS Defendants fail to disclose or disclose adequately to consumers material terms and conditions of the offer, including; a. That consumers must cancel before a trial period ends to avoid charges for publication subscriptions; . . . and e. The steps consumers must take to cancel the continuity plans to avoid additional charges.").

[7] *Compare* Request for Admission 7, App. 162, 188 ("Admit that as of September 3, 2021, AFS ceased all outbound telemarketing for the sale of any newsletter, publication, or book, including the publication sales at issue in this litigation.") *with* April 8, 2022 R&R (ECF 167, at 10) ("The Special Master concludes that documents and audiotapes Plaintiffs' provided on March 10 has raised an issue of disputed fact concerning whether AFS actually ceased its telemarketing operations on September 3, 2021, or carried them on under a new name, SuccessFuel.")

[8] *Compare* Request for Admission 11, App. 162, 189 ("Admit that AFS has not and does not engage in 'consumer' sales (as that term is generally understood and/or defined under Pennsylvania law).") *with* April 30, 2021 Opinion (ECF 85, at 23) ("The broad, open-ended language of § 201-4 instead evinces a legislative intent to protect both individual and business consumers in the marketplace."). Plaintiffs believe that Requests for Admission 10 and 24 as propounded to Plaintiffs, and 25 as propounded to the FTC, also improperly conflict with prior decisions of this Court.

vague and broad in scope[9] or contain so many possible permutations[10] that they are nearly impossible to respond to with any certainty–though the overly broad requests are still so inconsistent with Plaintiffs' position in this lawsuit it should have been apparent to AFS that Plaintiffs would not admit to such requests, even if they were properly phrased. Several other requests are facially improper, given that they expressly seek privileged or work product

---

[9] *See*, *e.g.*, Request for Admission 1, App. 161, 187 ("Admit that You are unaware of any instance in which AFS departed from the Scripts when communicating with subscribers . . . and did so in ways that You contend are relevant to the allegations in the Amended Complaint."); Request for Admission 3, App. 161, 187 ("Admit that You are unaware of any instance in which AFS solicited a Gatekeeper to order a newsletter, publication or book from AFS."); Request for Admission 6, App. 162, 188 ("Admit that You are unaware of any instance in which AFS used the word 'free' regarding its . . . publication . . . when communicating with a subscriber . . . ."). Plaintiffs believe that Requests for Admission 4, 5, 8, 13, 14, 15, 16, 19, 21, 22, 23, 27, 28, and 29 are also improperly vague and/or broad.

[10] "Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., 'and/or') statements." *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citing *Herrera v. Scully,* 143 F.R.D. 545, 549 (S.D.N.Y.1992)). Despite this well settled principle, AFS included an improper instruction in its Requests for Admission requiring Plaintiffs to construe the terms "and" and "or" either "disjunctively or conjunctively as necessary" [*see* Requests for Admission, Definition 9, App. 159, 185] and propounded several requests that contain multiple variations linked by "and", "or", or "and/or", resulting in requests with so many potential interpretations they are impossible to respond to meaningfully. *See, e.g.*, Request for Admission 12, App. 163, 189 ("Admit the scripts and telemarketing sales calls (as demonstrated by the recorded tapes of the sales calls provided by AFS), contain the following information disclosed to potential subscribers prior to receiving the subscribers consent to enter into a subscription . . . : a. the exact cost, term, and number of issues of the subscription; b. when and how the subscriber may cancel the subscription if not satisfied; c. the disclosure of the month and day of the subscriber's representative's birth to verify that he or she was spoken to by an AFS representative; and d. the disclosure of an email address of the subscriber's representative, so that AFS may send a written verification and confirmation of the order the same and/or next day that the order was placed."); Request for Admission 18, App. 163–164, 190 ("Admit that You are unaware of any instance in which AFS did not explain the cancellation opportunity to subscribers: a. orally at the time the subscription was placed; b. in multiple writings received by the subscriber; and/or c. online (where AFS provided a count-down clock unique to each subscriber's account and/or order)). Plaintiffs believe that Request for Admission 24 to the FTC is also improper for the same reason. App. 164–165. During the parties' meet and confer, AFS refused to modify any of its instructions, definitions or requests.

information.[11] As such, Plaintiffs properly objected to such requests for admission and should

not be compelled to respond.

> As this Court previously reasoned in another case under strikingly similar circumstances:
>
> The vast majority of Plaintiff's requests for admission violate these rules. They are argumentative and plainly relate to facts that are neither peripheral nor undisputed. Rather than eliminating the need to prove peripheral and undisputed facts through live witnesses at trial, Plaintiff appears to be attempting to prove her entire case by obtaining Defendant's agreement to her version of disputed facts and narrative descriptions of events. Furthermore, many of the requests are vague or complex such that a specific response establishing a specific fact is not possible.

*Solomon v. E. Penn Mfg. Co.*, No. CV 16-6484, 2018 WL 1740530, at *2 (E.D. Pa. Apr. 11,

2018). The same reasoning applies here. Essentially all of AFS's requests seek an admission on

issues that are obviously disputed, impossibly vague or complex, irrelevant, or previously

decided by this Court. Thus, the requests for admission are improper, and AFS's Motion to

Compel should be denied for this reason alone.

Furthermore, Plaintiffs do not have any obligation to explain their reasoning for denying

or otherwise refusing to admit to any request, contrary to AFS's position. [*See* ECF 212, at 12.]

"Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable

response. Furthermore, the use of only the word 'denied' is often sufficient under the rule."

*United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988); *see also*

*Caruso*, 1995 WL 347003, at *5. "[R]equests for admissions are not principally discovery

devices . . . and they 'are not to be treated as substitutes for discovery processes to uncover

evidence . . . .'" *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).[12]

---

[11] *See* Requests for Admission to the FTC 30, 31, 32, and 33, and Requests for Admission to the Commonwealth 27, 33 and 34. [App. 165–166, 191–192.]

[12] The *Safeco* court also recognized the problem with interrogatories like those served here requesting the basis for denials of requests for admission, which purport to require a party to specify all facts, documents, and witnesses that support the denial of a statement or allegation of

Moreover, although AFS provided little explanation regarding its concerns with Plaintiffs' objections to certain requests, all of Plaintiffs' objections were proper and made in good faith. For example, Plaintiffs objected to Request 11 (seeking an admission that "AFS has not and does not engage in "consumer" sales (as that term is generally understood and/or defined under Pennsylvania law")) as irrelevant in light of this Court's prior ruling and because it improperly seeks an admission regarding a pure conclusion of law. [App. 10, 38–39.] Plaintiffs objected to Request 12 on the ground that it calls for a legal conclusion regarding the existence and timing of consumers' purported "consent" to "enter into a subscription" with AFS. [App. 10–11, 39–40.] It has been Plaintiffs' position from the outset of this lawsuit that many consumers did not "consent" to a purported "subscription," therefore Plaintiffs take issue with the presumption that all consumers "consented" to a "subscription." [*See* ECF 43 ¶ 25.] ("Consumers . . . complain that they receive invoices to pay the AFS Defendants for . . . subscriptions they did not order and never agreed to purchase."). This Court has previously recognized the propriety of such an objection. *See McCarthy v. Darman*, No. 07-CV-3958, 2008 WL 2468694, at *3 (E.D. Pa. June 17, 2008) (citing case law for the premise that "Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case'").

AFS's only other discernable argument regarding Plaintiffs' responses to AFS's Requests for Admission appears to be a claim that Plaintiffs did not respond and objected to AFS's Requests for Admission because responding to the requests would require Plaintiffs to review voluminous discovery. [ECF 212, pp. 12-13.] AFS is incorrect. Plaintiffs did not refuse to

---

fact, noting that requiring a party to state "all facts" in support of a negative proposition is unduly burdensome and oppressive and would require an inventory of evidence and essentially a review of facts and commentary. *Id.* at 447 (citing *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 663 (D. Kan. 1996)).

answer any request for admission based upon a need to review discovery; the Commonwealth did object to a limited number of requests or portions of requests that sought admissions outside of the time period at issue as established by the Court as overly broad and unduly burdensome. [*See* responses to Requests 24, 26, 27, 28, and 32 to the Commonwealth, ECF 212-1 at pp. 80–83, 86; *see also* Order of November 3, 2021, ECF 128 at p. 2, January 28, 2022, ECF 155 at p. 6 (setting July 1, 2015 as the relevant timeframe).] Plaintiffs also objected to AFS's use of and/or in Request for Admission No. 9, which creates numerous permutations that could apply to any particular scenario, making the request unduly burdensome and confusing. [ECF 212-1 at pp. 69–70, 140–141.]

> **B.     Plaintiffs provided complete responses to AFS's first 25 interrogatories and properly did not answer the remaining interrogatories as they exceeded the number permitted under Fed. R. Civ. P. 33(a)(1).**

Despite its sweeping claim that Plaintiffs' discovery responses are "grossly inadequate" [ECF 212, p. 2], AFS identifies just one concrete issue concerning Plaintiffs' interrogatory responses—Plaintiffs' counting of an interrogatory that incorporated 33 unique requests for admission as 33 separate interrogatories. Plaintiffs correctly counted AFS's Interrogatories, and therefore, was justified in not answering the excessive interrogatories.

Federal Rule of Civil Procedure 33(a)(1) sets a limit on the number of interrogatories a party may serve on any other party:

> (1)     ***Number.*** Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed. R. Civ. P. 33(a)(1). AFS served the FTC with four interrogatories on September 28, 2020. AFS served the FTC with its Second Set of Interrogatories and the Commonwealth its First Set of Interrogatories on May 2, 2022. [App. 172–177, 198–204.] AFS followed up three days later

and served the FTC with AFS's Third Set of Interrogatories and the Commonwealth with its Second Set of Interrogatories. [App. 178–182, 205–209.] AFS did not seek a stipulation from Plaintiffs or leave of court to exceed the 25 interrogatory limitation, as required by Fed. R. Civ. P. 33(a)(1).

AFS crossed the 25-interrogatory threshold with "Interrogatory No. 1" of its Second Set of Interrogatories to the FTC and First Set of Interrogatories to the Commonwealth.[13] Interrogatory No. 1 states as follows:

> If Your response to any of the Requests for Admission, served contemporaneously with these Interrogatories, is anything other than an unequivocal admission, identify separately each instance preventing You from providing an unequivocal admission, including but not limited to providing: (a) the relevant communication, document, or publication; (b) the identification of any individual, subscriber, or potential subscriber; (c) the date of any communication, (d) the person(s) involved in the communication; (e) the relevant portions of the communication; (f) any relevant dates; (g) the amount of any alleged payment(s); and (h) the identification of any relevant document by bates number.

[App. 175, 202.]

Interrogatory No. 1 requests Plaintiffs provide information—and documents—for each of AFS's requests for admission to which Plaintiffs responded with "anything other than an unequivocal admission." In their amended responses, Plaintiffs either objected to or denied (in whole or in part) 33 of AFS's Requests for Admission. [*See* ECF 212-1, Exh A, pp. 57-90; Exh B, pp. 134-154.] Thus, Interrogatory No. 1 contains 33 discrete subparts, in that the interrogatory asks Plaintiffs to provide information and documents related to each of the requests for admission. Treating each request for admission as a discrete subpart of Interrogatory No. 1

---

[13] Notably, the first interrogatory of AFS's Second Set of Interrogatories served on Plaintiff FTC is erroneously labeled "Interrogatory No. 1" even though this is the fifth interrogatory as AFS previously served four interrogatories on Plaintiff FTC. Plaintiffs will, to avoid confusion, refer to the first interrogatory of AFS's Second Set of Interrogatories to Plaintiff FTC as Interrogatory No. 1.

makes sense, as the rule governing requests for admission requires that "[e]ach matter must be separately stated." Fed. R. Civ. P. 36(a)(2); *Safeco*, 181 F.R.D. at 446 (("[A]s a general matter, requests for admissions deal with discrete or separate subjects.") (*citing* Fed. R. Civ. P. 36(a)). Therefore, to properly respond to Interrogatory No. 1, Plaintiffs must provide separate responses for 33 of AFS's requests for admission. These 33 requests for admission address discrete subjects that cover a wide range of topics.[14]

Plaintiffs properly objected initially to Interrogatory No. 1 on grounds that, as propounded, this interrogatory caused AFS to exceed the 25 interrogatory limit it is permitted to serve without stipulation or leave of court, under Fed. R. Civ. P. 33(a)(1). [ECF 212-1, Exh A, p. 7; Exh B, p. 94.] Plaintiffs then answered interrogatories in order until the 25 interrogatory limit was reached, which served to facilitate—and not delay—discovery and preserved their objections to the remaining interrogatories. [*Id.*, Exh A, pp. 7-46; Exh B, pp. 94-120.]; *see Knit With v. Knitting Fever, Inc.*, No. CV 08-4221, 2010 WL 11474937, at *1 (E.D. Pa. Jan. 22, 2010) ("[I]t remains established that '[i]f a party selectively answers interrogatories, it has waived its objections [under Rule 33(a)] as to the remaining interrogatories.'").

---

[14] To illustrate the broad scope of topics covered by the 33 requests for admission, compare Request for Admission 1 (regarding instances where AFS departed from its telemarketing Scripts) [App. 161, 187] with Request for Admission 5 (regarding BBB investigations of complaints relating to AFS) [App. 162, 188] and Request for Admission 8 (regarding consumer complaints to AFS about the quality of any AFS publication) [App. 162, 188] and Request for Admission 11 (regarding a legal determination of whether AFS engages in "consumer" sales) [App. 162, 189] and Request for Admission 15 (regarding AFS's cancellation policy) [App. 163, 189] and Request for Admission 17 (regarding AFS and ICR's corporate relationship) [App. 163, 189] and Request for Admission 21 (regarding AFS's internal quality control of its recorded telemarketing sales calls) [App. 164, 190] and Request for Admission 22 (requiring mathematical assessment of number of complaints regarding AFS as compared to AFS's total subscription orders) [App. 164, 190] and Request for Admission 24 to the FTC (regarding AFS's purported cooperation during pendency of FTC's investigation) [App. 164–165] and Request for Admission 29 (regarding state Attorney Generals' investigations relating to AFS) [App. 165, 191]. There is little, if any, overlap in the documents and information that Plaintiffs referenced in responding to each of these Requests.

The oft-cited *Safeco* decision addressed the factual scenario at issue here, surveying the approaches courts throughout the United States use to decide whether a propounding party has exceeded the allowable number of interrogatories under Fed. R. Civ. P. 33. 181 F.R.D. at 444-45. The *Safeco* court concluded that interrogatories—like Interrogatory No. 1—that seek information underlying denials of requests for admissions "essentially transforms each request for admission into an interrogatory." *Id.* at 445 ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory."). And because requests for admission "may address a wide variety of disparate topics, "[a]n interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set." *Id.* at 446.[15]

As in *Safeco*, AFS's Interrogatory No. 1 should undoubtedly "be viewed as containing a subpart for each [request for admission]," because "the underlying requests for admissions concern different, separate, or discrete matters." *Id.* Numerous courts have followed *Safeco*'s approach by counting an interrogatory that requests the basis for denying multiple requests for admission as multiple interrogatories. *See*, *e.g.*, *Superior Sales West, Inc. v. Gonzalez*, 335 F.R.D. 98, 105 (W.D. Tex. 2020) (agreeing with "the meticulous" *Safeco* decision, court struck

---

[15] The *Safeco* Court stopped just short of applying a rule that every interrogatory of this sort "necessarily contains a separate subpart for each underlying request for admission," giving a hypothetical example of an interrogatory seeking the basis for the denial of three requests for admissions which asked the responding party to admit that a specified meeting occurred on May 25, 26, or 27, as the requests for admission concerned the same subject, that is the date on which a specified meeting took place. 181 F.R.D. at 446. The Court noted that "as a practical matter," it will "almost always be the case" that each underlying request for admission will count as a discrete interrogatory subpart. *Id.*

interrogatory that asked defendant to identify witnesses and documents that supported each denial of plaintiff's request for admission because "to permit Plaintiff to shoehorn its request for an explanation of the evidentiary basis for each of the 158 denials into a single interrogatory would allow Plaintiff to circumvent the twenty-five interrogatory limitation imposed by Rule 33(a)"); *Miller v. Holzman*, 240 F.R.D. 1, 3 (D.D.C. 2006) (same); *Estate of Manship v. United States*, 232 F.R.D. 552, 557 (M.D. La. 2005) (same); *Commodores Entertainment Corp. v. McClary*, No. 6:14-cv-1335, 2015 WL 12843874, *3 (M.D. Fl. Nov. 6, 2015) (same); *Saliga v. Chemtura Corp.*, No. 3:12-cv-832, 2013 WL 6097100, **3-4 (D. Conn. Nov. 20, 2013) (same) (collecting cases); *Telemedia Communs. v. St. Francis Inv. Props., L.P.*, No. 8:07-cv-1112-T-17, 2007 WL 9723859, *1 (M.D. Fl. Oct. 03, 2007) (same); *Stevens v. Federated Mutual Ins. Co.*, No. 5:05-CV-149, 2006 WL 2079503, **5-6 (N.D. W. Va. July 25, 2006) (interrogatory that sought information for each request for admission response that was "anything less than an unqualified admission" counted as "eleven requests for admission involving different subject areas"). Interrogatory No. 1 has 33 discrete subparts, one for each of the 33 requests for admission which Plaintiffs denied or to which Plaintiffs objected. Consequently, AFS exceeded the 25-interrogatory limitation under Fed. R. Civ. P. 33(a)(1).[16]

Furthermore, asking Plaintiffs to comb through the entire inventory of documents produced by all parties and third parties to identify for AFS every instance, communication, document, person, date and payment to support a multitude of negative propositions concocted by AFS in an attempt to prove their case through the use of requests for admission is wholly

---

[16] AFS cites *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 U.S. Dist. LEXIS 98997 (W.D. Wa. Oct. 8, 2009) to support the point that courts should adopt a pragmatic approach when deciding whether an interrogatory combines "several lines of inquiry that should be kept separate." [ECF 212, p. 11.] Plaintiffs could not agree more. Interrogatory No. 1 is properly viewed as encompassing 33 lines of inquiry on 33 disparate topics, and therefore should not be counted as a single interrogatory but instead 33.

inappropriate, unduly burdensome, and even if required, would be premature.  The court in

*Safeco* summarized the positions from various cases and treatises recognizing the

inappropriateness of both AFS's requests for admission and interrogatories:

> Therefore, requests for admissions are not principally discovery devices, *see* 8A Wright, Miller & Marcus, § 2252, at 524-525 ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence . . .." *The Steamship Jules Fribourg,* 19 F.R.D. at 436; *see* 7 Moore's Federal Practice § 36.02[2] (3d ed. 1998) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted). Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory.

*Id.* at 445-446.

The court further elaborated that requiring a party to specify in response to an

interrogatory all facts, documents, and witnesses that support the denial of a statement or

allegation of fact places an unreasonable burden on the responding party and is oppressive.

*Safeco*, 181 F.R.D. at 447-448 (denying defendants' motion to compel responses to

interrogatories based upon requests for admission, holding that defendants' interrogatories were

objectionable as unduly burdensome and oppressive where they required a plaintiff to identify

every fact, document and witness to support any response to defendants' requests for admission

that was other than an unqualified admission; as a result of the impropriety of the interrogatories,

the Court has "no occasion to consider the adequacy of plaintiff's responses").

AFS's brief is silent on Interrogatory No. 1's specific purpose—to convert AFS's 33

requests for admission into discovery tools by asking Plaintiffs to supply information and

documents to support anything other than an unequivocal admission for each request for

admission. AFS instead urges the Court to "apply the 'related question' approach in determining whether an interrogatory's subpart is a discrete subpart." [ECF 212 at 11.] The "related question" approach finds that "subparts that are logically or factually subsumed within, and necessarily related to, the primary question are not treated as separate interrogatories." *Id.* Additionally, "where the first question can be answered fully and completely without answering the second question, the questions are distinct." *Id.* AFS simply concludes that because the subparts of Interrogatory No. 1 "are subsumed within and are necessarily related to the primary question which asks why Plaintiffs did not answer the specific request for admission with anything but an unequivocal admission," Interrogatory No. 1 should be counted as a single interrogatory. AFS does not acknowledge, however, that the "primary question" in Interrogatory No. 1 seeks answers to 33 discrete and separate subjects. *Id.*

The only cases AFS cites [ECF 212, pp. 11-12] to support their "related question" argument, are dissimilar trademark cases that address different types of interrogatories and do not address the incorporation of numerous requests for admission into a single interrogatory. Both decisions appropriately recognize that the context of the case matters when deciding whether an interrogatory should count as a single interrogatory under the "related question" approach. *Straight Arrow Products Inc. v. The Mane Choice Hair Solution LLC*, No. 20-4722, 2021 WL 4583849, at *3 (E.D. Pa. Oct. 06, 2021) ("Simply stated, the context of the case matters, and should be considered when conducting an analysis under the 'related question' approach."); *Engage Healthcare Communs., LLC v. Intellisphere, LLC*, No. 12-cv-00787, 2017 U.S. Dist. LEXIS 83068, at *11 (D.N.J. Feb. 10, 2017) ("[W]hether a subpart of an interrogatory

is sufficiently 'discrete' to be regarded as a separate interrogatory will frequently depend on the particular circumstances of each case") (internal quotes and citation omitted).[17]

Under the circumstances in this case, applying the "related question" approach shows that Interrogatory 1 must be viewed as having discrete subparts for each request for admission. Interrogatory No. 1 asks the responding party to explain the reasons for denying requests for admission that cover a broad range of subject areas. As can be seen from Plaintiffs' responses to Interrogatory 1, Plaintiffs raised different objections and referenced different documents when addressing each individual request for admission. Thus, each request for admission must be viewed as a separate interrogatory because Plaintiffs were able to address one request for admission "fully and completely" without addressing any other request for admission. *Straight Arrow,* at 3 ("Conversely, where the first question can be answered fully and completely without answering the second question, the questions are distinct.").

### C.   AFS's Motion to Compel Plaintiffs to Produce Witnesses for Examination should be denied as the motion lacks specificity, detail, and overall is meritless.

AFS's supporting brief concludes with a cursory argument that Plaintiffs' objections to AFS's proposed 30(b)(6) deposition topics should be overruled and Plaintiffs ordered to designate witnesses as to all of AFS's proposed topics. AFS cites to no deficiencies and no basis

---

[17] The Special Master in *Engage Healthcare* and the court in *Straight Arrow* concluded that in cases involving more than 25 disputed marks it was both fair and pragmatic to allow the propounding party to exceed 25 interrogatories. *Engage Healthcare*, 2017 U.S. Dist. LEXIS 83068, at *19 ("To rule otherwise would preclude either party from issuing even 1 interrogatory for each disputed mark -- an illogical result that would not be consonant with the purpose of Rule 33 on the pragmatic component of the related question approach."); *Straight Arrow*, 2021 WL 4583849, at *6 (same, citing *Engage Healthcare*). Thus, in *Straight Arrow* and *Engage Healthcare*, it was more logical to view the interrogatories—which sought information about categories of products (*Straight Arrow*, 2021 WL 4583849, at *1) and marks (*Engage Healthcare*, 2017 U.S. Dist. LEXIS 83068, at *7)—as a single interrogatory because they dealt with different items that are nonetheless part of a distinct category. The same reasoning does not apply to the instant case.

to support such request and therefore is too perfunctory to warrant consideration by the Court. Additionally, Plaintiffs' objections are valid, and Plaintiffs have agreed to provide testimony on non-privileged matters.

Initially, the Court should reject AFS's Motion to Compel regarding the 30(b)(6) depositions, due to the undeveloped and cursory nature of its argument. A court "need not consider arguments that have not been developed by the party advancing them." *Pennsylvania State Troopers Ass'n v. Pawlowski*, No. 1:09-CV-1748, 2011 WL 5839564, at *1 (M.D. Pa. Nov. 21, 2011); *see also Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) ("Throw-away arguments left undeveloped are also considered waived."); *Rice v. First Energy Corp.*, 339 F. Supp. 3d 523, 533 (W.D. Pa. 2018) ("Plaintiffs' argument is woefully inadequate, and the Court is not required to consider any undeveloped or conclusory arguments.").

Plaintiffs explained their detailed objections to AFS's proposed topics in ten-page and eleven-page letters, which included general objections applicable to multiple topics, as well as a specific response and specific objections to each topic, along with detailed reasons and supporting authorities. [ECF 212-1, pp. 194-213.] Yet in its "briefing" of this issue, AFS does not substantively address any of Plaintiffs' objections, but instead just summarily asserts that its proposed topics "are clearly not privileged." [ECF 212, p. 14.] AFS offers no reasoning in support of its position and fails to even address any of Plaintiffs' objections. As such, the Court should refuse to consider AFS's perfunctory discussion of this issue.

To the extent the Court reaches the merits of the dispute, AFS's Motion to Compel should be denied. Contrary to AFS's argument, Plaintiffs did not agree to provide testimony only on "introductory topics." [ECF 212, p. 14.] Rather, Plaintiffs expressly agreed to provide

testimony on facts known to Plaintiffs. [ECF 212-1, pp. 196-200, 206-11.] Additionally,

Plaintiffs' objections are valid, as discussed below.[18]

      i.    <u>Topics that seek privileged information about Plaintiffs' attorneys' theories, opinions, and mental impressions</u>

Many of AFS's proposed topics implicate, or in some cases explicitly seek, privileged

information about Plaintiffs' attorneys' theories, opinions, and mental impressions. Such

information is protected by the attorney-client privilege, the common-interest doctrine, the work

product doctrine, the deliberative process privilege, and the law enforcement or investigatory

privilege. *See E.E.O.C. v. 84 Lumber Co.*, No. CV-07-387, 2007 WL 9799834, at *1 (W.D. Pa.

Aug. 15, 2007) (quashing deposition regarding "the EEOC's basis for the relief sought" and "any

evidence supporting the Plaintiff's allegations" because "these requests constitute a thinly veiled

attempt to depose opposing counsel and/or delve into the theories, opinions and mental

impressions of the Commission's attorneys"); *F.T.C. v. U.S. Grant Resources, LLC*, No. Civ. A.

04-596, 2004 WL 1444951, at *9 (E.D. La. June 25, 2004) (quashing deposition "intended to

ascertain how the FTC intends to marshal its facts, documents and other evidence and to discern

the deliberations, mental impressions and/or thought processes upon which this action was

predicated"); *E.E.O.C. v. Texas Roadhouse, Inc.*, No. 11-11732, 2014 WL 4471521, at *3 (D.

Mass. Sept. 9, 2014) ("While the request is framed as one for 'factual information' and

'documents,' the witness, in explaining why certain documents 'support' or 'rebut' the

---

[18] Due to AFS's failure to develop its argument or even identify which of Plaintiffs' objections it is disputing or why, it is impossible for Plaintiffs to meaningfully respond. Neither the Court nor Plaintiffs should have to guess as to why AFS disagrees with Plaintiffs' privilege claims and other objections. Nonetheless, to avoid a waiver argument, Plaintiffs briefly summarize their position here. Plaintiffs' position is set forth more fully in their June 15, 2022 letters. [ECF 212-1, pp. 194-202, 204-13.]

allegations, would necessarily be asked to interpret the facts and discuss how the EEOC decided to proceed in preparing the case.").

Specifically, Topics 15 and 17 (FTC) and Topics 17 and 19 (Commonwealth) unabashedly seek privileged information about Plaintiffs' investigative practices and strategic decision-making underlying this litigation, including Plaintiffs' "review of the factual basis . . . for [consumer] complaints [against AFS]" and the "decision" of Plaintiffs "not to take" other enforcement actions "prior to commencing this litigation." [ECF 212-1, pp. 162-63, 17-72.] Plaintiffs' objections to such topics are proper. *See F.T.C. v. Vylah Tec LLC*, No. 217CV228, 2018 WL 7364589, at *6 (M.D. Fla. Nov. 26, 2018) (sustaining objections as to "how Plaintiff conducted legal work and reviewed the evidence" and to "questions seeking information related to Plaintiff's standard practices and procedures"); *E.E.O.C. v. JBS USA, LLC*, No. 8:10CV318, 2012 WL 169981, at *5 (D. Neb. Jan. 19, 2012); *United States v. Stabl Inc.*, No. 8:16-CV-233, 2018 WL 3758204, at *7 (D. Neb. Aug. 8, 2018) (disallowing "inquiries into 'communications . . . and decisions with regard to filing of the Complaint in this matter' and any other of the plaintiffs' internal decision-making process regarding why either plaintiff decided to commence litigation in this case or the underlying case, and any opinions, strategies, mental impressions, or evaluation of their cases regarding the same"); *F.T.C. v. DIRECTV, Inc.*, No. 15- CV-01129, 2016 WL 4154851, at *2 (N.D. Cal. Aug. 5, 2016) ("DIRECTV cannot inquire as to what facts the FTC Commissioners or other individuals considered or evaluated when deciding to initiate this action."); *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 562 (D. Nev. 2013) ("[A]n email conversation regarding . . . whether to file a complaint is deliberative in nature and privileged").

Topics 3-10 and 18 (FTC) and Topics 3-12 (PA) seek testimony regarding "the factual basis for and the facts related to" specified allegations in Plaintiffs' Amended Complaint. [ECF 212-1, pp. 161-63, 170-71.] With respect to such topics, Plaintiffs do not object to these topics

insofar as they seek *facts* known to Plaintiffs, but do object insofar as they seek legal theories, opinions, strategies, and/or mental impressions of Plaintiffs' staff: for example, questions about *why* Plaintiffs consider certain facts to be relevant or *how* Plaintiffs believe certain facts support their claims. [ECF 212-1, pp.194, 204]. Such objections are appropriate because AFS is only entitled to discover facts known to Plaintiffs, not Plaintiffs' theories, opinions, strategies, and mental processes regarding those facts. *See, e.g.*, *84 Lumber Co.*, 2007 WL 9799834, at *1.

Topics 13 and 16 (FTC) and Topics 15 and 18 (Commonwealth) seek testimony about communications, including oral communications between Plaintiffs and third parties. However, oral discussions between Plaintiffs and third parties that were conducted by counsel (or at the direction of counsel), and Plaintiffs' staff's recollections and impressions of such discussions, are privileged. *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 386 (E.D. Pa. 2006) ("There is considerable authority in support of the proposition that an attorney's recollection of witness interviews constitutes opinion work product."); *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 561 (D. Nev. 2013) ("FTC employees' mental impressions of the interviews which were used to determine whether to bring claims and what claims to bring are part of the deliberative process and must be protected."); *Consumer Fin. Prot. Bureau v. All Am. Check Cashing, Inc.*, No. 3:16-CV-356, 2016 WL 11635753, at *5 (S.D. Miss. Nov. 8, 2016) ("Recollections of communications with third parties are inevitably suffused with the Bureau's attorneys' mental impressions, conclusions, opinions, and legal theories."). Thus, Plaintiffs' objections to topics that seek testimony about oral communications are proper.

ii.   <u>Topics that are unnecessarily cumulative of written discovery and/or unreasonably burdensome</u>

Topics 4-10, 12-13, 16, and 18 (FTC) and Topics 4-12, 14-15, and 18 (Commonwealth) seek information about consumer complaints, actions by the BBB, AFS's business practices and

interactions with consumers, the identification of third parties with relevant knowledge, and Plaintiffs' written communications with third parties. [ECF 212-1, pp. 161-63 170-72.] These topics are unnecessarily cumulative of written discovery that AFS has served and to which Plaintiffs have responded by producing or directing AFS to relevant and responsive evidence, including complaints, consumer declarations and communications with declarants, communications with the Better Business Bureau and its declarations, and have listed knowledgeable third persons in their initial and supplemental disclosures. Additionally, these topics are unduly burdensome, because a witness cannot be expected to memorize all of the information contained in the responsive documents that have already been produced. Thus, Plaintiffs' objections to these topics are proper. *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CV09371, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) ("a Rule 30(b)(6) deposition should not be a 'memory contest' of topics better suited to a written response or a supplemental document production. . . . A court should strike notice topics that would result in a witness merely testifying to information readily available through document production.").

Topics 3-10, and 18 (FTC) and Topics 3-12 (Commonwealth) seek testimony regarding "the factual basis for and the facts related to" specified allegations in Plaintiffs' Amended Complaint. [ECF 212-1, pp. 161-63 170-72.] While Plaintiffs have agreed to provide testimony as to facts known to them, it is unduly burdensome, if not impossible, for a witness to testify to every single fact underlying or related to the identified paragraphs of the Complaint.[19]

---

[19] For example, Topics 4 (FTC and Commonwealth) seek testimony regarding "[t]he factual basis for, and the facts related to, [Plaintiffs'] allegations . . . that 'consumers' complain that they received invoices to pay AFS for newsletters and book subscriptions they did not order and/or agree to purchase." [ECF 212-1, pp. 161, 170.] As AFS is well-aware, thousands of consumers have complained about receiving invoices for newsletters and book subscriptions that they did

### iii.   Topics that seek advisory opinions

Topics 1 (FTC and Commonwealth) seek testimony regarding the portions of AFS's "Scripts" that Plaintiffs contend are "unfair or deceptive." As briefed previously, AFS itself has refused to identify any script as being used during the relevant time period. Thus, as structured, the topic seeks what is effectively an advisory opinion, *i.e.*, irrelevant, hypothetical testimony about whether Plaintiffs *would* consider certain scripts to be unfair or deceptive *if* they were in fact used by Defendants. Such questioning is improper. *See Howard v. Rustin*, No. CIVA 06-00200, 2008 WL 1925102, at *5 (W.D. Pa. Apr. 30, 2008) ("While counsel may pose hypothetical questions to a lay witness, said questions must be based on facts of record."). Thus, Plaintiffs' objection is appropriate.

### iv.   Topics that seek information in the possession of third parties

Topics 7 (FTC and Commonwealth) seek testimony about the "factual basis" for the Better Business Bureau's (a private, non-governmental entity, unaffiliated with Plaintiffs) decision to issue alerts regarding AFS. This topic is not relevant, unduly burdensome, not proportional to the needs of the case, and improper because the information sought can be obtained from some other source that is more convenient and less burdensome, namely the Better Business Bureau itself. *See* Fed R. Civ. P. 26(b)(2)(C)(i); *see also Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("Where the notice seeks information which could more easily be obtained from another source, the court may refuse to allow that topic to be the subject of a 30(b)(6) deposition."). Thus, Plaintiffs' objections are proper.

---

not order or agree to purchase. Thus, to comply with the topics as written, a witness would have to memorize the details of every such complaint.

## CONCLUSION

Despite the numerous flaws in AFS's Requests for Admission, Interrogatories, and to produce witnesses for examination, Plaintiffs provided responses that exceeded their obligations under the applicable Rules of Civil Procedure and case law. AFS fails in its Motion to Compel and supporting brief to show otherwise. Indeed, AFS's Motion to Compel and supporting brief are filled with discredited falsehoods and legal analysis that is cursory, perfunctory, and incorrect. Plaintiffs respectfully request that the Court deny in full AFS's Motion to Compel.

Respectfully submitted,

Dated: July 15, 2022

/s/ Amy C. Hocevar
AMY C. HOCEVAR (Ohio Bar #0075510)
CHRISTIAN M. CAPECE (W.V. Bar #10717)
DEREK E. DIAZ (Ohio Bar #0062480)
MARIS K. V. SNELL (Florida Bar #125585)
Federal Trade Commission
1111 Superior Ave., Suite 200
Cleveland, Ohio 44114
Hocevar Phone: (216) 263-3409
Capece: (216) 263-3419
Diaz: (216) 263-3421
Snell: (216) 263-3412
Fax: (216) 263-3426
ahocevar@ftc.gov
ccapece@ftc.gov
ddiaz@ftc.gov
msnell@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

/s/ Sarah A. E. Frasch
SARAH A. E. FRASCH (PA Atty I.D. #203529)
15th Floor, Strawberry Square
Harrisburg, PA 17120
Frasch Phone: 717.497-5123
Fax: 717.705-3795
sfrasch@attorneygeneral.gov

*Attorney for Plaintiff*
*Commonwealth of Pennsylvania*
*Office of Attorney General*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2022, the foregoing **PLAINTIFFS' JOINT RESPONSE TO AFS DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PROVIDE PROPER RESPONSES TO AFS' REQUESTS FOR ADMISSION AND INTERROGATORIES AND COMPEL PLAINTIFFS TO PRODUCE WITNESS(ES) FOR EXAMINATION IN ACCORDANCE WITH FED. R. CIV. P. 30(b)(6)** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

 /s/ Amy C. Hocevar
Attorney for Plaintiff
Federal Trade Commission